**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANZOOR BEVINAL, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   v.<br><br>AVON PRODUCTS, INC., SHERILYN S. McCOY, JAMES S. WILSON and JAMES S. SCULLY,<br><br>                Defendants. | Case No.: 1:19-cv-01420-CM<br><br>Hon. Colleen McMahon |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HOLLY NGO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF COUNSEL</u>**

## **TABLE OF CONTENTS**

**Page**

I. FACTUAL BACKGROUND ................................................................................................ 2

II. PROCEDURAL HISTORY .................................................................................................. 4

III. ARGUMENT ......................................................................................................................... 5

    A. Movant Should Be Appointed as Lead Plaintiff. ............................................................ 5

        1. Movant Filed a Timely Motion. .................................................................................. 6

        2. Movant Has the Largest Financial Interest. ................................................................ 6

        3. Movant Satisfies the Relevant Requirements of Rule 23. ........................................... 7

            a. Movant's Claims Are Typical. ............................................................................... 8

            b. Movant Is an Adequate Representative. ................................................................ 9

    B. The Court Should Approve Lead Plaintiff's Choice of Counsel. ................................... 9

IV. CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001)..................................................................................................... 9

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................ 8, 9

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
  No. 16-CV-03495-AT-BCM, 2016 U.S. Dist. LEXIS 139215 (S.D.N.Y. Oct. 4, 2016) ......... 6

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................................... 8

*Francisco v. Abengoa, S.A.*,
  No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) .................. 10

*Inchen Huang v. Depomed, Inc.*,
  289 F. Supp. 3d 1050 (N.D. Cal. 2017) ................................................................................. 10

*Isaacs v. Musk*,
  No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018) .......... 10

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ................. 8

*Levin v. Res. Capital Corp.*,
  No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016) ................. 10

*Polat v. Regulus Therapeutics, Inc.*,
  No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872
  (S.D. Cal. Oct. 26, 2017) ....................................................................................................... 10

*Pope v. Navient Corp.*,
  No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018)............ 10

*In re Tesla, Inc. Sec. Litig.*,
  No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018)........... 10

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008).................................................................................. 6, 7

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 8

**Statutes**

15 U.S.C. § 78j(b) ................................................................................................................ 1

15 U.S.C. § 78u-4(a)(3)(A)(i) ............................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ....................................................................................... 5, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa) .................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ................................................................................ 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ..................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .............................................................................. 9

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................ 9

**Rules**

17 C.F.R. § 240.10b-5 ........................................................................................................ 1

FED. R. CIV. P. 23 ..................................................................................................... 1, 6, 7, 8

Holly Ngo ("Movant") respectfully submits this memorandum of law in support of her motion ("Motion") to appoint her as lead plaintiff and approve her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a putative class of purchasers of Avon Products, Inc. ("Avon" or the "Company") common stock from August 2, 2016 and August 2, 2017, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Defendants Avon, Sherilyn S. McCoy ("McCoy"), James S. Wilson ("Wilson"), and James S. Scully ("Scully") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that she is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses she suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as her claims are typical of other Class members' claims and she will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this Action.

## I.     FACTUAL BACKGROUND[1]

Avon makes and markets beauty products around the world, with its major operations located in regions including Europe, Middle East & Africa, South Latin America, North Latin America, and Asia Pacific. ¶ 11. Brazil is Avon's largest market and accounts for revenue totaling $1.2 billion. *Id.* The Company's common stock trades on the New York Stock Exchange ("NYSE") under the ticker symbol "AVP". ¶ 6.

Throughout the Class Period, Avon engaged in a scheme to deceive the market and a course of conduct that artificially inflated the price of Avon common stock and operated as a fraud or deceit on Class Period purchasers of Avon common stock. Defendants issued statements that were materially false and misleading because they failed to disclose and misrepresented the following adverse facts which were known to Defendants or recklessly disregarded by them: that (1) Avon was engaged in an undisclosed scheme whereby it significantly loosened its credit terms in order to recruit new representatives in Brazil, its largest market; (2) Avon did not disclose the changes to its specific credit terms in Brazil; (3) Avon failed to increase its allowance for doubtful accounts to account for the changes to its credit terms in Brazil; and (4) as a result of these concealments, Avon stock was trading at artificially inflated prices throughout the class period. ¶ 15.

From August 2, 2016—the beginning of the Class Period—until August 3, 2017, Avon filed quarterly reports with the U.S. Securities and Exchange Commission ("SEC") announcing its financial results on Form 10-Qs. ¶¶ 16-32. Within these 10-Qs, Avon repeatedly touted an increase in revenue from Brazil, citing "strong and consistent recruiting programs and onboarding of new representatives." ¶ 16. On November 3, 2016 Avon announced its third

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

2

quarter 2016 results, filed a Form 10-Q with the SEC, and hosted an earnings call that same day. On the call, Defendants touted Brazil's "strong quarter" and its successful recruitment of new representatives in Brazil. ¶¶ 19-20. In its 10-Q for the third quarter of 2016 Avon disclosed a higher debt expense, primarily in Brazil, but chalked up the increase to the "macroeconomic environment in Brazil" rather than the undisclosed changes Avon had made to its credit terms to recruit new representatives and boost revenue in Brazil. ¶ 21. Following this news, the Company's common stock dropped almost 3%, or $0.17 per share, to close at $6.24 per share on November 3, 2016. ¶ 22. The next day, Avon's common stock fell another 5% to close at $5.94 per share on November 4, 2016. *Id.*

