UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MANZOOR BEVINAL, individually and on behalf
of all others similarly situated,

                Plaintiff,

     -against-                                              19 Civ. 1420 (CM)

AVON PRODUCTS, INC.,
SHERILYN S. MCCOY, JAMES S. WILSON,
and JAMES S. SCULLY,

                Defendants.

------------------------------------------------------------x

## DECISION AND ORDER APPOINTING LEAD PLAINTIFF AND CLASS COUNSEL

McMahon, C.J.:

      On February 14, 2019, Plaintiff Manzoor Bevinal filed a class action lawsuit on behalf of purchasers of Avon Products, Inc. ("Avon") securities between August 2, 2016 and August 2, 2017. The Complaint alleges violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C.§ 78j(b), and Rule 10b-5 promulgated thereunder. On that same day, counsel acting on Bevinal's behalf published a notice on *Business Wire*—a widely circulated national business-oriented wire service—announcing that it initiated a securities action against Avon and certain corporate officers. (*See* Dkt. No. 14-3.)

      Pending before the Court is movant Holly Ngo's motion to appoint her as lead plaintiff and approve her selection of Levi & Korsinsky, LLC ("Levi & Korsinsky") as lead counsel, pursuant to Section 21D of the Exchange Act, as amended by the Private Securities Litigation Reform Act ("PSLRA"). (Dkt. No. 12.)

      The PSLRA provides that within twenty days of the filing of the complaint, Plaintiff shall "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(a)(3)(A)(i). Any member of the purported class may move to serve as lead plaintiff of the proposed class within 60 days after the date on which notice is published. *Id.* A court shall consider any lead plaintiff motion by a purported class member 90 days after the date on which notice is published. *Id.* § 78u-4(a)(3)(B)(i). In this case, the required notice was published on February 14, 2019, so the last day to file a timely application for appointment as lead plaintiff was April 15, 2019.

1

The PSLRA also establishes a rebuttable presumption that "the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that:" (1) has either filed the complaint or made a motion in response to the publication of notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id.* § 78–u4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or instead is subject to "unique defenses" that render the plaintiff incapable of adequately representing the class. *Id.* § 78–u4(a) (3)(B)(iii)(II). The party chosen as the most adequate plaintiff may then retain counsel to represent the class, subject to court approval. *Id.* § 78–u4(a)(3)(B)(v).

Based upon its review of the PSLRA's criteria for the appointment of lead plaintiff, the Court determines that Ngo is the most adequate plaintiff.

Ngo claims a financial interest of $10,760—an amount far in excess of Bevinal's claimed loss of $389.85. (*Compare* Dkt. No. 1 at 17–18 (Bevinal's certification of losses) *with* Dkt. No. 14 Exs. 1-2 (Ngo's certification of losses).) No other class member has filed a timely application for appointment as lead plaintiff. Nor has Bevinal challenged Ngo's loss calculation. Given Ngo's greater financial interest, NGO is presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff under the PSRLA.

No one, including Bevinal, has submitted evidence (or argument) to rebut that presumption. Having reviewed Ngo's application and all other filings in this case, the Court does not have reason to doubt that Ngo will protect the interests of the class, as she has made the requisite preliminary showing that she satisfies the requirements of Rule 23. *See* Fed. R. Civ. P. 23; *accord City of Monroe Emples.' Ret. Sys. V. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010).

Because Ngo is the most adequate plaintiff, the Court hereby grants her application to serve as lead plaintiff.

The Court also approves Ngo's choice of lead counsel, because Levi & Korsinksy, which has successfully prosecuted numerous securities fraud class actions, is qualified to serve as lead counsel. (*See* Dkt. No. 14-4.)

## CONCLUSION

Ngo's motion is granted. As lead counsel, Levi & Korsinsky shall have the following responsibilities and duties, to be carried out either personally or through counsel whom the firm designates:

a. to coordinate the briefing and argument of any and all motions;

b. to coordinate the conduct of any and all discovery proceedings;

c. to coordinate the examination of any and all witnesses in depositions;

d. to coordinate the selection of counsel to act as spokesperson(s) at all pretrial conferences;

2

e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f. to coordinate all settlement negotiations with counsel for Defendants;

g. to coordinate and direct pretrial discovery proceedings, preparation for trial, and trial of this matter and delegate work responsibilities to selected counsel as may be required;

h. to coordinate the preparation and filings of all pleadings; and

i. to supervise all other matters concerning the prosecution or resolution of the claims asserted in this action.

The Clerk of Court is respectfully directed to close the open motion at Dkt. No. 12.

This constitutes the decision of the court.

Dated: June 5, 2019

_____
Chief Judge

BY ECF TO ALL COUNSEL

3