UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| IN RE AVON SECURITIES LITIGATION | Case No. 19-cv-01420-CM |
| --- | --- |

### DEFENDANTS' ANSWER TO THE
### CORRECTED AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Avon Products, Inc. ("Avon"), Sherilyn S. McCoy, James S. Scully,

James S. Wilson and David Legher (the "Individual Defendants") (collectively, "Defendants"),

upon knowledge and/or upon information and belief, answer Lead Plaintiff Holly Ngo's and

Additionally Named Plaintiff David Klungle's ("Plaintiffs") Corrected Amended Consolidated

Class Action Complaint for Violation of the Federal Securities Laws ("Complaint") as follows.

Unless otherwise stated, Defendants use the defined terms and phrases set forth in the Complaint.

In doing so, however, Defendants do not admit that the definitions set forth in the Complaint are

proper.

## I.   NATURE OF THE ACTION

1.   Defendants deny the averments set forth in paragraph 1 of the Complaint, except

admit that Plaintiffs purport to assert the claims described in paragraph 1.

2.   Defendants deny the averments set forth in paragraph 2 of the Complaint, except

admit that Avon sells beauty and personal care products globally, and further admit that, as part

of its direct-selling model, Avon recruits independent contractors known as "Representatives"

either through its employees or through its Representatives, and further admit that Avon, like

other direct-selling companies, historically has had a high Representative turnover rate.

3.      Defendants deny the averments set forth in paragraph 3 of the Complaint, except admit that, in fiscal years 2016 and 2017, Brazil was Avon's largest market by consolidated revenue, and further state that on February 22, 2017, Avon filed its 2016 Form 10-K, which reported Avon's performance for fiscal year 2016, and refer to that document for its contents.

4.      Defendants deny the averments set forth in paragraph 4 of the Complaint, except admit that Avon has policies and/or processes pertaining to the recruitment and provision of support functions for its Representatives, and further admit that Avon Representatives may be eligible to purchase Avon products through an approved line of credit.

5.      Defendants deny the averments set forth in paragraph 5 of the Complaint, and further state that they are without knowledge of information sufficient to form a belief as to the truth or accuracy of the purported analyst commentary in the fourth sentence of paragraph 5.

6.      Defendants deny the averments set forth in paragraph 6 of the Complaint.

7.      Defendants deny the averments set forth in paragraph 7 of the Complaint, and further state that Avon employees have made certain public statements concerning credit requirements in Brazil, and refer to those statements for their contents, and further state that references in paragraph 7 to Brazil's macroeconomic environment are a matter of public record, and refer to the public records for their contents.

8.      Defendants deny the averments set forth in paragraph 8 of the Complaint, and further state that Avon employees have made certain public statements concerning credit requirements in Brazil, and refer to those statements for their contents.

9.      Defendants deny the averments set forth in paragraph 9 of the Complaint.

(a)    Defendants deny the averments set forth in paragraph 9(a) of the Complaint, and further state that Avon employees have made certain public statements concerning credit requirements in Brazil, and refer to those statements for their contents.

(b)    Defendants deny the averments set forth in paragraph 9(b) of the Complaint, except admit that Avon engages in campaigns to recruit potential Representatives in each fiscal year.

(c)    Defendants deny the averments set forth in paragraph 9(c) of the Complaint.

(i)    Defendants deny the averments set forth in paragraph 9(c)(i) of the Complaint.

(ii)    Defendants deny the averments set forth in paragraph 9(c)(ii) of the Complaint, and further state that they are without knowledge of information sufficient to form a belief of the averments in the second sentence of paragraph 9(c)(ii).

(iii)    Defendants deny the averments set forth in paragraph 9(c)(iii) of the Complaint.

(d)    Defendants deny the averments set forth in paragraph 9(d) of the Complaint, except admit that Avon executives attended periodic leadership meetings, and that reports exist containing Avon's performance figures, and refer to those documents for their contents.

(e)    Defendants deny the averments set forth in paragraph 9(e) of the Complaint.

(f)    Defendants deny the averments set forth in paragraph 9(f) of the Complaint.

(g)     Defendants deny the averments set forth in paragraph 9(g) of the Complaint, except admit that Avon maintains records concerning order shipments, and refer to those records for their contents.

10.     Defendants deny the averments set forth in paragraph 10 of the Complaint.

11.     Defendants deny the averments set forth in paragraph 11 of the Complaint, and further state that to the extent paragraph 11 states a legal conclusion, no response is required.

12.     Defendants deny the averments set forth in paragraph 12 of the Complaint.

13.     Defendants deny the averments set forth in paragraph 13 of the Complaint.

14.     Defendants deny the averments set forth in paragraph 14 of the Complaint.

15.     Defendants deny the averments set forth in paragraph 15 of the Complaint.

16.     Defendants deny the averments set forth in paragraph 16 of the Complaint, and further refer to the public record for the per-share price of Avon's stock on particular dates.

17.     Defendants deny the averments set forth in paragraph 17 of the Complaint, except admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents, and further refer to the public record for the per-share price of Avon's stock on particular dates.

18.     Defendants deny the averments set forth in paragraph 18 of the Complaint, except admit that on May 4, 2017, Avon filed its first-quarter 2017 Form 10-Q, and refer to that document for its contents, and further admit that Avon held an earnings call on May 4, 2017, and refer to the transcript of that earnings call for its contents.

19.     Defendants deny the averments set forth in paragraph 19 of the Complaint, except admit that Avon held an earnings call on August 3, 2017, and refer to the transcript of that earnings call for its contents.

20.    Defendants deny the averments set forth in paragraph 20 of the Complaint, except admit that on November 2, 2017, Avon filed its third-quarter 2017 Form 10-Q, and refer to that document for its contents, and further admit that Avon held an earnings call on November 2, 2017, and refer to the transcript of that earnings call for its contents.

21.    Defendants deny the averments set forth in paragraph 21 of the Complaint, except admit that Avon held an Investor Day presentation on September 21, 2018, and refer to the transcript of that presentation for its contents, and further admit that Avon held an earnings call on August 2, 2018, and refer to the transcript of that earnings call for its contents.

22.    Defendants deny the averments set forth in paragraph 22 of the Complaint, except admit that, based on publicly available information, Barclays published an analyst report by Lauren Lieberman titled "Laying the 'Foundation'" dated August 3, 2018, and refer to that report for its contents, and further admit that Avon held an Investor Day presentation on September 21, 2018, and refer to the transcript of that presentation for its contents.

23.    Defendants deny the averments set forth in paragraph 23 of the Complaint, except admit that on November 2, 2018, Avon filed its third-quarter 2018 Form 10-Q, and refer to that document for its contents, and further admit that Avon held an earnings call on November 2, 2018, and refer to the transcript of that earnings call for its contents, and further admit that Avon held an earnings call on May 2, 2019, and refer to the transcript of that earnings call for its contents.

24.    Defendants deny the averments set forth in paragraph 24 of the Complaint.

## II.    JURISDICTION AND VENUE

25.    Defendants deny the averments set forth in paragraph 25 of the Complaint, except admit that Plaintiffs purport to assert the claims described in paragraph 25, and further admit that

this Court has subject-matter jurisdiction to hear the claims in this action, but deny that Plaintiffs have valid claims under the Securities Exchange Act of 1934 and rules promulgated thereunder.

26.     Defendants deny the averments set forth in paragraph 26 of the Complaint, except admit that venue is proper in this district.

27.     Defendants deny the averments set forth in paragraph 27 of the Complaint, except admit that Defendants have used the means and instrumentalities of interstate commerce in the regular course of their business activities.

## III.    PARTIES

28.     Defendants deny the averments set forth in paragraph 28 of the Complaint, except admit that Lead Plaintiff Holly Ngo and Additionally Named Plaintiff David Klungle submitted to the Court purported certifications through counsel, and refer to those documents for their contents.

29.     Defendants admit the averments set forth in paragraph 29 of the Complaint.

30.     Defendants deny the averments set forth in paragraph 30 of the Complaint, except admit that Ms. McCoy was the Chief Executive Officer of Avon until her successor was appointed on February 5, 2018, after which she served as an advisor until her departure from Avon on March 31, 2018, and further admit that Ms. McCoy was a member of Avon's Board of Directors until February 4, 2018, and further admit that Ms. McCoy's compensation while serving as CEO was reported in publicly available SEC filings, and refer to those documents for their contents, and further admit that, pursuant to the Sarbanes-Oxley Act of 2002, during her time as CEO, Ms. McCoy signed and attested to the accuracy of Avon's SEC filings as required by statute, and further admit that, as CEO, Ms. McCoy participated in Avon's earnings calls.

31.     Defendants deny the averments set forth in paragraph 31 of the Complaint, except admit that Mr. Scully was Executive Vice President and Chief Operating Officer of Avon until

6

October 1, 2017, and further admit that Mr. Scully served as Avon's Chief Financial Officer from March 2015 to January 1, 2017, and further admit that Mr. Scully's compensation while serving as COO and as CFO was reported in publicly available SEC filings, and refer to those documents for their contents, and further admit that pursuant to the Sarbanes-Oxley Act of 2002, during his time as CFO, Mr. Scully signed and attested to the accuracy of Avon's SEC filings as required by statute, and further admit that, as CFO, Mr. Scully participated in Avon's earnings calls.

32.     Defendants deny the averments set forth in paragraph 32 of the Complaint, except admit that Mr. Wilson was Executive Vice President and Chief Financial Officer of Avon from January 2017 through March 31, 2019, and further admit that Mr. Wilson's compensation while serving as CFO was reported in publicly available SEC filings, and refer to those documents for their contents, and further admit that pursuant to the Sarbanes-Oxley Act of 2002, during his time as CFO, Mr. Wilson signed and attested to the accuracy of Avon's SEC filings as required by statute, and further admit that, as CFO, Mr. Wilson participated in Avon's earnings calls.

