UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AVON PRODUCTS, INC.
SECURITIES LITIGATION

Case No. 19-cv-01420-MKV

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO APPROVE THEIR REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM BRAZIL THIRD PARTIES**

Defendants Avon Products, Inc. ("Avon"), Sherilyn McCoy, James S. Wilson, James S. Scully and David Legher (collectively, "Defendants") respectfully request that the Court sign and affix its seal to the Letter of Request attached hereto as Exhibit A and return the same with original signatures and seals to Defendants' counsel for forwarding to the appropriate Judicial Authority of Brazil.

**INTRODUCTION**

Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555 ("Hague Convention"), 28 U.S.C. § 1781, and Federal Rule of Civil Procedure 26(b)(1), Defendants respectfully move the Court for the issuance of a Letter of Request to obtain evidence consisting of documents from the following third parties located in Brazil: Cintia Alves Alleyne, Aline Cabral Lemos, Rodrigo Magalhaes, Carla Marco, Carine Rippe and Bruna Targina (collectively, the "Brazil Third Parties"). These foreign third parties were named as confidential witnesses ("CWs") in the Consolidated Corrected Amended Class Action Complaint (ECF No. 32) ("Complaint") and possess information potentially to be used at trial in support of Defendants' defenses to Plaintiffs' securities fraud claims. Accordingly, Defendants respectfully request that the Court

grant this Motion and issue the Letter of Request on behalf of Defendants for transmittal to the appropriate Judicial Authority of Brazil pursuant to the Hague Convention.

## FACTUAL BACKGROUND

Plaintiffs allege that Defendants made materially misleading public statements in violation of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder.  Plaintiffs assert that Defendants fraudulently misrepresented Avon Brazil's adjustment of credit requirements in recruiting Avon Representatives and any purported resulting risk of bad debt, its accounting for anticipated bad debt expenses, and its lack of formal training programs for its Representatives.  In the Complaint, Plaintiffs relied extensively on the statements of seven purported CWs to support these theories and to survive Defendants' motion to dismiss.  (*See* Complaint ¶¶ 59-126, 278; Order Denying Defs.' Mot. to Dismiss (ECF No. 46) at 37-44 (relying on CWs' statements to find that Plaintiffs adequately pleaded scienter).)

Defendants have been diligently pursuing discovery from the Plaintiffs. Defendants' First Set of Requests for the Production of Documents seeks discovery of the CWs' identities and the bases for their purported allegations in support of Plaintiffs' claims.  To date, Plaintiffs have produced only the CWs' names, and have otherwise asserted the work product protection over any documents or information they may have received from the CWs.  While Defendants maintain that any documents or factual narratives Plaintiffs received from the CWs are not subject to any protection from discovery, Defendants nonetheless further seek document and deposition testimony directly from the CWs.  This information is relevant and proportional to discovering the propriety of Plaintiffs' securities fraud allegations.

Six of the CWs—the Brazil Third Parties—are domiciled in Brazil.  Based on Plaintiffs' representations and Defendants' investigation, the Brazil Third Parties are former

employees of Avon Brazil, including senior sales managers, a zone sales manager and a senior manager in Operational Excellence and Supply Chain.  (*See* Complaint ¶¶ 61, 63, 67, 74, 78, 80.) Because the CWs' identities were unknown until March 2020, their documents were not retained in Avon's ordinary course of business.  Defendants believe, however, that the CWs have relevant evidence in their possession, custody, and control.  Defendants therefore respectfully request that the Court approve and affix its signature to Defendants' Letter of Request, which will be transmitted to the appropriate Judicial Authority for service on the Brazil Third Parties pursuant to the Hague Convention.

## ARGUMENT

United States District Courts "have inherent authority to issue letters of request" under the Hague Convention.  *Villella v. Chem. & Mining Co. of Chile Inc.*, No. 15 CIV. 2106 (ER), 2019 WL 171987, at *2 (S.D.N.Y. Jan. 11, 2019) (citations omitted); *see also* 28 U.S.C. § 1781; Fed R. Civ. P. 28(b).  "The party seeking to obtain discovery through the Convention has the burden of demonstrating that the manner in which they are proceeding is necessary and appropriate.  That burden is not great, however, since the Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention."  *Crouch v. Liberty Pride Corp.*, No. CV 15-974 (JS)(AYS), 2016 WL 4718431, at *2 (E.D.N.Y. Sept. 9, 2016) (citations omitted).

