**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE AVON PRODUCTS, INC.
SECURITIES LITIGATION

Case No. 19-cv-01420-MKV

**LETTER OF REQUEST TO THE COMPETENT AUTHORITY FOR THE
FEDERATIVE REPUBLIC OF BRAZIL FOR INTERNATIONAL JUDICIAL
ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON
THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

This request is made pursuant to Article 3 of the Hague Convention of 18 March

1970 on the Taking of Evidence Abroad in Civil and Commercial Matters (the "Convention"),

23 U.S.T. 2555, T.I.A.S. No. 7444, 847 U.N.T.S. 231.

The United States District Court for the Southern District of New York

presents its compliments to the Ministry of Justice of the Federative Republic of Brazil

("the Authority"), and requests international assistance to obtain evidence from the following

individuals:  Cintia Alves Alleyne, Aline Cabral Lemos, Rodrigo Magalhaes, Carla Marco,

Carine Rippe and Bruna Targina (collectively, the "Brazil Third Parties").  Evidence obtained

through this request will be used in a pending civil action—in which the Brazil Third Parties are

named as confidential witnesses ("CWs")—filed in the Southern District of New York and

captioned *In re Avon Products, Inc. Securities Litigation*, No. 19-cv-01420-MKV (S.D.N.Y.)

(the "Action").

The United States District Court for the Southern District of New York is a

competent court of law and equity and properly has jurisdiction over the Action.  In the proper

exercise of its authority, this Court has determined that a request for documents and

information from the Brazil Third Parties pursuant to the Requests described in Schedule A is

necessary to develop the factual record needed for the complete and just resolution of the issues in this case. This Court therefore requests the assistance described herein in the interests of justice.

Holly Ngo and David Klungle ("Plaintiffs") filed suit against Defendants Avon Products, Inc. ("Avon"), Sherilyn McCoy, James S. Wilson, James S. Scully and David Legher (collectively, "Defendants") in the United States District Court for the Southern District of New York, seeking a judgment that certain of Defendants' public statements concerning Avon's recruitment of Avon Representatives, accounting practices for bad debt expenses, and Avon Representative training efforts were materially false or misleading in violation of U.S. securities law.

Specifically, Plaintiffs allege that Avon and certain of its executives recruited thousands of sales representatives in Brazil by loosening its credit criteria and approving the appointment of Representatives with lower credit marks and higher debt loads, and then Defendants misled investors by reporting that Avon had increased its representative pool in Brazil without disclosing the change in credit requirements and increased risk of bad debt.

Plaintiffs further allege that Defendants' accounting practices also misled investors, as Defendants failed to book or account for these Representatives as anticipated bad debt expenses when they were hired, rather than in the fourth quarter of 2016 when Avon began realizing these expenses.

Plaintiffs also allege that Defendants concealed that Representatives predictably fell into arrears due in part to Avon's lack of training and support systems and to lending policies that permitted delinquent Representatives to order more merchandise.

2

Defendants deny the claims asserted by Plaintiffs and contend that no Defendant engaged in fraudulent conduct.  Defendants have sufficiently demonstrated to this Court that the Brazil Third Parties possess evidence necessary to evaluate Plaintiffs' claims because the CWs were quoted extensively in the Complaint to support Plaintiffs' allegations of securities fraud. Evidence obtained from the Brazil Third Parties will therefore be relevant to disprove Plaintiffs' claims and to support Defendants' defenses.

The undersigned, as a United States District Judge of the United States District Court for the Southern District of New York (located at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St. New York, NY 10007-1312 and with phone number (212) 805-0200), hereby issues this Letter of Request for judicial assistance to the Ministry of Justice of Brazil as follows:

| | | |
|---|---|---|
| 1. | **Sender** | The Honorable Mary Kay Vyskocil<br>United States District Judge<br>United States District Court for the<br>Southern District of New York<br>Daniel Patrick Moynihan United States Courthouse<br>500 Pearl St.<br>New York, NY 10007-1312<br>United States of America |
| 2. | **Central Authority of the Requested State** | Department of Assets Recovery and International Legal Cooperation<br>Ministry of Justice<br>SCN - Quadra 6 - Ed. Venâncio 3.000 - Bloco A - 2o Andar<br>70716-900 Brasília - DF<br>Brazil |
| 3. | **Persons to Whom the Executed Request is to be Returned** | Karin A. DeMasi<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>United States of America |
| 4. | **Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request** | As soon as practicable. |
| 5. a) | **Requesting Judicial Authority** | The Honorable Mary Kay Vyskocil<br>United States District Judge<br>United States District Court for the<br>Southern District of New York<br>Daniel Patrick Moynihan United States Courthouse<br>500 Pearl St.<br>New York, NY 10007-1312 |
| b) | **To the Competent Authority of** | Department of Assets Recovery and International Legal Cooperation<br>Ministry of Justice<br>SCN - Quadra 6 - Ed. Venâncio 3.000 - Bloco A - 2o Andar<br>70716-900 Brasília - DF |

