# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

**WORLDWIDE PLAZA**
**825 EIGHTH AVENUE**
**NEW YORK, NY 10019-7475**

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1059

WRITER'S EMAIL ADDRESS
kdemasi@cravath.com

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN

NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG

———

SPECIAL COUNSEL
SAMUEL C. BUTLER

———

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

June 9, 2020

*In re Avon Products, Inc. Securities Litigation,*
No. 19-cv-01420-MKV (S.D.N.Y.)

Dear Judge Vyskocil:

Pursuant to this Court's May 29, 2020 Order (ECF No. 63), Defendants Avon Products, Inc. ("Avon"), Sherilyn McCoy, James S. Wilson, James S. Scully and David Legher (collectively, "Defendants") respectfully submit this letter requesting relief from Plaintiffs' refusal to allow discovery into their confidential witnesses ("CWs").

In the operative complaint ("Complaint", ECF No. 32), Plaintiffs relied on seven CWs to plead their securities fraud claims. Having done so, the law in this Circuit is clear: Defendants are entitled to discovery of those CWs—particularly, any documents or information the CWs provided to Plaintiffs—to test Plaintiffs' allegations. But Plaintiffs have refused to provide any discovery into the CWs and the bases for their allegations, claiming that any such information is work product protected from discovery. Plaintiffs cannot have it both ways: they cannot both rely on the CWs to survive a motion to dismiss and then block proper discovery of the CW allegations. Accordingly, Defendants seek relief from the Court and respectfully move for an order compelling Plaintiffs to produce all responsive documents relating to the CWs.

## Background

To survive a motion to dismiss, Plaintiffs relied extensively on the statements of seven CWs, six of whom reside in Brazil. Plaintiffs argued that "[t]he CWs . . . provide factual support for a strong inference of scienter", (Compl. ¶ 57), and that the "confidential witnesses' averments are fatal to [Defendants'] motion [to dismiss]". (Pls' Opp'n to Defs.' Mot. to Dismiss (ECF No. 40) at 14. *See also id.* at 5-9, 12-14; Compl. ¶¶ 59-126, 278.) Based on these representations, Judge McMahon ruled that Plaintiffs adequately pleaded scienter because the "allegations offered by the CWs suggest that Defendants 'knew facts or had access to information suggesting that their public statements were not accurate'", and denied Defendants' motion to dismiss. (*See* Order Denying Defs.' Mot. to Dismiss (ECF No. 46) at 37-44.)

Not surprisingly, as soon as discovery began, Defendants served standard document requests and a single interrogatory aimed at discovering the basis for the CWs' claimed knowledge. Specifically, Defendants asked Plaintiffs to "[i]dentify [] each confidential witness mentioned in the Complaint" and to produce "communications with any person referred to as a confidential witness . . . in the Complaint" and "[a]ll documents received or otherwise acquired from . . . a confidential witness". (Ex. B, Pls.' Resps. and Objs. to Defs.' First Set of Interrogatories (Mar. 6, 2020) at 4; *see also* Ex. C, Pls.' Resps. and Objs. to Defs.' First Set of Requests for the Production of Documents (Mar. 6, 2020) at Reqs. 15-18.) Because Plaintiffs' counsel confirmed they did not have any attorney-client relationship with the CWs, Defendants confirmed that this discovery properly includes "any documents or factual narratives provided by the CWs to Plaintiffs—including counsel". (Ex. E, May 13, 2020 Letter from A. Huynh to G. Nespole at 3.) This discovery is critical to test the credibility of the CWs' allegations, including to discover the scope of their relationship with the Individual Defendants, their day-to-day role at the Company, the extent of their participation in the key events and the source of any documents or information they provided to Plaintiffs.

