# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Avon Products Inc. Securities Litigation | No. 19-cv-01420-MKV

**PLAINTIFFS' RESPONSES AND OBJECTIONS**
**TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Lead Plaintiff Holly Ngo and additionally named plaintiff David Klungle (together, "Plaintiffs") by their counsel, hereby object ("Objections") and respond ("Responses") to Defendants' First Set of Interrogatories Directed to Plaintiffs (the "Interrogatories"). These Responses and Objections are based upon, and necessarily limited by, information now reasonably available to Plaintiffs. Plaintiffs reserve all rights to amend or supplement these Responses and Objections pursuant to Federal Rule of Civil Procedure 26(e)(1).

## I.   GENERAL OBJECTIONS

1.   Plaintiffs object to the Interrogatories to the extent that they purport to impose duties and obligations beyond those imposed by the Federal Rules, the Local Rules for the Southern District of New York ("Local Rules"), any applicable Order entered in this case, and any other applicable law or rule.

2.   Plaintiffs object to the Interrogatories to the extent they seek the discovery of information or materials that are not in Plaintiffs' possession, custody, or control.

3.   Plaintiffs object to the Interrogatories to the extent they seek information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

4.   Plaintiffs object to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs hereby assert all applicable privileges and

protections, and exclude privileged information from these Responses. Any disclosure of such privileged information is inadvertent and is not intended to waive those privileges or protections.

5.      Plaintiffs object to the Interrogatories to the extent they seek disclosure of confidential or sensitive information protected by any applicable privacy right under the United States Constitution or any other law, including without limitation the laws of any foreign jurisdiction, or information that is otherwise prohibited from disclosure because to do so would cause Plaintiffs to violate legal or contractual obligations to any other person or entity.

6.      Inadvertent disclosure of any information or materials subject to any applicable privilege or doctrine, including, but not limited to, the attorney-client privilege and the work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or doctrine, in whole or in part, nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information and/or materials. To the extent any document or information that is subject to any applicable privilege or protection is inadvertently disclosed, such document or information shall be returned to the undersigned attorneys for Plaintiffs immediately upon discovery.

7.      In responding to the Interrogatories, Plaintiffs do not concede the relevance, materiality, or admissibility of any information or materials sought. Plaintiffs' Responses, including the identification of any document or thing, do not constitute an admission by Plaintiffs that such response, document, or thing, including any information contained therein, is relevant, authentic, or admissible, and are not intended to waive or prejudice any objections Plaintiffs may assert now or in the future. This includes, without limitation, objections to the use or admissibility of any document or thing, including any information contained therein, at any trial or other proceeding in this or any other action.

8. The fact that Plaintiffs respond to any part of an Interrogatory is not intended to be, and shall not be construed to be, a waiver by Plaintiffs of all or any part of any objection to any Interrogatory.

9. Plaintiffs' Responses below are made solely for the purpose of this pending action. These Responses are based solely upon information presently known to Plaintiffs. Plaintiffs have not completed discovery, taken any depositions, or reviewed all potential evidence for use at trial. Additional contentions, facts, witnesses, documents, testimony, or other evidence may arise during the discovery process and during the review of discovery in preparation for trial. Plaintiffs' Responses to these Interrogatories are given without prejudice to Plaintiffs' right to modify, supplement, add to, or amend their Responses in the event Plaintiffs acquire additional information, and otherwise to the extent required or permitted by the Federal Rules, Local Rules, any Order entered in this case, or any other applicable law or rule. Moreover, the Responses below are given without prejudice to Plaintiffs' right at trial to produce evidence of any subsequently discovered fact(s) that may later develop.

10. In responding to the Interrogatories, Plaintiffs do not in any way waive or intend to waive any privilege or objection, but rather intend to preserve and are preserving the following:

(a) all objections as to the competency, relevancy, and admissibility of any Interrogatory, the response, and their subject matter;

(b) all objections as to vagueness, ambiguity, or other infirmity in the form of the Interrogatories and any objections based on the undue burden imposed by the Interrogatories and each individual Interrogatory contained therein;

(c)    all rights to object on any grounds to the use of any of the Responses or their subject matter in any subsequent proceedings, including the trial of this or any other action;

(d)    all rights to object on any grounds to any further document requests, interrogatories, or other discovery requests involving or relating to the subject matter of the Interrogatories;

(e)    the right to supplement Responses to the Interrogatories; and

(f)    any and all privileges and/or rights under applicable rules under the Federal Rules of Civil Procedure, the Local Rules, or other statutes, guidelines, or common law.

## II.    SPECIFIC RESPONSES AND OBJECTIONS

Plaintiffs incorporate their General Objections to each Interrogatory that follows as if such General Objections were set forth therein. Any Specific Objections set forth in the Responses are in addition to these General Objections, and, unless otherwise specified, Plaintiffs' Responses are limited in accordance with each of their Objections.

**Interrogatory No. 1:**

Identify for each confidential witness mentioned in the Complaint his/her full name, current employment, contact information and CW number (e.g., CW-1, CW-2, etc.)

**Response to Interrogatory No. 1:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Plaintiffs object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity.  Plaintiffs further object to this Interrogatory on the basis that disclosure of information relating to the identity of or contact

4

information for the confidential witnesses could lead to the harassment of, retaliation against, or adverse consequences for the confidential witnesses in seeking future employment.

Dated:  March 6, 2020

**LEVI & KORSINSKY, LLP**

*/s/ Gregory Mark Nespole*
Eduard Korsinsky (EK-8989)
Gregory Mark Nespole (GN-6820)
Sebastiano Tornatore (ST-0304)
55 Broadway, 10th Floor
New York, NY 10006
Telephone: 212-363-7500
Facsimile: 212-363-7171
Email: ek@zlk.com
        gnespole@zlk.com
        stornatore@zlk.com

*Counsel for Lead Plaintiff, Additionally Named Plaintiff, and the Proposed Class*

**LABATON SUCHAROW LLP**
Carol C. Villegas (CV-7950)
Christine M. Fox (CF-2910)
140 Broadway
New York, New York 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477
Email:   cvillegas@labaton.com
        cfox@labaton.com

*Additional Counsel for Lead Plaintiff, Additionally Named Plaintiff, and the Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall
1880 Century Park East, Suite 404
Los Angeles, CA 90067
brian@schallfirm.com
(424) 303-1964

*Counsel for Additionally Named Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020, a copy of the foregoing was served on the following individuals via email:

Karin A. DeMasi
Andrew D. Huynh
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
kdemasi@cravath.com
ahuynh@cravath.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By:    */s/Gregory Mark Nespole*
        Gregory Mark Nespole