On February 16, 2017, the Company announced its fourth quarter 2016 financial results and held an earnings call. ¶ 23. Avon disclosed a $35 million bad debt charge and a net loss of $0.03 per share, with a 2% decline in active representatives. *Id.* Defendant McCoy then disclosed that the bad debt charge was due to the previously undisclosed changes to credit terms to recruit new representatives in Brazil. ¶ 24. It was further acknowledged that the decision to relax credit terms in Brazil was supposed to be very limited in both time and location, and that going forward Brazil's representative growth would suffer as credit terms tighten. ¶¶ 25-26. On this news, Avon's stock dropped nearly 19%, or $1.09 per share, to close at $4.77 per share o February 17, 2017. ¶ 27. Avon's stock dropped another 3% the next day, February 18, 2017, to close at $4.61 per share. *Id*. Defendants then kept the stock from dropping further by (mis)leading shareholders to believe that the bad debt in Brazil was "fully cleared up" and that they did not anticipate further issues in 2017. ¶ 28.

On May 4, 2017, the Company announced its financial results for the first quarter of 2017 and held an earnings call to discuss the results. ¶ 29. Once again, Avon reported a net loss, this

3

time equal to $0.10 per share, and a 3% decline in active representatives. *Id.* Avon further disclosed that unlike previously represented, Brazil's bad debt problem was in fact not fixed, and a new bad debt charge directly tied to Avon's decision to loosen its credit terms in Brazil was in the first quarter of 2017. *Id.* On this news, Avon's stock plummeted 22% on May 4, 2017, to close at $3.62, a drop of $1.03 per share. ¶ 30.  But once again Defendants made positive forward-looking statements about the supposedly limited impact the remedial actions in Brazil would have on future revenues, keeping the stock artificially inflated. ¶ 31.

The truth fully emerged on August 3, 2017, when Avon issued a press release announcing its financial results for the second quarter of 2017 and held an earnings call to discuss the results. ¶ 32.  The next day, August 4, 2017, Avon's stock dropped an additional 4%, to close at $2.87 per share. *Id.* On the call, Defendant Wilson disclosed that the remedial actions in Brazil were still negatively impacting active representatives and revenue. *Id.* On this news, Avon's common stock dropped 11%, or $0.36 per share to close at $3.00 on August 3, 2017. ¶ 33.  This final closing price was 40% below the closing price of Avon's stock at the beginning of the class period, a year prior, and is nearly 60% below the Class Period's high. *Id.*

## II.     PROCEDURAL HISTORY

Pending before this Court is a class action (the "Action") against the Defendants. Plaintiff Manzoor Bevinal ("Bevinal") commenced the first filed action against Avon on February 14, 2019. On that same day, counsel acting on Bevinal's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the above-captioned Defendants. *See* Exhibit C ("Press Release") to the Declaration of Eduard Korsinsky in Support of Movant's Motion ("Korsinsky Decl.").

### III. ARGUMENT

#### A. Movant Should Be Appointed as Lead Plaintiff.

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of her knowledge, the largest financial interest in this litigation—having lost $10,760 as a result of her transactions

5

and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Korsinsky Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against her that would render her inadequate to represent the Class. Accordingly, Movant respectfully submits that she should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movant Filed a Timely Motion.

On February 14, 2019 pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Bevinal, published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Avon common stock that they had 60 days from the publication of the February 14, 2019 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Korsinsky Decl.; *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495-AT-BCM, 2016 U.S. Dist. LEXIS 139215, at *9 (S.D.N.Y. Oct. 4, 2016) (filing a notice on *Business Wire* satisfied the PSLRA's notice requirement).

Movant timely filed her motion within the 60-day period following publication of the February 14, 2019 Press Release, submitted herewith sworn certifications attesting that she is willing to serve as a representative of the Class and attaching her transactions in Avon common stock. *See* Korsinsky., Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

6

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that she has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant purchased Avon common stock at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. As a result of the alleged fraud against Defendants, Movant suffered an approximate loss of $10,760. *See* Korsinsky, Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that she has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the

determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that she satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

### a. Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions, and fraudulent scheme, concerning Avon's business, operations and financial prospects, violated the federal securities laws. Movant, like all members of the Class, purchased Avon common stock during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflates prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b. Movant Is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. Movant has demonstrated her adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this Action, and Movant's financial losses ensure that she has sufficient incentive to ensure vigorous advocacy. *See* Korsinsky Decl., Ex. B. Finally, Movant is not aware that any conflict exists between her claims and those asserted on behalf of the Class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel.

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on her behalf and will retain the firm as the Class's Lead Counsel in the event she is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Korsinsky Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See See Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub*

9

*nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Inchen Huang v. Depomed, Inc.,* 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel); *Polat v. Regulus Therapeutics, Inc.*, No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872, at *3 (S.D. Cal. Oct. 26, 2017) (same). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

**IV.    CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court grant her Motion and enter an Order: (1) appointing Movant as lead plaintiff, (2) approving her selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: April 15, 2019                              Respectfully Submitted,
                                                   **LEVI & KORSINSKY, LLP**

                                                   By: /s/ *Eduard Korsinsky*
                                                   Eduard Korsinsky (EK-8989)
                                                   55 Broadway, 10th Floor
                                                   New York, NY 10006
                                                   Tel: (212) 363-7500
                                                   Fax: (212) 363-7171
                                                   Email: ek@zlk.com


                                                   *Lead Counsel for Movant and [Proposed]*
                                                   *Lead Counsel for the Class*