33.     Defendants deny the averments set forth in paragraph 33 of the Complaint, except admit that Mr. Legher served as President of Avon's South Latin America reporting segment until his departure from Avon on December 31, 2018, and further admit that Mr. Legher was a member of Avon's Global Management Committee

34.     Defendants deny the averments set forth in paragraph 34 of the Complaint, except admit that the Complaint purports to define the individuals in paragraphs 30-33 as the "Individual Defendants."

## IV.    SUBSTANTIVE ALLEGATIONS

### A.    Company Background

35.    Defendants deny the averments set forth in paragraph 35 of the Complaint, except admit that Avon is a corporation incorporated in New York, and further admit that Avon's global headquarters is in London, United Kingdom, and further admit that Avon manufactures and markets products including beauty products, personal care products, cosmetics, fragrances, fashion jewelry, apparel and footwear and housewares, and further state that Avon was founded by David H. McConnell in 1886 as a company that sold personal beauty products, and further admit that Avon has, since its founding, expanded its operations to several international markets, and further admit that, in fiscal years 2016 and 2017, Brazil was Avon's largest market by consolidated revenue, and further admit that, as of December 31, 2015, Avon had approximately 28,300 employees.

36.    Defendants deny the averments set forth in paragraph 36 of the Complaint, except admit that Avon sold an 80.1% stake in its North American business to private equity firm Cerberus Capital Management, L.P. for $170 million, and further admit that Avon has invested resources to grow its business in several international markets, and further admit that in January 2016, Avon announced a "Transformation Plan," which included investing in growth, reducing costs in an effort to continue to improve Avon's cost structure and improving Avon's financial resilience.

37.    Defendants deny the averments set forth in paragraph 37 of the Complaint, except admit that most of Avon's consumer packaged goods competitors sell their products through third-party retail establishments, and further admit that Avon primarily sells its consumer packaged good products to independent contractors known as "Representatives," and further admit that Avon products are sold directly to Representatives, who in turn sell those products to

8

the ultimate consumer, and further admit that, as of December 31, 2016, Avon had approximately six million active Representatives.

38.    Defendants admit the averments set forth in paragraph 38 of the Complaint, and further state that on February 22, 2017, Avon filed its 2016 Form 10-K, and refer to that document for its contents.

39.    Defendants deny the averments set forth in paragraph 39 of the Complaint, and further state that Avon reports on the performance of its reporting segments in its publicly available SEC filings, and refer to those documents for their contents.

(a)    Defendants deny the averments set forth in paragraph 39(a) of the Complaint, except admit that Avon's SOLA reporting segment includes operations in Brazil and Argentina, among other markets, and further admit that Avon's NOLA reporting segment includes operations in Mexico, among other markets, and further state that Avon reports on the performance of its reporting segments in its publicly available SEC filings, and refer to those documents for their contents, and further admit that, based on publicly available information, *Forbes* published an article titled "A Closer Look At Avon's Operations, And What's In It for Natura" dated May 24, 2019, and refer to that article for its contents.

(b)    Defendants deny the averments set forth in paragraph 39(b) of the Complaint, except admit that Avon's EMEA reporting segment in fiscal years 2016 and 2017 was Avon's second-largest market by total consolidated revenue, and further state that Avon reports on the performance of its reporting segments in its publicly available SEC filings, and refer to those documents for their contents, and further admit that, based on publicly available information, *Forbes* published an article titled "A Closer Look At Avon's Operations, And What's In It for Natura" dated May 24, 2019, and refer to that article for its contents.

9

(c)     Defendants deny the averments set forth in paragraph 39(c) of the Complaint, and further state that Avon reports on the performance of its reporting segments in its publicly available SEC filings, and refers to those documents for their contents, and further admit that, based on publicly available information, *Forbes* published an article titled "A Closer Look At Avon's Operations, And What's In It for Natura" dated May 24, 2019, and refer to that article for its contents.

40.     Defendants deny the averments set forth in paragraph 40 of the Complaint, except admit that in fiscal years 2016 and 2017, Brazil was Avon's largest market by consolidated revenue, and further state that Avon reports on the performance of its reporting segments in its publicly available SEC filings, and refer to those documents for their contents.

41.     Defendants deny the averments set forth in paragraph 41 of the Complaint, except admit that an Avon held an Investor Day presentation on January 21, 2016, and refer to that presentation for its contents.

42.     Defendants admit the averments set forth in paragraph 42 of the Complaint.

(a)     Defendants admit the averments set forth in paragraph 42(a) of the Complaint, and further state that Avon has described certain proprietary terminology in its publicly available SEC filings, and refer to those documents for their contents, and further admit that Avon held an Investor Day presentation on January 21, 2016, and refer to the transcript of that presentation for its contents.

(b)     Defendants admit the averments set forth in paragraph 42(b) of the Complaint, and further state that Avon has described certain proprietary terminology in its publicly available SEC filings, and refer to those documents for their contents.

(c)    Defendants admit the averments set forth in paragraph 42(c) of the Complaint, and further state that Avon has described certain proprietary terminology in its publicly available SEC filings, and refer to those documents for their contents

43.    Defendants deny the averments set forth in paragraph 43 of the Complaint, and further state that Avon reports on the performance of its reporting segments in its publicly available SEC filings, and refer to those documents for their contents.

44.    Defendants deny the averments set forth in paragraph 44 of the Complaint, except admit that on March 30, 2017, Avon filed a proxy statement, and refer to that document for its contents.

### B.    Avon's Recruitment of Representatives

45.    Defendants admit the averments set forth in paragraph 45 of the Complaint, except deny the final sentence of paragraph 45.

46.    Defendants admit the averments set forth in paragraph 46 of the Complaint, and further state that on February 23, 2016, Avon filed its 2015 Form 10-K, and refer to that document for its contents.

47.    Defendants deny the averments set forth in paragraph 47 of the Complaint, except admit that Avon Representatives may be eligible to purchase Avon products through an approved line of credit.

### C.    Avon Promoted the Training and Support Provided to its Representatives

48.    Defendants deny the averments set forth in paragraph 48 of the Complaint, except admit that Avon has policies pertaining to the recruitment and provision of support functions for its Representatives, and further admit that Avon held an earnings call on October 31, 2013, and refer to the transcript of that earnings call for its contents.

49.    Defendants admit the averments set forth in paragraph 49 of the Complaint, and further state that on February 22, 2017, Avon filed its 2016 Form 10-K, and refer to that document for its contents.

50.    Defendants deny the averments set forth in paragraph 50 of the Complaint.

51.    Defendants deny the averments set forth in paragraph 51 of the Complaint.

52.    Defendants deny the averments set forth in paragraph 52 of the Complaint, except admit that Avon, like other direct-selling companies, historically has had a high Representative turnover rate, and further admit that on February 23, 2016, Avon filed its 2015 Form 10-K, and refer to that document for its contents.

**D.    Sales of Avon Product by its Representatives**

53.    Defendants deny the averments set forth in paragraph 53 of the Complaint, except admit that on February 23, 2016, Avon filed its 2015 Form 10-K, and refer to that document for its contents.

54.    Defendants deny the averments set forth in paragraph 54 of the Complaint, except admit that a known bad debt charge may adversely impact reportable earnings by a particular Representative.

55.    Defendants deny the averments set forth in paragraph 55 of the Complaint, except admit that Avon discloses certain accounting policies in its publicly available SEC filings, and refer to those documents for their contents, and further admit that Avon reports on the performance of its reporting segments in its publicly available SEC filings, and refer to those documents for their contents.

56.    Defendants deny the averments set forth in paragraph 56 of the Complaint, except admit that Avon discloses certain accounting policies in its publicly available SEC filings, and refer to those documents for their contents, and further admit that Avon reports on the

12

performance of its reporting segments in its publicly available SEC filings, and refer to those documents for their contents.

### E.      Confidential Witnesses

57.      Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 57 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

### 1.      Defendants lowered the credit standards for new Representatives in Brazil.

58.      Defendants deny the averments set forth in paragraph 58 of the Complaint, and further state Avon employees have made certain public statements concerning credit requirements in Brazil, and refer to those statements for their contents.

59.      Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 59 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

60.      Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 60 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants, except admit that Mr. Legher reported directly to Ms. McCoy for a period of time at Avon, and further admit that Mr. Legher later reported directly to Mr. Higson for a period of time at Avon.

61.      Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 61 of the Complaint as they

13

purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants, and further state that Mr. Ribeiro served as Group Vice President, Field and Representative Experience for Avon Brazil, and further admit that Mr. Ribeiro reported to Mr. Legher.

62.     Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 62 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

63.     Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 63 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants, except admit that Mr. Ribeiro reported to Mr. Legher.

64.     Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 64 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

65.     Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 65 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

66.     Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 66 of the Complaint as they

14

purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

67.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 67 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

68.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 68 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

69.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 69 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants, except admit that Mr. Teixiera served as Executive Director, Sales for Avon Brazil, and further admit that Mr. Teixeira reported to Mr. Ribeiro, who in turn reported to Mr. Legher.

70.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 70 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

71.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 71 of the Complaint as they

purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

72.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 72 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

73.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 73 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

74.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 74 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants, and further state that Mr. Ribeiro was Group Vice President, Field and Representative Experience for Avon Brazil, and further admit that Mr. Ribeiro reported to Mr. Legher.

75.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 75 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

76.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 76 of the Complaint as they

16

purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

77.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 77 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

78.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 78 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

79.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 79 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

80.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 80 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

81.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 81 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

          **2.**        **Predictably, a large percentage of the newly recruited sales Representatives with weaker credit could not pay for the Avon product sent to them, and thus, became delinquent.**

82.      Defendants deny the averments set forth in paragraph 82 of the Complaint.

83.      Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 83 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

84.      Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 84 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

85.      Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 85 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

86.      Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 86 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

87.      Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 87 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

88.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 88 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

89.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 89 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

90.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 90 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

91.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 91 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

92.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 92 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

### 3.    Defendants encouraged delinquent Representatives to order additional product with promises of discounts and reactivation.