Both the United States and Brazil are parties to and are bound by the Hague Convention, which authorizes the issuance of a letter of request from a judicial tribunal in the United States to the designated authority in Brazil.  *See* Hague Convention, Ch. I, Art. 1 ("In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting

3

State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act."); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 533 (1987).  The CWs who are the subject of this Letter of Request are not parties to this action; therefore, "resort[ing] to the [Hague] Convention is the only means available to obtain the requested discovery from [these witnesses], as [they are] foreign person[s] [who are] not a party to this case, and who [are] not otherwise subject to the jurisdiction of this Court".  *Villella*, 2019 WL 171987, at *3 (citations omitted).

"[T]he responsibility of [federal district courts] is to determine whether the letter of request should be issued given the principles of discovery under Rule 26." *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 122 (S.D.N.Y. 2019).  Accordingly, it is "outside of the purview of [the district court]" whether the discovery sought is "inconsistent with [foreign] precedents governing pre-trial discovery".  *Id.* at 122 (quotation omitted).  "[W]hile the propriety of issuance of the [letter of request] is a matter for this [c]ourt, the decision of whether to execute [it] will be decided by the sovereign court to which [it] is addressed." *Crouch*, 2016 WL 4718431, at *2.

The discovery requests attached to the Letter of Request seek information that was apparently shared with Plaintiffs to substantiate their fraud allegations.  Such information has been alleged in the Complaint to suggest that Defendants concealed known bad debt risks from the investing public.  This information is relevant to this action because the CWs' own statements formed the basis of Plaintiffs' securities fraud allegations; thus, discovery of their knowledge about the business decisions leading to Avon Brazil's bad debt crisis will develop the factual record.  *See, e.g.*, *In re Marsh & McLennan Companies, Inc. Sec. Litig.*, No. 04 CV. 8144 (SWK), 2008 WL 2941215, at *3 (S.D.N.Y. July 30, 2008) ("Because Lead Plaintiffs relied

4

upon the CWs in drafting the SAC, the CWs possess discoverable information."). Indeed, because of the prevalence of purported "confidential witness" allegations in support of securities fraud cases, CW documents and testimony are regularly recognized as relevant discovery in such actions. *See Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Tr. Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 344 (S.D.N.Y. 2011) ("direct[ing] the Plaintiff to produce all documents provided by the C[W]s that are responsive to any other valid document request in this case").

Because the information is believed to be in the Brazil Third Parties' possession in Brazil, Defendants are unable to secure the requested discovery from the Brazil Third Parties through a subpoena pursuant to Federal Rule of Civil Procedure 45. While Defendants continue to pursue other avenues of securing the requested evidence, including through continued negotiations with Plaintiffs, the Plaintiffs have objected to such efforts through assertions of the work product doctrine and other protections against discovery. Defendants are concerned that the only practicable method of obtaining the information is through this Letter of Request to the appropriate Judicial Authority of Brazil. Defendants respectfully urge this Court to exercise its discretion to seek international judicial assistance to obtain documents and other information necessary for Defendants to develop fully the factual record in this action.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this motion, sign and affix its seal to the Letter of Request attached hereto as Exhibit A, and return the same with original signatures and seals to Defendants' counsel for forwarding to the appropriate Judicial Authority of Brazil.

Date:  May 13, 2020

        Respectfully submitted,

        CRAVATH, SWAINE & MOORE LLP,

        by

          */s/ Karin A. DeMasi*
          Karin A. DeMasi
          Andrew D. Huynh

      Worldwide Plaza
        825 Eighth Avenue
         New York, NY 10019
          (212) 474-1000
           kdemasi@cravath.com
           ahuynh@cravath.com

*Attorneys for Defendants Avon Products, Inc., Sherilyn S. McCoy, James S. Wilson, James S. Scully and David Legher*