4

| | | |
|---|---|---|
| c) | **Name of the Case and Identifying Number** | *In re Avon Products, Inc. Securities Litigation*, No. 19-cv-01420-MKV (S.D.N.Y.) |
| **6.** | **Names and Addresses of the Parties and Their Representatives** | |

**a) Plaintiffs**

| Holly Ngo | David Klungle |
|---|---|
| Represented by: | Represented by: |
| Eduard Korsinsky | Carol Villegas |
| Gregory Nespole | Christine Fox |
| Sebastian Tornatore | Ross Kamhi |
| Levi & Korsinsky, LLP | Labaton Sucharow LLP |
| 55 Broadway, 10th Floor | 140 Broadway |
| New York, NY 10006 | New York, NY 10005 |

**b) Defendants**

Avon Products, Inc.
Sherilyn S. McCoy
James S. Wilson
James S. Scully
David Legher

Represented by:

Karin A. DeMasi
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475

**c) Nonparty Recipients of this Request**

Cintia Alves Alleyne
Aline Cabral Lemos
Rodrigo Magalhaes
Carla Marco
Carine Rippe
Bruna Targina

Represented by:

Frederico Vasconcelos, Esq.
Fernandes Andrade Advogados
SRTVS Quadra 701, Ed. Centro Empresarial Brasília,
Bloco C
Salas 210/220, Brasília-DF

| 7. | **Nature and Purpose of the Proceedings and Summary of the Facts** | Defendants' description of the nature and purpose of the proceedings and summary of the facts is below. |
|---|---|---|

This legal dispute is an existing civil action that commenced on February 14, 2019. On that date, Plaintiffs filed a complaint in the United States District Court for the Southern District of New York, seeking a judgment that certain public statements made by Defendants were fraudulent and caused a putative class of shareholders economic loss in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq*., and SEC Rule 10b-5 promulgated thereunder. Specifically:

a) Plaintiffs allege that Avon and certain of its executives recruited thousands of sales representatives in Brazil by loosening its credit criteria and approving the appointment of Representatives with lower credit marks and higher debt loads, and then Defendants allegedly misled investors by reporting that Avon had increased its representative pool in Brazil without disclosing the change in credit requirements and increased risk of bad debt;

b) Plaintiffs allege that Defendants' accounting practices also misled investors, as Defendants allegedly failed to book or account for these Representatives as anticipated bad debt expenses when they were hired, rather than in the fourth quarter of 2016 when Avon began realizing these expenses; and

c) Plaintiffs also allege that Defendants concealed that Representatives fell into arrears due in part to Avon's lack of training and support systems and to lending policies that permitted delinquent Representatives to order more merchandise.

Plaintiffs seek damages to compensate for their losses. Defendants dispute all of the asserted claims.

| 8. | a) | **Evidence to be Obtained or Other Judicial Act to be Performed** | The evidence requested herein by the Requesting Court consists of all documents, including communications, from the Brazil Third Parties that concern Avon. Defendants anticipate that this evidence will be used at the trial of this matter. |
|---|---|---|---|

6

|   |   |   |
|---|---|---|
| b) | **Purpose of the Evidence or Other Judicial Act to be Performed** | The purpose of the requested documentary evidence is to obtain evidence in preparation of and for use at trial of this matter.  Given that Plaintiffs quoted and relied upon the Brazil Third Parties extensively in the Complaint, Defendants have determined that the Brazil Third Parties possess evidence relevant to Plaintiffs' claims of securities fraud.  For example, the Brazil Third Parties made reference to internal reports of delinquencies that they received, which is relevant to whether Defendants' accounting policies accurately booked bad debt expenses.<br><br>If any portion of this Request is deemed to be unacceptable under the laws of the Federative Republic of Brazil, please disregard that portion and continue to comply with as much of the Request as is legally permissible. |
| 9. | **Identity and Address of Any Person to be Examined** | N/A |
| 10. | **Questions to be Put to the Person to be Examined or Statement of the Subject-Matter About Which He is to be Examined** | N/A |
| 11. | **Documents or Other Property to be Inspected** | It is requested that, to the full extent allowed under the law, the Brazil Third Parties be required to provide the documents and materials described in Schedule A. |
| 12. | **Any Requirement that Evidence be Given on Oath or Affirmation and Any Special Form to be Used** | N/A |
| 13. | **Special Methods or Procedures to be Followed** | To the extent applicable, this Court requests that information and evidence be provided in accordance with an order to disclose documents pursuant to Article 399 of Brazil's Civil Procedure Code. |