Plaintiffs resisted this discovery from the get-go, initially refusing to provide even the identities of the CWs on the grounds of "privilege."[1] Plaintiffs eventually produced a list of CW names and their counsel, but steadfastly refused any further discovery into the bases for the CWs' allegations. In light of Plaintiffs' refusal, the case schedule and the lengthy process for conducting foreign discovery, Defendants filed a Motion to Approve Their Request for International Judicial Assistance in Procuring Evidence from Brazil Third Parties with the Court, (ECF No. 60.), while at the same time continuing to meet and confer with Plaintiffs to determine an efficient alternative to obtaining this necessary discovery.

For the reasons set forth below, Defendants' requests for relevant discovery regarding the CW allegations are proper and not subject to privilege, or any other protection from discovery. Plaintiffs should be compelled to produce all responsive documents. In the alternative, Defendants should be permitted to seek this discovery from the CWs directly and/or Plaintiffs should be required to refile their complaint without relying on these allegations.

<u>**Argument**</u>

1.    <u>Discovery From the CWs is Indisputably Relevant.</u>

There is no question that the CW discovery is relevant and critical. "Because Lead Plaintiffs relied upon the CWs in drafting the [Complaint], the CWs possess discoverable information." *In re Marsh & McLennan Companies, Inc. Sec. Litig.*, No. 04 CV. 8144 (SWK), 2008 WL 2941215, at *3 (S.D.N.Y. July 30, 2008). Indeed, Plaintiffs have never argued otherwise, instead acknowledging that the "Complaint's allegations are supported by information

---

[1] In addition to the improper assertion of privilege, Plaintiffs also speculated that discovery of the CWs would lead to their harassment. (Ex. D, Mar. 11, 2020 Letter from G. Nespole to A. Huynh.) Even if there were a basis for such a concern (and there was not), in this district, conclusion assertions about a risk of retaliation does not justify withholding CW discovery. *See, e.g.*, *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Tr. Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 344 (S.D.N.Y. 2011) (finding "no reliable, non-conclusory basis to find that any of the C[W]s here faces a risk of retaliation sufficient to justify non-disclosure of his or her name" when no good cause was shown, and the CWs were former employees).

provided to counsel by confidential witnesses". (Ex. A, Feb. 4, 2020 Letter from G. Nespole to K. DeMasi and A. Huynh at 1.) Such information therefore "fall[s] squarely within Rule 26(b)(1)" and is "unquestionably relevant since such information evidences a direct nexus to the factual issues striking at the very core of this litigation". *In re Symbol Techs., Inc. Sec. Litig.*, No. CV053923DRHAKT, 2017 WL 1233842, at *11 (E.D.N.Y. Mar. 31, 2017). It is incontestable, then, that "the Confidential Witness's knowledge and credibility regarding the relevant information can be tested in discovery". *Nguyen v. New Link Genetics Corp.*, 297 F. Supp. 3d 472, 484 (S.D.N.Y. 2018).

2.      Plaintiffs Cannot Shield the CW Discovery Through Any Privilege Or Work Product Protection.

        Plaintiffs have not asserted privilege over the CW information at issue—nor could they, as Plaintiffs' counsel has no attorney-client relationship with the CWs. Instead, Plaintiffs state that producing any of their "communications with the CWs [] may lead to the exposure of Plaintiffs' attorneys' work product." (Mar. 11, 2020 Letter from G. Nespole to K. DeMasi and A. Huynh at 2.) This "mere[] conclusory [] ipse dixit assertion[]" fails to meet Plaintiffs' "heavy burden" to establish that the discovery is protected by the work-product doctrine. *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183-84 (2d Cir. 2007) (internal quotation marks omitted).

        As an initial matter, Defendants' discovery requests do not seek Plaintiffs' work product. Rather, Defendants' requests are tailored to seek *the underlying factual information that the CWs provided to the Plaintiffs*—not the mental impressions or analyses of counsel about such information. That underlying information is *not* afforded work-product protection. For example, "documents that the C[W]s have provided to Plaintiff[s] (including Plaintiff[s'] counsel)" are not work product. *Plumbers*, 278 F.R.D. at 344. Nor are any "basic factual summaries prepared from information relayed directly to the investigator [retained by Plaintiffs] during each interview". *In re Symbol Techs., Inc. Sec. Litig.*, 2017 WL 1233842, at *19. Given the "fact-based content" of such accounts, Plaintiffs have "no basis to cloak them with opinion work product protection". *Id.* Indeed, Plaintiffs have offered no plausible explanation for how these documents could be protected as work product, relying only on the conclusory mantra that courts routinely reject.