93.    Defendants deny the averments set forth in paragraph 93 of the Complaint.

19

94. Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 94 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

95. Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 95 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

96. Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 96 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

97. Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 97 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

98. Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 98 of the Complaint, except deny those averments to the extent they purport to allege misconduct by Defendants.

**4. Defendants artificially inflated Avon's revenues in Brazil by sending Representatives product that had not been ordered.**

99. Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 99 of the Complaint as they

20

purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

100.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 100 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

101.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 101 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

102.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 102 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

103.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 103 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

104.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 104 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

105.    Defendants deny the averments set forth in paragraph 105 of the Complaint, except admit that Avon's internal order management system utilizes certain coding categories, and refer to that system for its contents.

### 5.    Defendants received reports and participated in meetings throughout the Class Period in which the increased Representative delinquencies and increasing bad debt were discussed.

106.    Defendants deny the averments set forth in paragraph 106 of the Complaint.

107.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 107 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

108.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 108 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

109.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 109 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

110.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 110 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

111.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 111 of the Complaint as they

22

purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

112.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 112 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

113.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 113 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

114.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 114 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

115.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 115 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

**6.    Defendants' scheme temporarily inflated the active representative base in Brazil, but when the credit criteria was tightened in 2017, Active Representative levels in Brazil came crashing down.**

116.    Defendants deny the averments set forth in paragraph 116 of the Complaint.

117.    Defendants deny the averments set forth in paragraph 117 of the Complaint.

118.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 118 of the Complaint as they

23

purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

### 7.    Defendants overstated the number of Representatives in Brazil.

119.    Defendants deny the averments set forth in paragraph 119 of the Complaint.

120.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 120 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

121.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 121 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

### 8.    Sales Representative training in Brazil was nonexistent throughout the Class Period.

122.    Defendants deny the averments set forth in paragraph 122 of the Complaint.

123.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 123 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

124.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 124 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

125.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 125 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

126.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 126 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants.

127.    Defendants deny the averments set forth in paragraph 127 of the Complaint, except admit that Avon held an Investor Day presentation on September 21, 2018, and refer to the transcript of that presentation for its contents, and further admit that Avon held an earnings call on August 2, 2018, and refer to the transcript of that earnings call for its contents.

128.    Defendants deny the averments set forth in paragraph 128 of the Complaint, except admit that, based on publicly available information, Barclays published an analyst report by Lauren Lieberman titled "Laying the 'Foundation'" dated August 3, 2018, and refer to that report for its contents, and further admit that Avon held an Investor Day presentation on September 21, 2018, and refer to the transcript of that presentation for its contents, and further admit that on November 1, 2018, Avon filed its third-quarter 2018 Form 10-Q, and refer to that document for its contents.

## V.    DEFENDANTS' SCHEME AND FRAUDULENT COURSE OF CONDUCT

129.    Defendants deny the averments set forth in paragraph 129 of the Complaint.

## VI.    DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS DURING THE CLASS PERIOD

130.    Defendants deny the averments set forth in paragraph 130 of the Complaint.

25

A.      **Annual Investor Conference – January 21, 2016**

131.    Defendants deny the averments set forth in paragraph 131 of the Complaint, except admit that Plaintiffs purport to begin the alleged Class Period on January 21, 2016, and further admit that Avon held an Investor Day presentation on January 21, 2016, and refer to the slideshow and the transcript of that presentation for their contents.

132.    Defendants deny the averments set forth in paragraph 132 of the Complaint, except admit that Avon held an Investor Day presentation on January 21, 2016, and refer to the transcript of that presentation for its contents.

133.    Defendants deny the averments set forth in paragraph 133 of the Complaint, except admit that Avon held an Investor Day presentation on January 21, 2016, and refer to the transcript of that presentation for its contents.

134.    Defendants deny the averments set forth in paragraph 134 of the Complaint, except admit that Avon held an Investor Day presentation on January 21, 2016, and refer to the transcript of that presentation for its contents.

135.    Defendants deny the averments set forth in paragraph 135 of the Complaint, except admit that Avon held an Investor Day presentation on January 21, 2016, and refer to the transcript of that presentation for its contents.

136.    Defendants deny the averments set forth in paragraph 136 of the Complaint, except admit that Avon held an Investor Day presentation on January 21, 2016, and refer to the transcript of that presentation for its contents.

137.    Defendants deny the averments set forth in paragraph 137 of the Complaint, except admit that Avon held an Investor Day presentation on January 21, 2016, and refer to that slideshow for its contents.

138.    Defendants deny the averments set forth in paragraphs 138 and 138(a)-(c) of the Complaint.

139.    Defendants deny the averments set forth in paragraph 139 of the Complaint, except admit that, based on publicly available information, Wells Fargo Securities published an analyst report by Chris Ferrara titled "AVP Analyst Day Offers Only Limited Detail" dated January 22, 2016, and refer to that report for its contents.

### B.    Fourth Quarter Fiscal 2015 Results – February 11, 2016

140.    Defendants deny the averments set forth in paragraph 140 of the Complaint, except admit that Avon held an earnings call on February 11, 2016, and refer to the transcript of that earnings call for its contents.

141.    Defendants deny the averments set forth in paragraph 141 of the Complaint, except admit that Avon held an earnings call on February 11, 2016, and refer to the transcript of that earnings call for its contents.

142.    Defendants deny the averments set forth in paragraph 142 of the Complaint, except admit that Avon held an earnings call on February 11, 2016, and refer to the transcript of that earnings call for its contents.

143.    Defendants deny the averments set forth in paragraph 143 of the Complaint, except admit that, based on publicly available information, Piper Jaffray published an analyst report by Stephanie Wissink titled "Post Call Wrap-Up:  Focus on LT View" dated February 11, 2016, and refer to that report for its contents.

### C.    Form 10-K – February 23, 2016

144.    Defendants deny the averments set forth in paragraph 144 of the Complaint, except admit that on February 23, 2016, Avon filed its 2015 Form 10-K, and refer to that document for its contents.

145.    Defendants deny the averments set forth in paragraph 145 and 145(a)-(c) of the Complaint.

146.    Defendants deny the averments set forth in paragraphs 146 and 146(a)-(e) of the Complaint.

147.    Defendants deny the averments set forth in paragraph 147 of the Complaint.

**D.      First Quarter Fiscal 2016 Results – May 5, 2016**

148.    Defendants deny the averments set forth in paragraph 148 of the Complaint, except admit that Avon held an earnings call on May 5, 2016, and refer to the transcript of that earnings call for its contents.

149.    Defendants deny the averments set forth in paragraph 149 of the Complaint, except admit that Avon held an earnings call on May 5, 2016, and refer to the transcript of that earnings call for its contents.

150.    Defendants deny the averments set forth in paragraph 150 of the Complaint, except admit that Avon held an earnings call on May 5, 2016, and refer to the transcript of that earnings call for its contents.

151.    Defendants deny the averments set forth in paragraph 151 of the Complaint, except admit that on May 5, 2016, Avon filed its first-quarter 2016 Form 10-Q, and refer to that document for its contents.

152.    Defendants deny the averments set forth in paragraphs 152 and 152(a)-(c) of the Complaint.

**E.      Second Quarter Fiscal 2016 Results – August 2, 2016**

153.    Defendants deny the averments set forth in paragraph 153 of the Complaint, except admit that Avon held an earnings call on August 2, 2016, and refer to the transcript of that earnings call for its contents.

154.    Defendants deny the averments set forth in paragraph 154 of the Complaint, except admit that Avon held an earnings call on August 2, 2016, and refer to the transcript of that earnings call for its contents.

155.    Defendants deny the averments set forth in paragraph 155 of the Complaint, except admit that Avon held an earnings call on August 2, 2016, and refer to the transcript of that earnings call for its contents.

156.    Defendants deny the averments set forth in paragraph 156 of the Complaint, except admit that Avon held an earnings call on August 2, 2016, and refer to the transcript of that earnings call for its contents.

157.    Defendants deny the averments set forth in paragraph 157 of the Complaint, except admit that Avon held an earnings call on August 2, 2016, and refer to the transcript of that earnings call for its contents.

158.    Defendants deny the averments set forth in paragraph 158 of the Complaint, except admit that on August 2, 2016, Avon filed its second-quarter 2016 Form 10-Q, and refer to that document for its contents.

159.    Defendants deny the averments set forth in paragraph 159 of the Complaint, and further refer to the public record for the per-share price of Avon's stock on particular dates.

160.    Defendants deny the averments set forth in paragraphs 160 and 160(a)-(c) of the Complaint.

161.    Defendants deny the averments set forth in paragraph 161 of the Complaint, except admit that, based on publicly available information, Piper Jaffray published an analyst report by Stephanie Wissink titled "Initial take:  Q2 Modestly Ahead of Estimates; Profitability Improvements Underway" dated August 2, 2016, and refer to that report for its contents.

29

162.    Defendants deny the averments set forth in paragraph 162 of the Complaint, except admit that, based on publicly available information, Jefferies published an analyst report by Trevor Young titled "Avon Products (AVP) Post 2Q16 Model Update" dated August 3, 2016, and refer to that report for its contents.

F.    **Barclays Global Consumer Staples Conference – September 6, 2016**

163.    Defendants deny the averments set forth in paragraph 163 of the Complaint, except admit that, based on publicly available information, the Barclays Global Consumer Staples Conference was held on September 6, 2016, and refer to the transcript of that conference for its contents.

164.    Defendants deny the averments set forth in paragraphs 164 and 164(a)-(b) of the Complaint.

G.    **Third Quarter Fiscal 2016 Results – November 3, 2016**

165.    Defendants deny the averments set forth in paragraph 165 of the Complaint, except admit that Avon held an earnings call on November 3, 2016, and refer to the transcript of that earnings call for its contents.