7

| | | |
|---|---|---|
| 14. | **Request for Notification of the Time and Place for the Execution of the Request, and the Identity and Address of Any Person to be Notified** | The Requesting Court respectfully requests that it be informed of the place, date and time for the execution of the Letter of Request.  It is requested that this information be sent directly to the parties' legal representatives, as listed below, with a copy to the Requesting Court. |

Eduard Korsinsky
Gregory Nespole
Sebastian Tornatore
Levi & Korsinsky, LLP
55 Broadway, 10th Floor
New York, NY 10006

Carol Villegas
Christine Fox
Ross Kamhi
Labaton Sucharow LLP
140 Broadway
New York, NY 10005

*Attorneys for Plaintiffs*

Karin A. DeMasi
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475

*Attorney for Defendants*

| | | |
|---|---|---|
| 15. | **Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin (Article 11, b)** | Under the laws of the United States, a witness has a privilege to refuse to provide evidence if the evidence discloses a confidential communication between that witness and an attorney for that witness that was made for the purpose of obtaining legal advice. |

United States law also recognizes a privilege against criminal self-incrimination.

Outside the strict area of privilege, certain limited immunities are available that may place restriction on the giving of evidence, such as the limited protection of documents created as the work product of attorneys during or in anticipation of litigation on behalf of their clients.

8

| 16. | **The Fees and Costs Incurred Which are Reasonable** | The Requesting Court understands that any fees and costs incurred in the execution of this Letter of Request are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Evidence Convention.  These fees and costs, if any, will be reimbursed by Defendants.  Any request for reimbursement shall be sent to Defendants' legal representatives, as listed above. |

Respectfully submitted,

Dated: _____      _____

Hon. Mary Kay Vyskocil
United States District Judge
United State District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

9

## SCHEDULE A

### DEFINITIONS

1.      The term "Action" refers to the lawsuit docketed under the caption *In re Avon Products, Inc. Securities Litigation*, No. 19-cv-01420-MKV (S.D.N.Y.).

2.      The term "Plaintiff" refers to Lead Plaintiff Holly Ngo, Additionally Named Plaintiff David Klungle, as well as any person or entity acting on their behalf.

3.      The term "document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure, Federal Rules of Evidence, and any local rules or individual rules of practice applicable to this Action, and shall encompass, without limitation, whether produced or reproduced on physical material or stored electronically, any written, recorded, filmed, or graphic matter.

4.      The term "communication" refers to the transmittal of information of any form, including facts, ideas, queries, opinions, or otherwise, by any means.

5.      The term "you" and "your" refers to any parties named as confidential witnesses or "CWs" in the Complaint and any person or entity acting on their behalf, including agents, representatives, and attorneys.

6.      Whenever necessary to bring within the scope of any document request documents that might otherwise be construed to be outside the scope, the terms "all", "any", "each", "and" and "or" should be read to encompass the broadest set of documents or information possible.

### INSTRUCTIONS

1.      Each request contained herein extends to all documents in your possession, custody, or control, including, but not limited to, the possession, custody, or control of any persons acting on your behalf.

2. This set of requests requires the production of all responsive documents and information, whether in hard-copy or stored electronically.

3. Each request incorporates the definitions set forth above.

4. If you assert any privilege in responding to any request, identify the nature of the privilege and the basis of the privilege or other ground asserted as justification for withholding such information and the relevant information, including:

a) for documents: (i) the type of document, *e.g.*, email, letter, or memorandum; (ii) its general subject matter; (iii) the date; and (iv) the author, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other; and

b) for oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, their relationship to the person making the communication; (ii) the date and place of the communication; and (iii) the general subject matter.

5. Defendants request that any scanned or electronic documents be produced in their entirety and as they are kept in the usual course of business.

6. If a request cannot be fulfilled in full, specify the extent to which documents are produced and the reason why the remainder cannot be produced and the efforts that were made to be complete to the request.

7. If you object to any request, please state with specificity the grounds for each such objection.

8. Each of following requests are not limited by date.

## DOCUMENTS REQUESTED

1.      All documents and communications concerning Avon.

2.      All documents or communications you, or any person on your behalf, provided to any Plaintiff, or anyone acting on any Plaintiff's behalf, in this Action.

3.      All communications between you, or anyone on your behalf, and any Plaintiff, or anyone acting on any Plaintiff's behalf.