3.      Defendants' Substantial Need Overcomes Work Product Protection.

        Even if any of the discovery were somehow work product, Defendants easily meet the standard to overcome this "qualified protection" by showing "substantial need". *Plumbers*, 278 F.R.D. at 340 (internal quotation marks omitted); Fed. R. Civ. P. 26(b)(3)(A)(ii). The discovery sought is *fact* work product, which "may encompass factual material, including the result of a factual investigation", but does not rise to the level of "opinion work product [which] reveals the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative" and "is entitled to greater protection than fact work product". *In re Grand Jury Subpoena*, 510 F.3d at 183 (internal quotation marks omitted). Fact work product protection "can be overcome by a showing that the party seeking discovery (1) has substantial need of the materials, and (2) that the party is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means." *Plumbers*, 278 F.R.D. at 340 (internal

quotation marks omitted); *see also* Fed. R. Civ. P. 26(b)(3)(A)(ii).  Each element is easily met here.

      ***First*, Defendants plainly have a substantial need for this discovery.**  As described above, Plaintiffs' case hinges on the CWs' statements, and Judge McMahon expressly relied on these allegations in holding that Plaintiffs' claims were adequately pled, particularly as to scienter.  Defendants need the ability to test the CWs' claims on which Plaintiffs' scienter allegations rely.  On a motion to dismiss, "[t]he anonymity" of confidential witnesses as "sources of plaintiffs' factual allegations concerning scienter frustrates" the Court's ability to "weigh competing inferences to determine whether a complaint gives rise to an inference of scienter".  *Campo v. Sears Holdings Corp.*, 371 F. App'x 212, 216 n.4 (2d Cir. 2010).  As a result, courts consistently compel discovery of confidential witnesses, and when that discovery has revealed facts pleaded in complaints to be inaccurate, courts have considered—and granted—renewed motions to dismiss.  *See, e.g.*, *Campo v. Sears Holdings Corp.*, 635 F. Supp. 2d 323, 330 n.54 (S.D.N.Y. 2009), *aff'd*, 371 F. App'x 212 (2d Cir. 2010) (granting renewed motion to dismiss after ordering depositions of confidential witnesses to determine "whether [the Court] should have granted defendants' motion to dismiss"); *City of Livonia Employees' Ret. Sys. & Local 295/Local 851 v. Boeing Co.*, 711 F.3d 754, 761 (7th Cir. 2013) (granting renewed motion to dismiss where "[t]he only thing that persuaded the district judge not to dismiss the . . . complaint" initially "was the allegation that the plaintiffs had a confidential source".).

      Importantly, Defendants already have reason to believe that the CW allegations lack the merit for which they were credited.  On July 24, 2019, Plaintiffs sought to file a "corrected" version of the operative complaint because CW-1 had "contacted Lead Counsel to clarify some of the statements attributed to him" after he read the already-filed Complaint, apparently for the first time.  (Joint. Stip. Reg. Lead Pl.'s Filing of a Corrected Am. Class Action Compl. (ECF No. 31) at 1.)  Among the allegations removed from the original complaint include the important assertion that the "bad debt situation was discussed at regional Company performance meetings held by video conference and attended by . . . Defendants".  (Am. Consolidated Class Action Compl. ¶ 107 (ECF No. 25).)  In other words, before any motion practice, CW-1 had already begun recanting his allegations that any Defendant "'had access to non-public information contradicting their public statements'"—a fundamental part of pleading recklessness for scienter.  *Wilbush v. Ambac Fin. Grp., Inc.*, 271 F. Supp. 3d 473, 485 (S.D.N.Y. 2017) (quoting *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 76 (2d Cir. 2001)).[2]

      Defendants should be permitted to access documents from and about the CWs' allegations to "test the good faith basis of plaintiffs' compliance with *Tellabs*".  *Campo,* 371 F.