166.    Defendants deny the averments set forth in paragraph 166 of the Complaint, except admit that Avon held an earnings call on November 3, 2016, and refer to the transcript of that earnings call for its contents.

167.    Defendants deny the averments set forth in paragraph 167 of the Complaint, except admit that Avon held an earnings call on November 3, 2016, and refer to the transcript of that earnings call for its contents.

168.    Defendants deny the averments set forth in paragraph 168 of the Complaint, except admit that Avon held an earnings call on November 3, 2016, and refer to the transcript of that earnings call for its contents.

169.    Defendants deny the averments set forth in paragraph 169 of the Complaint, except admit that Avon held an earnings call on November 3, 2016, and refer to the transcript of that earnings call for its contents.

170.    Defendants deny the averments set forth in paragraph 170 of the Complaint, except admit that on November 3, 2016, Avon filed its third-quarter 2016 Form 10-Q, and refer to that document for its contents.

171.    Defendants deny the averments set forth in paragraph 171 of the Complaint, except admit that on November 3, 2016, Avon filed its third-quarter 2016 Form 10-Q, and refer to that document for its contents.

172.    Defendants deny the averments set forth in paragraph 172 of the Complaint, and further refer to the public record for the per-share price of Avon stock on particular dates.

173.    Defendants deny the averments set forth in paragraphs 173 and 173(a)-(c) of the Complaint.

174.    Defendants deny the averments set forth in paragraph 174 of the Complaint, except admit that, based on publicly available information, Trefis published a report titled "Avon's Q3 2016 Performance Is Expected To Continue Showing Signs Of Recovery" dated November 2, 2016, and refer to that report for its contents.

175.    Defendants deny the averments set forth in paragraph 175 of the Complaint, except admit that, based on publicly available information, Deutsche Bank published an analyst report by Bill Schmitz titled "Haters gonna hate but players gonna play – maintain Buy" dated November 3, 2016, and refer to that report for its contents.

176.    Defendants deny the averments set forth in paragraph 176 of the Complaint, except admit that, based on publicly available information, RBC Capital Markets published an

analyst report by Nik Modi titled "Avon Products – Making Progress . . . Remain Sector Perform" dated November 4, 2016, and refer to that report for its contents.

**H.    Bank of America Merrill Lynch America Leveraged Finance Conference – November 29, 2016**

177.    Defendants deny the averments set forth in paragraph 177 of the Complaint, except admit that, based on publicly available information, the Bank of America Merrill Lynch America Leveraged Finance Conference was held on November 29, 2016, and refer to the transcript of that conference for its contents.

178.    Defendants deny the averments set forth in paragraphs 178 and 178(a)-(b) of the Complaint.

**I.    ICR Conference - January 10, 2017**

179.    Defendants deny the averments set forth in paragraph 179 of the Complaint, except admit that, based on publicly available information, the ICR Conference was held on January 10, 2017, and refer to the transcript of that conference for its contents.

180.    Defendants deny the averments set forth in paragraph 180 of the Complaint, except admit that, based on publicly available information, the ICR Conference was held on January 10, 2017, and refer to the transcript of that conference for its contents.

181.    Defendants deny the averments of paragraphs 181 and 181(a)-(b) of the Complaint.

**J.    The Truth Begins to Emerge, but Defendants Continue to Mislead Investors**

**1.    Fourth Quarter Fiscal 2016 Results – February 16, 2017 *(First Partial Revelation of the Truth)***

182.    Defendants deny the averments set forth in paragraph 182 of the Complaint, except admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

183.    Defendants deny the averments set forth in paragraph 183 and footnote 22 of the Complaint, except admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

184.    Defendants deny the averments set forth in paragraph 184 of the Complaint, except admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

185.    Defendants deny the averments set forth in paragraph 185 of the Complaint, except admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

186.    Defendants deny the averments set forth in paragraph 186 of the Complaint, except admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

187.    Defendants deny the averments set forth in paragraph 187 of the Complaint, except admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

188.    Defendants deny the averments set forth in paragraph 188 of the Complaint, except admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

189.    Defendants deny the averments set forth in paragraph 189 of the Complaint, except admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

190.    Defendants deny the averments set forth in paragraph 190 of the Complaint, except admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

191.    Defendants deny the averments set forth in paragraph 191 of the Complaint, and further refer to the public record for the per-share price of Avon stock on particular dates.

192.    Defendants deny the averments set forth in paragraphs 192 and 192(a)-(b) of the Complaint, except admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

193.    Defendants deny the averments set forth in paragraph 193 of the Complaint, except admit that, based on publicly available information, Deutsche Bank published an analyst report by Bill Schmitz titled "Asleep at the wheel" dated February 16, 2017, and refer to that report for its contents.

194.    Defendants deny the averments set forth in paragraph 194 of the Complaint, except admit that, based on publicly available information, Jefferies published an analyst report by Trevor Young titled "Avon Products (AVP) 4Q16 First Take" dated February 16, 2017, and refer to that report for its contents.

195.    Defendants deny the averments set forth in paragraph 195 of the Complaint, except admit that, based on publicly available information, Jefferies published an analyst report by Trevor Young titled "Avon Products (AVP) Post 4Q16 Model Update" dated February 16, 2017, and refer to that report for its contents.

196.    Defendants deny the averments set forth in paragraph 196 of the Complaint, except admit that, based on publicly available information, Piper Jaffray published an analyst

report by Stephanie Wissink titled "Reshaping Margin Improvement Curve; Sales Lag Will Test Savings Benefits; Neutral" dated February 16, 2017, and refer to that report for its contents.

197.    Defendants deny the averments set forth in paragraph 197 of the Complaint, except admit that, based on publicly available information, Barclays published an analyst report by Lauren Lieberman titled "One Step Forward, Two Steps Back" dated February 17, 2017, and refer to that report for its contents.

198.    Defendants deny the averments set forth in paragraph 198 of the Complaint, except admit that on February 22, 2017, Avon filed its 2016 Form 10-K, and refer to that document for its contents.

### 2.    First Quarter Fiscal 2017 Results – May 4, 2017 *(Second Partial Revelation of the Truth)*

199.    Defendants deny the averments set forth in paragraph 199 of the Complaint, except admit that on May 4, 2017, Avon filed its first-quarter 2017 Form 10-Q, and refer to that document for its contents, and further admit that Avon held an earnings call on May 4, 2017, and refer to the transcript of that earnings call for its contents.

200.    Defendants deny the averments set forth in paragraph 200 of the Complaint, except admit that on May 4, 2017, Avon held an earnings call, and refer to the transcript of that earnings call for its contents.

201.    Defendants deny the averments set forth in paragraph 201 of the Complaint, except admit that Avon held an earnings call on May 4, 2017, and refer to the transcript of that earnings call for its contents.

202.    Defendants deny the averments set forth in paragraph 202 of the Complaint, except admit that Avon held an earnings call on May 4, 2017, and refer to the transcript of that earnings call for its contents.

203.    Defendants deny the averments set forth in paragraph 203 of the Complaint, except admit that Avon held an earnings call on May 4, 2017, and refer to the transcript of that earnings call for its contents.

204.    Defendants deny the averments set forth in paragraph 204 of the Complaint, except admit that Avon held an earnings call on May 4, 2017, and refer to the transcript of that earnings call for its contents.

205.    Defendants deny the averments set forth in paragraph 205 of the Complaint, except admit that Avon held an earnings call on May 4, 2017, and refer to the transcript of that earnings call for its contents.

206.    Defendants deny the averments set forth in paragraph 206 of the Complaint, and further refer to the public record for the per-share price of Avon's stock on particular dates.

207.    Defendants deny the averments set forth in paragraphs 207 and 207(a)-(b) of the Complaint.

208.    Defendants deny the averments set forth in paragraph 208 of the Complaint, except admit that, based on publicly available information, Barington Capital Group, L.P. issued a public release titled "Barington Capital Group Calls On the Avon Products Board To Begin A Search For A New CEO" dated May 4, 2017, and refer to that document for its contents.

209.    Defendants deny the averments set forth in paragraph 209 of the Complaint, except admit that, based on publicly available information, RBC Capital Markets published an analyst report by Nik Modi titled "1Q'17 Preview & Cheat Sheet" dated May 3, 2017, and refer to that report for its contents.

210.    Defendants deny the averments set forth in paragraph 210 of the Complaint, except admit that, based on publicly available information, UBS published an analyst report by

36

Stephen Powers titled "Avon Products – Q1 reaffirms concerns over the sufficiency of AVP's reinvestments" dated May 5, 2017, and refer to that report for its contents.

### 3. Deutsche Bank Global Consumer Conference – June 14, 2017

211. Defendants deny the averments set forth in paragraph 211 of the Complaint, except admit that, based on publicly available information, on June 14, 2017, Deutsche Bank held a Global Consumer Conference, and refer to the transcript of that conference for its contents.

212. Defendants deny the averments set forth in paragraph 212 of the Complaint.

### 4. Second Quarter Fiscal 2017 Results – August 3, 2017 *(Third Partial Revelation of the Truth)*

213. Defendants deny the averments set forth in paragraph 213 of the Complaint, except admit that on August 3, 2017, Avon filed its second-quarter 2017 Form 10-Q, and refer to that document for its contents, and further admit that Avon held an earnings call on August 3, 2017, and refer to the transcript of that earnings call for its contents.

214. Defendants deny the averments set forth in paragraph 214 of the Complaint, except admit that Avon held an earnings call on August 3, 2017, and refer to the transcript of that earnings call for its contents.

215. Defendants deny the averments set forth in paragraph 215 of the Complaint, and further refer to the public record for the per-share price of Avon's stock on particular dates.