---

[2] Courts facing similar pleading errors in CW allegations have compelled discovery.  *See In re Millennial Media, Inc. Securities Litig.*, No. 14 Civ. 7923, 2015 WL 3443918, at *12 (S.D.N.Y. May 29, 2015) (cautioning Plaintiffs' counsel of "the need to insist upon [] care" in verifying confidential witnesses' allegations given the "growing body of cases chronicling the repudiation by CWs of statements attributed to them in securities class-action complaints").  In that case, the Court ordered plaintiff's counsel (the same firm representing plaintiffs here) to submit extensive evidence regarding their communications with confidential witnesses after one such witness repudiated his testimony, and Plaintiffs elected to dismiss the lawsuit upon being compelled to reveal that the confidential witnesses' allegations were without basis.  *See id.* at *3.

App'x at 216 n. 4.   Without the documents requested, Defendants will be prejudiced in their defense while Plaintiffs will have benefitted from the use of untested allegations.

**_Second_, Defendants have no other means to obtain the "substantial equivalent of the materials".**   Fed. R. Civ. P. 26(b)(3)(A)(ii).  The CWs are former employees whose documents could not be retained because their identities were not disclosed until March 13, 2020.  Moreover, six of the seven CWs are domiciled in Brazil, where pretrial document discovery is generally limited or unavailable, and participants in a deposition may be subject to arrest and prosecution.[3]  While Defendants have proposed Hague requests for this discovery (ECF. No. 60), even if they were granted, such requests are therefore likely to be unsuccessful.  As a result, obtaining the CW discovery through Plaintiffs is the best, and likely only, means of obtaining this information.

4.      In The Alternative, Plaintiffs Should Be Required To Amend Their Complaint to Omit the CW Allegations.

If Plaintiffs are permitted to block all discovery into the CWs, they should be required to file an amended complaint, subject to a new Rule 12 motion, that does not rely on confidential witnesses to plead their case.  Plaintiffs should not be permitted to use the CWs' documents and factual accounts as a sword to overcome the PSLRA's pleading requirements, and then as a shield to prevent Defendants from testing those allegations and building their defense.  Such untested allegations by CWs creates an "endemic" problem that "implicate[s] the integrity of the adversary process itself".  *City of Pontiac Gen. Employees' Ret. Sys. v. Lockheed Martin Corp.*, 952 F. Supp. 2d 633, 636, 638 (S.D.N.Y. 2013).

### Conclusion

For the foregoing reasons, Defendants respectfully request that the Court compel the production of CW discovery, or in the alternative, direct the plaintiffs to file an amended complaint that does not rely on the CWs.

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

by

_/s/ Karin A. DeMasi_
Karin A. DeMasi
Andrew D. Huynh

---

[3] *See Judicial Assistance Country Information: Brazil*, U.S. Dept. of State—Bureau of Consular Affairs, available at <https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Brazil.html> ("Brazilian authorities do not permit persons, such as American attorneys, to take depositions for use in a court in the United States before a U.S. consular officer, with the assistance of a Brazilian attorney, or in any other manner. . . . Such action potentially could result in the arrest, detention, expulsion, or deportation of the American attorney or other American participants.").

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
kdemasi@cravath.com
ahuynh@cravath.com

*Attorneys for Defendants Avon Products,
Inc., Sherilyn S. McCoy, James S. Scully,
James S. Wilson and David Legher*

Encls.

The Honorable Mary Kay Vyskocil
    United States District Judge
        United States District Court for the Southern District of New York
            Courtroom 18C
                500 Pearl Street
                    New York, NY 10007

Copies w/ encls. to:

All Counsel of Record

BY ECF