216. Defendants deny the averments set forth in paragraphs 216 and 216(a)-(b) of the Complaint.

217. Defendants deny the averments set forth in paragraph 217 of the Complaint, except admit that, based on publicly available information, *The Wall Street Journal* published an

article titled "Avon CEO to Step Down Amid Investor Pressure – Shareholders frustrated with pace of turnaround plan" dated August 3, 2017, and refer to that article for its contents.

218.    Defendants deny the averments set forth in paragraph 218 of the Complaint, except admit that, based on publicly available information, RBC Capital Markets published an analyst report by Nik Modi titled "2Q'17 Preview & Cheat Sheet" dated August 2, 2017, and refer to that report for its contents.

219.    Defendants deny the averments set forth in paragraph 219 of the Complaint, except admit that, based on publicly available information, Trefis published a report titled "Avon Products' Focus On Top Markets And Brands Might Lead To A Stronger Q2 Performance" dated August 2, 2017, and refer to that report for its contents.

220.    Defendants deny the averments set forth in paragraph 220 of the Complaint, except admit that, based on publicly available information, Deutsche Bank published an analyst report by Faiza Alwy titled "Downgrading to Hold" dated August 3, 2017, and refer to that report for its contents.

221.    Defendants deny the averments set out in paragraph 221 of the Complaint, except admit, based on publicly available information, that UBS published an analyst report by Stephen Powers titled "Avon Products – Still Too Many Blemishes to Conceal" dated August 4, 2017, and refer to that report for its contents.

222.    Defendants deny the averments set out in paragraph 222 of the Complaint, except admit, based on publicly available information, that RBC Capital Markets published an analyst report by Nik Modi titled "Avon Products – Challenges continue" dated August 4, 2017, and refer to that report for its contents.

## VII.    THE FULL TRUTH IS REVEALED

223.    Defendants deny the averments set forth in paragraph 223 of the Complaint, except admit that on November 2, 2017, Avon filed its third-quarter 2017 Form 10-Q, and refer to that document for its contents, and further admit that Avon held an earnings call on November 2, 2017, and refer to the transcript of that earnings call for its contents.

224.    Defendants deny the averments set forth in paragraph 224 of the Complaint, except admit that Avon held an earnings call on November 2, 2017, and refer to the transcript of that earnings call for its contents.

225.    Defendants deny the averments set forth in paragraph 225 of the Complaint, except admit that Avon held an earnings call on November 2, 2017, and refer to the transcript of that earnings call for its contents.

226.    Defendants deny the averments set forth in paragraph 226 of the Complaint, and further refer to the public record for the per-share price of Avon's stock on particular dates.

227.    Defendants deny the averments set forth in paragraph 227 of the Complaint, except admit that, based on publicly available information, Jefferies published an analyst report by Stephanie Wissink titled "(AVP) Thesis Unchanged, Structurally Trapped in a Challenging Cost Model" dated November 2, 2017, and refer to that report for its contents.

228.    Defendants deny the averments of paragraph 228 of the Complaint, except admit that, based on publicly available information, Deutsche Bank published an analyst report by Faiza Alwy titled "Another quarter of weak results" dated November 2, 2017, and refer to that report for its contents.

## VIII.    POST-CLASS PERIOD EVENTS

229.    Defendants admit the averments of paragraph 229 of the Complaint, and refer to the press release for its contents.

39

230. Defendants deny the averments set forth in paragraph 230 of the Complaint, except admit that Avon held an earnings call on February 15, 2018, and refer to the transcript of that earnings call for its contents.

231. Defendants deny the averments set forth in paragraph 231 of the Complaint, except admit that Avon held an earnings call on May 3, 2018, and refer to the transcript of that earnings call for its contents.

232. Defendants deny the averments set forth in paragraph 232 of the Complaint, except admit that Avon held an earnings call on August 2, 2018, and refer to the transcript of that earnings call for its contents.

233. Defendants deny the averments set forth in paragraph 233 of the Complaint, except admit that, based on publicly available information, Barclays published an analyst report by Lauren Lieberman titled "Avon Products Laying the 'Foundation'" dated August 3, 2018, and refer to that report for its contents.

234. Defendants deny the averments set forth in paragraph 234 of the Complaint, except admit that Avon held an earnings call on September 21, 2018, and refer to the transcript of that earnings call for its contents.

235. Defendants deny the averments set forth in paragraph 235 of the Complaint, except admit that Avon held an earnings call on September 21, 2018, and refer to the transcript of that earnings call for its contents.

236. Defendants deny the averments set forth in paragraph 236 of the Complaint, except admit that Avon held an earnings call on November 1, 2018, and refer to the transcript of that earnings call for its contents.

237.    Defendants deny the averments set forth in paragraph 237 of the Complaint, except admit that Avon held an earnings call on November 1, 2018, and refer to the transcript of that earnings call for its contents.

238.    Defendants deny the averments set forth in paragraph 238 of the Complaint, except admit, based on publicly available information, that Jefferies published an analyst report by Stephanie Wissink titled "Avon Products (AVP) Model Update:  Pushing Recovery As Brazil Lags; Cost Cuts Fund Needed Invest" dated November 1, 2018, and refer to that document for its contents.

239.    Defendants deny the averments set forth in paragraph 239 of the Complaint, except admit that Avon held an earnings call on February 14, 2019, and refer to the transcript of that earnings call for its contents.

240.    Defendants admit the averments set forth in paragraph 240 of the Complaint, and further state that Avon held an earnings call on February 14, 2019, and refer to the transcript of that earnings call for its contents.

241.    Defendants deny the averments set forth in paragraph 241 of the Complaint, except admit that on May 2, 2019, Avon filed its first-quarter 2019 Form 10-Q, and refer to that document for its contents, and further admit that Avon held an earnings call on May 2, 2019, and refer to the transcript of that earnings call for its contents.

## IX.    DEFENDANTS' VIOLATIONS OF GAAP

### A.    Avon's Bad Debt Expense and Allowance for Doubtful Accounts before the Start of the Class Period

242.    Defendants state that on February 23, 2016, Avon filed its 2015 Form 10-K, and refer to that document for its contents, and further state that based on publicly available

information, the Securities Exchange Commission promulgated Release No. 33-8350, and refer to that document for its contents.

243.   Defendants state that on February 23, 2016, Avon filed its 2015 Form 10-K, and refer to that document for its contents.

244.   Defendants deny the averments set forth in paragraph 244 of the Complaint, and further state that on February 23, 2016, Avon filed its 2015 Form 10-K, and refer to that document for its contents.

245.   Defendants deny the averments set forth in paragraph 245 of the Complaint.

### B.   Avon's Bad Debt During the Class Period

246.   Defendants deny the averments set forth in paragraph 246 of the Complaint.

247.   Defendants deny the averments set forth in paragraph 247 of the Complaint, and further state that on November 4, 2015, Avon filed its third-quarter 2015 Form 10-Q, and refer to that document for its contents, and further state that on February 23, 2016, Avon filed its 2015 Form 10-K, and refer to that document for its contents, and further state that on May 5, 2016, Avon filed its first-quarter 2016 Form 10-Q, and refer to that document for its contents, and further state that on August 2, 2016, Avon filed its second-quarter 2016 Form 10-Q, and refer to that document for its contents, and further state that on November 3, 2016, Avon filed its third-quarter 2016 Form 10-Q, and refer to that document for its contents, and further state that on February 22, 2017, Avon filed its 2016 Form 10-K, and refer to that document for its contents, and further state that on May 4, 2017, Avon filed its first-quarter 2017 Form 10-Q, and refer to that document for its contents, and further state that on August 3, 2017, Avon filed its second-quarter 2017 Form 10-Q, and refer to that document for its contents, and further state that on November 2, 2017, Avon filed its third-quarter 2017 Form 10-Q, and refer to that document for its contents.

248.    Defendants deny the averments set forth in paragraph 248 of the Complaint, and further state that on July 30, 2015, Avon filed its second-quarter 2015 Form 10-Q, and refer to that document for its contents, and further state that on November 4, 2015, Avon filed its third-quarter 2015 Form 10-Q, and refer to that document for its contents, and further state that on February 23, 2016, Avon filed its 2015 Form 10-K, and refer to that document for its contents, and further state that on May 5, 2016, Avon filed its first-quarter 2016 Form 10-Q, and refer to that document for its contents, and further state that on August 2, 2016, Avon filed its second-quarter 2016 Form 10-Q, and refer to that document for its contents, and further state that on November 3, 2016, Avon filed its third-quarter 2016 Form 10-Q, and refer to that document for its contents, and further state that on February 22, 2017, Avon filed its 2016 Form 10-K, and refer to that document for its contents, and further state that on May 4, 2017, Avon filed its first-quarter 2017 Form 10-Q, and refer to that document for its contents, and further state that on August 3, 2017, Avon filed its second-quarter 2017 Form 10-Q, and refer to that document for its contents, and further state that on November 2, 2017, Avon filed its third-quarter 2017 Form 10-Q, and refer to that document for its contents.

249.    Defendants deny the averments set forth in paragraph 249 of the Complaint, except admit that Avon held an earnings call on February 22, 2017, and refer to the transcript of that earnings call for its contents.

250.    Defendants deny the averments set forth in paragraph 250 of the Complaint, except admit that Avon held an earnings call on February 22, 2017, and refer to the transcript of that earnings call for its contents.

251.    Defendants deny the averments set forth in paragraph 251 of the Complaint.

252.    Defendants deny the averments set forth in paragraph 252 of the Complaint, except admit that on May 5, 2016, Avon filed its first-quarter 2016 Form 10-Q, and refer to that document for its contents.

253.    Defendants deny the averments set forth in paragraph 253 of the Complaint, except admit that on May 4, 2017, Avon filed its first-quarter 2017 Form 10-Q, and refer to that document for its contents.

254.    Defendants deny the averments set forth in paragraph 254 of the Complaint.

255.    Defendants deny the averments set forth in paragraph 255 of the Complaint, except admit that Plaintiffs purport to show calculations concerning Avon's financial performance in the table below paragraph 255.

256.    Defendants deny the averments set forth in paragraph 256 of the Complaint, except admit that Plaintiffs purport to show calculations concerning Avon's financial performance in the table below paragraph 255.

257.    Defendants deny the averments set forth in paragraph 257 of the Complaint, except admit that Plaintiffs purport to show calculations concerning Avon's financial performance in the table below paragraph 257.

258.    Defendants deny the averments set forth in paragraph 258 of the Complaint, except admit that, based on publicly available information, the Financial Accounting Standards Board ("FASB") promulgated ASC 250-10-S99, and refer to that provision for its contents.

### C.    Overview of Relevant GAAP Provisions

259.    Defendants deny the averments set forth in paragraph 259 of the Complaint, except admit that, based on publicly available information, the FASB promulgated ASC 310-10-35-7, and refer to that provision for its contents.

260.    Defendants deny the averments set forth in paragraph 260 of the Complaint, except admit that, based on publicly available information, the FASB promulgated ASC 310-10-35-10, and refer to that provision for its contents.

261.    Defendants deny the averments set forth in paragraph 261 of the Complaint.

262.    Defendants deny the averments set forth in paragraph 262 of the Complaint.

### D.    Avon's Improper Revenue Recognition

263.    Defendants deny the averments set forth in paragraph 263 of the Complaint, except admit that, based on publicly available information, the FASB promulgated ASC 310-10-35-11, and refer to that provision for its contents.

264.    Defendants deny the averments set forth in paragraph 264 of the Complaint, except admit that, based on publicly available information, the FASB promulgated ASC 605-10-S99-1, and refer to that provision for its contents.

265.    Defendants deny the averments set forth in paragraph 265 of the Complaint, except admit that, based on publicly available information, the FASB promulgated ASC 605-10-25-4, and refer to that provision for its contents.

266.    Defendants deny the averments set forth in paragraph 266 of the Complaint, except admit that, based on publicly available information, the FASB promulgated ASC 985-605-25-36, and refer to that provision for its contents, and further admit that, based on publicly available information, the FASB promulgated ASC 985-605-25-33, and refer to that provision for its contents, and further admit that on February 23, 2016, Avon filed its 2015 Form 10-K, and refer to that document for its contents.

267.    Defendants deny the averments set forth in paragraph 267 of the Complaint.

268.    Defendants deny the averments set forth in paragraph 268 of the Complaint.

45

## X.    ADDITIONAL EVIDENCE OF SCIENTER

269.    Defendants deny the averments set forth in paragraph 269 of the Complaint.

270.    Defendants deny the averments set forth in paragraph 270 of the Complaint.

271.    Defendants deny the averments set forth in paragraphs 271 and 271(a)-(e) of the Complaint.

### A.    Avon's Brazilian Market Was Extremely Important to the Company's Revenues.

272.    Defendants deny the averments set forth in paragraph 272 of the Complaint, except admit that Avon manufactures and markets products including beauty products, personal care products, cosmetics, fragrances, fashion jewelry, apparel and footwear and housewares, and further admit that Avon has, since its founding, expanded its operations to several international markets, and further admit that, in fiscal years 2016 and 2017, Brazil was Avon's largest market by consolidated revenue.

273.    Defendants deny the averments set forth in paragraph 273 of the Complaint, except admit that Avon sold an 80.1% stake in its North American business to private equity firm Cerberus Capital Management, L.P. for $170 million, and further state that on February 22, 2017, Avon filed its 2016 Form 10-K, which reported Avon's performance for fiscal year 2016, and refer to that document for its contents.

274.    Defendants deny the averments set forth in paragraph 274 of the Complaint, except admit that in fiscal years 2016 and 2017, Brazil was Avon's largest market by consolidated revenue, and further state that on February 22, 2017, Avon filed its 2016 Form 10-K, which reported Avon's performance for fiscal year 2016, and refer to that document for its contents.

275.    Defendants deny the averments set forth in paragraph 275 of the Complaint, except admit that Avon held an Investor Day presentation on January 21, 2016, and refer to the transcript of that presentation for its contents, and further admit that Avon held an earnings call on February 11, 2016, and refer to the transcript of that earnings call for its contents.

276.    Defendants deny the averments set forth in paragraph 276 of the Complaint, except admit that Avon held an earnings call on August 2, 2016, and refer to the transcript of that earnings call for its contents.

277.    Defendants admit the averments set forth in paragraph 277 of the Complaint, and further state that Avon held an earnings call on November 3, 2016, and refer to the transcript of that earnings call for its contents.

278.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments set forth in paragraph 278 of the Complaint as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except deny those averments to the extent they purport to allege misconduct by Defendants, except admit that Ms. McCoy periodically traveled to Brazil while employed by Avon, and that Mr. Legher periodically traveled to the United States and the United Kingdom while employed by Avon.

279.    Defendants deny the averments set forth in paragraph 279 of the Complaint.

280.    Defendants deny the averments set forth in paragraph 280 of the Complaint.

**B.      Statements by Former Avon Employees, Independent Contractors, and Sales Managers Corroborate that Defendants Knew or Were Reckless in Not Knowing about the Burgeoning Bad Debt Problems Caused by the Company's Drastic Reduction in Credit Standards for New Representatives in Brazil.**

281.    Defendants deny the averments set forth in paragraph 281 of the Complaint.

47

(a)     Defendants deny the averments set forth in paragraph 281(a) of the Complaint.

(b)     Defendants deny the averments set forth in paragraph 281(b) of the Complaint.

(c)     Defendants deny the averments set forth in paragraph 281(c) of the Complaint.

(i)     Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments in paragraph 281(c)(i).

(ii)     Defendants deny the averments set forth in paragraph 281(c)(ii) of the Complaint.

(iii)     Defendants deny the averments set forth in paragraph 281(c)(iii) of the Complaint.

(d)     Defendants deny the averments set forth in paragraph 281(d) of the Complaint, except admit that Avon executives periodically attended leadership meetings.

(e)     Defendants deny the averments set forth in paragraph 281(e) of the Complaint.

(f)     Defendants deny the averments set forth in paragraph 281(f) of the Complaint.

(g)     Defendants deny the averments set forth in paragraph 281(g) of the Complaint.

C.    **The Company's Late-in-the Class Period Admission that Increased Bad Debt Was Directly Attributable to "relaxing credit terms" for New Representatives in Brazil During the Class Period Provides Strong Evidence of Scienter.**

282.    Defendants deny the averments set forth in paragraph 282 of the Complaint, except admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

283.    Defendants deny the averments set forth in paragraph 283 of the Complaint, except admit that Avon held an earnings call on May 4, 2017, and refer to the transcript of that earnings call for its contents.

284.    Defendants deny the averments set forth in paragraph 284 of the Complaint, except admit that Avon held an earnings call on August 3, 2017, and refer to the transcript of that earnings call for its contents.

285.    Defendants deny the averments set forth in paragraph 285 of the Complaint, except admit that Avon released its third-quarter 2017 earnings and filed its third-quarter 2017 Form 10-Q on November 2, 2017, and refer to those documents for their contents, and further admit that Avon held an earnings call on November 2, 2017, and refer to the transcript of that earnings call for its contents.

286.    Defendants deny the averments set forth in paragraph 286 of the Complaint, and further state that, to the extent the averments of paragraph 286 state a legal conclusion, no response is necessary.

**D.    The Company's Post-Class Period Admissions Regarding the Total Lack of Training and Minimal Sales Support for its Representatives in Brazil and Other Top Markets Provides Strong Evidence of Scienter.**

287.    Defendants deny the averments set forth in paragraph 287 of the Complaint, except admit that Avon held an earnings call on August 2, 2018, and refer to the transcript of that earnings call for its contents.

288.    Defendants deny the averments set forth in paragraph 288 of the Complaint, except admit that Avon held an Investor Day presentation on September 21, 2018, and refer to the transcript of that presentation for its contents.

289.    Defendants deny the averments set forth in paragraph 289 of the Complaint, except admit that Avon held an earnings call on November 1, 2018, and refer to the transcript of that earnings call for its contents.

290.    Defendants deny the averments set forth in paragraph 290 of the Complaint, except admit that Avon held an earnings call on November 1, 2018, and refer to the transcript of that earnings call for its contents.

291.    Defendants deny the averments set forth in paragraph 291 of the Complaint, and further state that, to the extent the averments of paragraph 291 state a legal conclusion, no response is necessary.

**E.    McCoy's Ouster as CEO Provides Strong Evidence of Scienter.**

292.    Defendants deny the averments set forth in paragraph 292 of the Complaint, except admit that Avon issued a press release on August 3, 2017 announcing Ms. McCoy's planned departure from Avon, and refer to that document for its contents.

293.    Defendants deny the averments set forth in paragraph 293 of the Complaint, except admit that, based on publicly available information, *The Wall Street Journal* published an

article titled, "Avon CEO to Step Down Amid Investor Pressure – Shareholders frustrated with pace of turnaround plan" dated August 3, 2017, and refer to that article for its contents.

294.    Defendants admit the averments set forth in paragraph 294 of the Complaint.

295.    Defendants deny the averments set forth in paragraph 295 of the Complaint.

## XI.    LOSS CAUSATION/ECONOMIC LOSS

296.    Defendants deny the averments set forth in paragraph 296 of the Complaint.

297.    Defendants deny the averments set forth in paragraph 297 of the Complaint.

298.    Defendants deny the averments set forth in paragraph 298 of the Complaint, except admit that Avon released its fourth-quarter 2016 earnings and filed its 2016 Form 10-K on February 16, 2017, and refer to those documents for their contents, and further admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents, and further admit that Avon released its third-quarter 2017 earnings and filed its third-quarter 2017 Form 10-Q on November 2, 2017, and refer to those documents for their contents, and further admit that Avon held an earnings call on November 2, 2017, and refer to the transcript of that earnings call for its contents.

(a)    Defendants deny the averments set forth in paragraph 298(a) of the Complaint.

(i)    Defendants deny the averments set forth in paragraph 298(a)(i) of the Complaint, except admit that Avon released its fourth-quarter 2016 earnings and filed its 2016 Form 10-K on February 16, 2017, and refer to those documents for their contents, and further admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

(ii)    Defendants deny the averments set forth in paragraph 298(a)(ii) of the Complaint, except refer to the public record for the per-share price of Avon's stock on

51

particular dates, and admit that Avon held an earnings call on February 16, 2017, and refer to the transcript of that earnings call for its contents.

(b)     Defendants deny the averments set forth in paragraph 298(b) of the Complaint.

(i)     Defendants deny the averments set forth in paragraph 298(b)(i) of the Complaint, except admit that Avon released its first-quarter 2017 earnings and filed its first-quarter 2017 Form 10-Q on May 4, 2017, and refer to those documents for their contents, and further admit that Avon held an earnings call on May 4, 2017, and refer to the transcript of that earnings call for its contents.

(ii)     Defendants deny the averments set forth in paragraph 298(b)(ii) of the Complaint, except admit that Avon held an earnings call on May 4, 2017, and refer to the transcript of that earnings call for its contents, and further refer to the public record for the per-share price of Avon's stock on particular dates.

(c)     Defendants deny the averments set forth in paragraph 298(c) of the Complaint.

(i)     Defendants deny the averments set forth in paragraph 298(c)(i) of the Complaint, except admit that Avon released its first-quarter 2017 earnings and filed its second-quarter 2017 Form 10-Q on August 3, 2017, and refer to those documents for their contents, and further admit that Avon held an earnings call on August 3, 2017, and refer to the transcript of that earnings call for its contents.

(ii)     Defendants deny the averments set forth in paragraph 298(c)(ii) of the Complaint, except admit that Avon employees made public statements concerning bad debt in Brazil, and refer to those statements for their contents, and further refer to the public record

for the per-share price of Avon's stock on particular dates, and further admit that Avon issued a press release on August 3, 2017 announcing Ms. McCoy's planned departure from Avon, and refer to that document for its contents.

(d)     Defendants deny the averments set forth in paragraph 298(d) of the Complaint.

(i)     Defendants deny the averments set forth in paragraph 298(d)(i) of the Complaint, except admit that Avon released its third-quarter 2017 earnings and filed its third-quarter 2017 Form 10-Q on November 2, 2017, and refer to those documents for their contents, and further state admit that Avon held an earnings call on November 2, 2017, and refer to the transcript of that earnings call for its contents.

(ii)     Defendants deny the averments set forth in paragraph 298(d)(ii) of the Complaint, except refer to the public record for the per-share price of Avon's stock on particular dates.

## XII.   CLASS ACTION ALLEGATIONS

299.   Defendants deny the averments of paragraph 299 of the Complaint, except admit that this action purports to be a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of persons or entities that acquired the securities of Avon on the New York Stock Exchange between January 21, 2016 to November 1, 2017, and that Plaintiffs purport to exclude from the alleged class the persons described in paragraph 299 of the Complaint.

300.   Defendants deny the averments set forth in paragraph 300 of the Complaint, except admit that between January 21, 2016 and November 1, 2017, Avon common stock was listed on the New York Stock Exchange, and further state that Defendants are without knowledge of information sufficient to form a belief as to the truth of the averments of the final two sentences of paragraph 300 of the Complaint.

301.    Defendants deny the averments set forth in paragraph 301 of the Complaint.

(a)    Defendants deny the averments set forth in paragraph 301(a) of the Complaint.

(b)    Defendants deny the averments set forth in paragraph 301(b) of the Complaint.

(c)    Defendants deny the averments set forth in paragraph 301(c) of the Complaint.

(d)    Defendants deny the averments set forth in paragraph 301(d) of the Complaint.

(e)    Defendants deny the averments set forth in paragraph 301(e) of the Complaint.

302.    Defendants deny the averments set forth in paragraph 302 of the Complaint, and further state that, to the extent the averments of paragraph 302 state a legal conclusion, no response is required.

303.    Defendants deny the averments set forth in paragraph 303 of the Complaint, except state that they are without knowledge of information sufficient to form a belief as to the truth of the averments in paragraph 303 concerning Plaintiffs' counsel.

304.    Defendants deny the averments set forth in paragraph 304 of the Complaint.

## XIII.    PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE

305.    Defendants state that the averments of paragraph 305 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the averments set forth in paragraph 305 of the Complaint.

306.    Defendants state that they are without knowledge of information sufficient to form a belief as to the truth of the averments of paragraph 306 of the Complaint concerning

Plaintiffs' forthcoming legal strategy, except state that, to the extent that Plaintiffs are alleging that "the presumption of reliance established by the fraud-on-the-market doctrine" is in fact applicable to their claims, Defendants deny that allegation, and further state that this is a conclusion of law to which no response is required.

(a)     Defendants deny the averments set forth in paragraph 306(a) of the Complaint, and further state that, to the extent paragraph 306(a) states a legal conclusion, no response is required.

(b)     Defendants deny the averments set forth in paragraph 306(b) of the Complaint, and further state that, to the extent paragraph 306(b) states a legal conclusion, no response is required.

(c)     Defendants deny the averments set forth in paragraph 306(c) of the Complaint, and further state that, to the extent paragraph 306(c) states a legal conclusion, no response is required.

(d)     Defendants deny the averments set forth in paragraph 306(d) of the Complaint, and further state that, to the extent paragraph 306(d) states a legal conclusion, no response is required.

(e)     Defendants deny the averments set forth in paragraph 306(e) of the Complaint, except admit that Lead Plaintiff and Additionally Named Plaintiff filed certifications with the Court purporting to have purchased Avon stock during the alleged Class Period.

307.    Defendants deny the averments set forth in paragraph 307 of the Complaint, and further state that, to the extent that paragraph 307 states a legal conclusion, no response is required.

(a)    Defendants deny the averments set forth in paragraph 307(a) of the Complaint, and further state that, to the extent paragraph 307(a) states a legal conclusion, no response is required, except admit that on and between January 21, 2016 and November 1, 2017, Avon's stock was listed and traded on the New York Stock Exchange.

(b)    Defendants deny the averments set forth in paragraph 307(b) of the Complaint, except admit that Avon publicly filed its second-quarter 2018 Form 10-Q on November 2, 2018, and refers to that document for its contents.

(c)    Defendants admit the averments set forth in paragraph 307(c) of the Complaint.

(d)    Defendants deny the averments set forth in paragraph 307(d) of the Complaint, except admit that Avon periodically communicates with the public through established market communication mechanisms, which include, among other channels, press releases, newswire services, the Internet and publicly available SEC filings.

(e)    Defendants deny the averments set forth in paragraph 307(e) of the Complaint, except admit that certain brokerage firms employ securities analysts who have published reports about Avon, which are a matter of public record and refer to those reports for their contents.

(f)    Defendants deny the averments set forth in paragraph 307(f) of the Complaint.

308.    Defendants deny the averments set forth in paragraph 308 of the Complaint, and further state that to the extent paragraph 308 states a legal conclusion, no response is required.

## XIV.    INAPPLICABILITY OF STATUTORY SAFE HARBOR

309.    Defendants deny the averments set forth in paragraph 309 of the Complaint, and further state that to the extent paragraph 309 states a legal conclusion, no response is required.

310.    Defendants deny the averments set forth in paragraph 310 of the Complaint, and further state that to the extent paragraph 310 states a legal conclusion, no response is required.

311.    Defendants deny the averments set forth in paragraph 311 of the Complaint, and further state that to the extent paragraph 311 states a legal conclusion, no response is required.

## XV.    CONTROL PERSON ALLEGATIONS

312.    Defendants deny the averments set forth in paragraph 312 of the Complaint, except admit that, pursuant to the Sarbanes-Oxley Act of 2002, Ms. McCoy, while she served as CEO, signed and attested to the accuracy of Avon's SEC filings as required by statute, and further admit that, pursuant to the Sarbanes-Oxley Act of 2002, Mr. Scully, while he served as CFO, signed and attested to the accuracy of Avon's SEC filings as required by statute, and further admit that, pursuant to the Sarbanes-Oxley Act of 2002, Mr. Wilson, while he served as CFO, signed and attested to the accuracy of Avon's SEC filings as required by statute, and further state that to the extent paragraph 312 states a legal conclusion, no response is required.

313.    Defendants deny the averments set forth in paragraph 313 of the Complaint, and further state that to the extent paragraph 313 states a legal conclusion, no response is required.

314.    Defendants deny the averments set forth in paragraph 314 of the Complaint, except admit that, pursuant to the Sarbanes-Oxley Act of 2002, Ms. McCoy, while she served as CEO, signed and attested to the accuracy of Avon's SEC filings as required by statute, and further admit that, pursuant to the Sarbanes-Oxley Act of 2002, Mr. Scully, while he served as CFO, signed and attested to the accuracy of Avon's SEC filings as required by statute, and further admit that, pursuant to the Sarbanes-Oxley Act of 2002, Mr. Wilson, while he served as CFO, signed and attested to the accuracy of Avon's SEC filings as required by statute, and further state that to the extent paragraph 314 states a legal conclusion, no response is required.

315.    Defendants deny the averments set forth in paragraph 315 of the Complaint, and further state that to the extent paragraph 315 states a legal conclusion, no response is required.

316.    Defendants deny the averments set forth in paragraph 316 of the Complaint, except admit that, pursuant to the Sarbanes-Oxley Act of 2002, Ms. McCoy, while she served as CEO, signed and attested to the accuracy of Avon's SEC filings as required by statute, and further admit that, pursuant to the Sarbanes-Oxley Act of 2002, Mr. Scully, while he served as CFO, signed and attested to the accuracy of Avon's SEC filings as required by statute, and further admit that, pursuant to the Sarbanes-Oxley Act of 2002, Mr. Wilson, while he served as CFO, signed and attested to the accuracy of Avon's SEC filings as required by statute, and further state that to the extent paragraph 316 states a legal conclusion, no response is required.

317.    Defendants deny the averments set forth in paragraph 317 of the Complaint, and further state that to the extent paragraph 317 states a legal conclusion, no response is required.

318.    Defendants deny the averments set forth in paragraph 318 of the Complaint, and further state that to the extent paragraph 318 states a legal conclusion, no response is required.

319.    Defendants deny the averments set forth in paragraph 319 of the Complaint, and further state that to the extent paragraph 319 states a legal conclusion, no response is required.

## XVI.    CAUSES OF ACTION

### COUNT I

### For Violation of §10(b) of the Exchange Act
### and Rule 10b-5 against All Defendants

320.    Defendants deny the averments set forth in paragraph 320 of the Complaint.

321.    Defendants deny the averments set forth in paragraph 321 of the Complaint, and further state that to the extent paragraph 321 states a legal conclusion, no response is required.

322.    Defendants deny the averments set forth in paragraph 322 of the Complaint, and further state that to the extent paragraph 322 states a legal conclusion, no response is required.

323.    Defendants deny the averments set forth in paragraph 323 of the Complaint, and further state that to the extent paragraph 323 states a legal conclusion, no response is required.

324.    Defendants deny the averments set forth in paragraph 324 of the Complaint, and further state that to the extent paragraph 324 states a legal conclusion, no response is required.

325.    Defendants deny the averments set forth in paragraph 325 of the Complaint, and further state that to the extent paragraph 325 states a legal conclusion, no response is required.

326.    Defendants deny the averments set forth in paragraph 326 of the Complaint, and further state that to the extent paragraph 326 states a legal conclusion, no response is required.

327.    Defendants deny the averments set forth in paragraph 327 of the Complaint, and further state that to the extent paragraph 327 states a legal conclusion, no response is required.

### COUNT II

### For Violation of Section 10(b) of the Exchange Act and
### Rule 10b-5(a) and (c) Promulgated Thereunder against All Defendants

328.    Defendants deny the averments set forth in paragraph 328 of the Complaint.

329.    Defendants deny the averments set forth in paragraph 329 of the Complaint, and further state that to the extent paragraph 329 states a legal conclusion, no response is required.

330. Defendants deny the averments set forth in paragraph 330 of the Complaint, and further state that to the extent paragraph 330 states a legal conclusion, no response is required.

331. Defendants deny the averments set forth in paragraph 331 of the Complaint, and further state that to the extent paragraph 331 states a legal conclusion, no response is required.

332. Defendants deny the averments set forth in paragraph 332 of the Complaint, and further state that to the extent paragraph 332 states a legal conclusion, no response is required.

333. Defendants deny the averments set forth in paragraph 333 of the Complaint, and further state that to the extent paragraph 333 states a legal conclusion, no response is required.

334. Defendants deny the averments set forth in paragraph 334 of the Complaint, and further state that to the extent paragraph 334 states a legal conclusion, no response is required.

335. Defendants deny the averments set forth in paragraph 335 of the Complaint, and further state that to the extent paragraph 335 states a legal conclusion, no response is required.

## COUNT III

### For Violation of §20(a) of the Exchange Act
### against Individual Defendants

336. Defendants deny the averments set forth in paragraph 336 of the Complaint.

337. Defendants deny the averments set forth in paragraph 337 of the Complaint, and further state that to the extent paragraph 337 states a legal conclusion, no response is required.

338. Defendants deny the averments set forth in paragraph 338 of the Complaint, and further state that to the extent paragraph 338 states a legal conclusion, no response is required.

339. Defendants deny the averments set forth in paragraph 339 of the Complaint, and further state that to the extent paragraph 339 states a legal conclusion, no response is required.

## GENERAL DENIALS

340.    Except as otherwise expressly admitted in paragraphs 1 through 339, above, Defendants deny each and every allegation contained in paragraphs 1 through 339 of the Complaint, including, without limitations, the introductory matter preceding paragraph 1 of the Complaint, and the footnotes, headings and subheadings, tables and figures contained in the Complaint, and deny liability to Plaintiffs, or that Plaintiffs have suffered any legally cognizable damages for which Defendants are responsible.  Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, allegations contained in the Complaint to which no responsive pleading is required shall be deemed denied.  Defendants expressly reserve the right to amend and/or supplement their answer.

341.    With respect to the unnumbered wherefore clause and the paragraphs following paragraph 339 of the Complaint, Defendants state that those paragraphs are a prayer for relief to which no response is required.  Defendants further state that Plaintiffs are not entitled to relief under the law, and further state that judgment should be entered in all Defendants' favor on all Counts of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses.  Except where expressly noted, each defense is asserted by each of the Defendants.  In asserting these defenses, Defendants do not assume the burden of establishing any fact or proposition where that burden properly is imposed on Plaintiffs.  Defendants expressly reserve the right to supplement, amend or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

First Defense

342.    The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted Securities Exchange Act of 1934, Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4.

Second Defense

343.    Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact.

Third Defense

344.    Defendants are not liable because certain alleged misstatements by them, or any one of them, were forward-looking and satisfied the safe harbor provisions of the federal securities laws and/or the "bespeaks caution" doctrine and/or are nonactionable statements of opinion and/or are nonactionable statements of corporate optimism (e.g., puffery).

Fourth Defense

345.    Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew or should have known of such untruth or omission.

Fifth Defense

346.    Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew or should have known of the risks of investing in Avon stock and were informed of such risks by Defendants.

Sixth Defense

347.    Defendants are not liable because the alleged misrepresentations or omissions by any of the Defendants were made in good faith and in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom each of the Defendants was entitled to rely.

## Seventh Defense

348.    Defendants are not liable because they did not act with scienter (either knowingly or recklessly) with respect to any alleged material misstatement or omission.

## Eighth Defense

349.    Defendants are not liable because they acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the alleged misstatements and/or omissions alleged in the Complaint.

## Ninth Defense

350.    Defendants are not liable because they were under no duty to disclose the alleged underlying conduct.

## Tenth Defense

351.    Defendants are not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were disclosed to the public and known to the market.

## Eleventh Defense

352.    Defendants are not liable because any allegedly false or misleading statement was not material to the investment decisions of Plaintiffs.

## Twelfth Defense

353.    Defendants are not liable because the alleged losses suffered by Plaintiffs were not caused by alleged misrepresentations or omissions, but instead were caused, if at all, by other factors.

## Thirteenth Defense

354.    Defendants are not liable because Plaintiffs did not reasonably rely on any of the statements or omissions alleged in the Complaint in deciding to purchase or hold Avon stock.

### Fourteenth Defense

355.    Plaintiffs cannot recover against the Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and the putative class members will otherwise be unable to establish that they (and other members of the putative class) actually relied upon the purported misstatements and omissions alleged in the Complaint.

### Fifteenth Defense

356.    Plaintiffs cannot recover against Defendants because the losses, if any, sustained by Plaintiffs were not actually or proximately caused by, and resulted from causes other than, the acts and occurrences alleged in the Complaint.

### Sixteenth Defense

357.    Plaintiffs' claims are barred because each Individual Defendant alleged to be a control person under Section 20(a) of the Securities and Exchange Act of 1934 acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

### Seventeenth Defense

358.    Defendants are not liable because Plaintiffs challenge alleged acts, conduct or statements that were specifically permitted by the laws of the United States, the regulations of the Securities and Exchange Commission and Generally Accepted Accounting Principles.

### Eighteenth Defense

359.    Defendants are not liable because Plaintiffs did not suffer damages, or (if they did) failed to mitigate their damages.  To the extent that Plaintiffs have been damaged, if at all, their failure to mitigate their damages bars recovery.

### Nineteenth Defense

360.   Each Defendant is not liable because Plaintiffs' losses, if any, should be reduced, diminished and/or eliminated under the proportionate liability provisions of the Securities Exchange Act of 1934 to reflect only Defendants' percentage of responsibility, if any.

### Twentieth Defense

361.   To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

### Twenty-First Defense

362.   Plaintiffs cannot recover against Defendants, in whole or in part, because Defendants are entitled to proper offsets for any settlements Plaintiffs enter into, or any amounts Plaintiffs otherwise receive from any source, in connection with Plaintiffs' alleged losses.

### Twenty-Second Defense

363.   This action may not properly be maintained as a class action.

### Twenty-Third Defense

364.   Defendants are not liable because Plaintiffs do not have standing.

### Twenty-Fourth Defense

365.   Plaintiffs' claims are barred, in whole or in part, because they have incurred no legally cognizable injury or damages.

### Twenty-Fifth Defense

366.   Defendants are not liable for the conduct of any current or former employees and/or agents to the extent that any or all of these current or former employees acted outside the scope of their authority.

<u>Twenty-Sixth Defense</u>

367.    Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or repose, and/or the doctrines of estoppel, laches and waiver.

<u>Twenty-Seventh Defense</u>

368.    Defendants deny that Plaintiffs are entitled to recovery of attorneys' fees, costs or expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1.    Dismissing the entire action with prejudice;

2.    Granting Defendants their reasonable costs, expenses and attorneys' fees; and

3.    Awarding Defendants such other, further and different relief as the Court deems just and proper.

Dated:   December 16, 2019
         New York, New York

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

by

_/s/Karin A. DeMasi_
Karin A. DeMasi
Andrew D. Huynh

Worldwide Plaza
   825 Eighth Avenue
      New York, NY 10019
         (212) 474-1000
            kdemasi@cravath.com
            ahuynh@cravath.com

*Attorneys for Defendants Avon Products, Inc.,
Sherilyn S. McCoy, James S. Scully,
James S. Wilson and David Legher*

67