# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Avon Products Inc. Securities Litigation | No. 19-cv-01420-MKV |

**PLAINTIFFS' RESPONSES AND OBJECTIONS**
**TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF**
**DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**
**DIRECTED TO PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiff Holly Ngo and additionally named plaintiff David Klungle (together, "Plaintiffs"), by their counsel, hereby object ("Objections") and respond ("Responses") to Defendants' First Set of Requests for Production of Documents and Electronically Stored Information Directed to Plaintiffs (the "Requests"). These Responses are based upon, and necessarily limited by, information now reasonably available to Plaintiffs. Plaintiffs reserve the right to amend or supplement these Responses from time to time as appropriate in accordance with the Federal Rules. Moreover, the Responses and Objections to the Requests are given without prejudice to Plaintiffs' right at trial to produce evidence of any subsequently discovered facts or facts that may later develop.

**I.      GENERAL OBJECTIONS**

1.      Plaintiffs object to the Requests to the extent that they purport to impose duties and obligations beyond those imposed by the Federal Rules, the Local Rules for the Southern District of New York ("Local Rules"), any applicable Order entered in this case, and any other applicable law or rule.

2.      Plaintiffs object to the Requests to the extent they seek the discovery of information or materials that are not in Plaintiffs' possession, custody, or control.

3.      Plaintiffs object to the Requests to the extent they seek information that is in the possession of third parties; or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

4.      Plaintiffs object to the Requests to the extent that they seek publicly available information. Plaintiffs will not search publicly-available information in responding to the Requests.

5.      Plaintiffs object to the Requests to the extent they seek information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including to the extent certain Requests seek "all" or "any" documents or information concerning the subject matters referenced therein, particularly under circumstances when all relevant facts can be obtained from fewer than "all," "each," or "any and all" documents.

6.      Plaintiffs object to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs hereby assert all applicable privileges and protections, and exclude privileged information from these Responses. Any disclosure of such privileged information is inadvertent and is not intended to waive those privileges or protections.

7.      Plaintiffs object to a lack of a temporal limitation in certain of the Requests on the basis that such Requests seek the production of documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Unless otherwise stated in a specific Response below, Plaintiffs will provide information for the Class Period.

8.      Plaintiffs object to the Requests to the extent they seek disclosure of confidential or sensitive information protected by any applicable privacy right under the United States Constitution or any other law, including without limitation the laws of any foreign jurisdiction,

or information that is otherwise prohibited from disclosure because to do so would cause Plaintiffs to violate legal or contractual obligations to any other person or entity. Plaintiffs reserve the right to redact any such information from any document produced or to produce any document containing such information subject to the appropriate confidentiality provisions provided in a mutually agreed-upon protective order.

9. Plaintiffs object to the Requests to the extent they seek information or the production of documents that are protected from disclosure by Plaintiffs' right to privacy, including financial privacy, such as personal financial and investment documentation and other confidential information regarding the financial affairs of Plaintiffs or information concerning investments in companies other than Avon. Such Requests violate Plaintiffs' right to financial privacy and the information sought is not relevant to any claim or defense.

10. Plaintiffs object to the definitions of "communication" and "document," to the extent that such definitions render the Requests overly broad and unduly burdensome, seek the production of documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case, or impose obligations and demands on Plaintiffs beyond those contemplated by the Federal Rules of Civil Procedure and the applicable Local Rules.

11. Plaintiffs object to the definition of "Plaintiffs," "You," and "Your," as overly broad and unduly burdensome to the extent these definitions request the discovery of information or materials that are not in Plaintiffs' possession, custody, or control.

12. Plaintiffs object to the Requests to the extent they call for a legal conclusion, a legal argument, or constitute a request for expert discovery that is premature at this stage of the litigation and invasive of the attorney work-product doctrine.

13.     Inadvertent disclosure of any information or materials subject to any applicable privilege or doctrine, including, but not limited to, the attorney-client privilege and the work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or doctrine, in whole or in part, nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information and/or materials. To the extent any document or information that is subject to any applicable privilege or protection is inadvertently disclosed, such document or information shall be returned to the undersigned attorneys for Plaintiffs immediately upon discovery.

14.     In responding to the Requests, Plaintiffs do not concede the relevance, materiality, or admissibility of any information or materials sought. Plaintiffs' responses, including the production of any document or thing, do not constitute an admission by Plaintiffs that such response, document, or thing, including any information contained therein, is relevant, authentic, or admissible, and are not intended to waive or prejudice any objections Plaintiffs may assert now or in the future. This includes, without limitation, objections to the use or admissibility of any document or thing, including any information contained therein, at any trial or other proceeding in this or any other action.

15.     The fact that Plaintiffs respond to any part of any of the Requests is not intended to be, and shall not be construed to be, a waiver by Plaintiffs of all or any part of any objection to any Request.

16.     In responding to these Requests, whenever Plaintiffs agree to produce documents, this does not constitute a representation that such documents exist or that Plaintiffs consider such documents to be relevant or admissible evidence.

17.     Plaintiffs' responses are made solely for the purpose of this pending action. These responses are based solely upon information presently known to Plaintiffs.  Plaintiffs have not completed discovery, taken any depositions, or reviewed all potential evidence for use at trial. Additional contentions, facts, witnesses, documents, testimony, or other evidence may arise during the discovery process and during the review of discovery in preparation for trial. Plaintiffs' responses to these Requests are given without prejudice to Plaintiffs' right to modify, supplement, add to, or amend their responses to the Requests in the event Plaintiffs acquire additional information, and otherwise to the extent required or permitted by the Federal Rules, Local Rules, any Order entered in this case, or any other applicable law or rule.  Moreover, the responses below are given without prejudice to Plaintiffs' right at trial to produce evidence of any subsequently discovered fact(s) that may later develop.

18.     In responding to the Requests, Plaintiffs do not in any way waive or intend to waive any privilege or objection, but rather intend to preserve and are preserving the following:

(a)     all objections as to the competency, relevancy, and admissibility of any Request, the response, and their subject matter;

(b)     all objections as to vagueness, ambiguity, or other infirmity in the form of the Requests and any objections based on the undue burden imposed by the Requests and each individual Request contained therein;

(c)     all rights to object on any grounds to the use of any of the responses or their subject matter in any subsequent proceedings, including the trial of this or any other action;

(d)     all rights to object on any grounds to any further document requests, interrogatories, or other discovery requests involving or relating to the subject matter of the Requests;

5

(e)      the right to supplement responses to the Requests; and

(f)      any and all privileges and/or rights under applicable rules under the

Federal Rules of Civil Procedure, the Local Rules, or other statutes, guidelines, or common law.

## II.      SPECIFIC RESPONSES AND OBJECTIONS

Plaintiffs incorporate their General Objections to each of the Responses that follow as if

such General Objections were set forth therein. Any Specific Objections set forth in the

Responses are in addition to those General Objections, and, unless otherwise specified,

Plaintiffs' Responses are limited in accordance with each of their Objections.

**Request No. 1:**

For the Relevant Period, documents sufficient to describe each Plaintiff and his or her full

employment and educational background.

**Response to Request No. 1:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this

Request as overly broad and unduly burdensome to the extent it seeks the production of

documents that are neither relevant to the claims or defenses of any party nor proportional to the

needs of the case. Plaintiffs further object to the Request as vague and ambiguous because it

purports to seek the production of documents describing Plaintiffs' "full employment and

educational background" for the "Relevant Period"—which is defined as January 21, 2016

through and including November 1, 2017. Plaintiffs also object to this Request to the extent it

seeks documents in the exclusive possession of third parties or otherwise not in the possession,

custody, or control of Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will produce responsive, non-privileged, non-public documents sufficient to show Plaintiffs' educational background and recent employment history to the extent such documents exist and can be discovered through a reasonable and diligent search.

**Request No. 2:**

Documents sufficient to show your document retention practices during the Relevant Period and through to the present.

**Response to Request No. 2:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks the production of documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist and can be discovered through a reasonable and diligent search.

**Request No. 3:**

Documents sufficient to identify each person or entity on whose behalf or for whom/which you purchased, sold, or otherwise acquired or transferred Avon securities at any time.

**Response to Request No. 3:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request as overly broad on the grounds that it seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the relevant time frame that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. To the extent Plaintiffs respond to this Request, they do so only for the Class Period. Plaintiffs also object to this Request to the extent it seeks documents in the exclusive possession of third parties or otherwise not in the possession, custody, or control of Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist and can be discovered through a reasonable and diligent search concerning Plaintiffs' transactions in Avon securities during the Class Period.

**Request No. 4:**

Documents sufficient to identify each person, advisor or entity who purchased, sold, or otherwise acquired or transferred Avon securities on your behalf at any time.

**Response to Request No. 4:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request as overly broad on the grounds that it seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the relevant time frame that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. To the extent Plaintiffs respond to this Request, they do so only for the Class Period.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist

8

and can be discovered through a reasonable and diligent search concerning Plaintiffs'

transactions in Avon securities during the Class Period.

**Request No. 5:**

All documents or communications concerning Avon.

**Response to Request No. 5:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this

Request as overly broad and unduly burdensome to the extent it seeks the production of

documents that are neither relevant to the claims or defenses of any party nor proportional to the

needs of the case. Plaintiffs object to this Request as overly broad on the grounds that it seeks

information without limitation as to time, therefore seeking information pertaining to events that

occurred outside the relevant time frame that are neither relevant to the claims or defenses of any

party nor proportional to the needs of the case. To the extent Plaintiffs respond to this Request,

they do so only for the Class Period. Plaintiffs further object to this Request to the extent it seeks

information or documents protected by the attorney-client privilege, the work-product doctrine,

and/or any other applicable privilege, protection, or immunity. Plaintiffs object to this Request to

the extent that it seeks publicly available information. Plaintiffs will not produce publicly-

available information in responding to this Request.  Plaintiffs also object to this Request to the

extent it seeks documents in the exclusive possession of third parties or otherwise not in the

possession, custody, or control of Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist

and can be discovered through a reasonable and diligent search concerning Plaintiffs'

transactions in Avon securities during the Class Period.

9

**Request No. 6:**

All documents or communications concerning any contemplated or consummated transaction in Avon securities by or on behalf of any Plaintiff.

**Response to Request No. 6:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request on grounds that the phrase "any contemplated . . . transaction" is vague and ambiguous. Plaintiffs object to this Request as overly broad on the grounds that it seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the relevant time frame that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. To the extent Plaintiffs respond to this Request, they do so only for the Class Period. Plaintiffs further object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity. Plaintiffs object to this Request to the extent that it seeks publicly available information. Plaintiffs will not produce publicly-available information in responding to this Request.  Plaintiffs also object to this Request to the extent it seeks documents in the exclusive possession of third parties or otherwise not in the possession, custody, or control of Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist and can be discovered through a reasonable and diligent search concerning Plaintiffs' transactions in Avon securities during the Class Period.

**Request No. 7:**

To the extent not already covered by Requests 5 and 6 herein, all documents or communications relating to your decision to purchase, sell, otherwise acquire or transfer, or hold Avon securities, including but not limited to:

(a) any documents or communications exchanged with any internal or external investment advisor or broker and any due diligence materials;

(b) any documents or communications exchanged with any Avon shareholder, investment advisor, securities analyst, or any other person concerning Avon securities; and

(c) all internal or external analyses, reports, prospectuses, or other documents concerning actual or potential benefits or risks of purchasing, selling, otherwise acquiring or transferring Avon securities.

**Response to Request No. 7:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request on grounds that the phrase "any contemplated . . . transaction" is vague and ambiguous. Plaintiffs object to this Request as overly broad on the grounds that it seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the relevant time frame that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. To the extent Plaintiffs respond to this Request, they do so only for the Class Period. Plaintiffs further object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity. Plaintiffs object to this Request to the extent that it seeks publicly available information. Plaintiffs will not produce publicly-available information in responding to this Request.  Plaintiffs also object to this Request to the

11

extent it seeks documents in the exclusive possession of third parties or otherwise not in the possession, custody, or control of Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist and can be discovered through a reasonable and diligent search concerning Plaintiffs' transactions in Avon securities during the Class Period.

**Request No. 8:**

All documents relating to any margin agreements, pledge agreements, promissory notes, or any other methods by which any Avon security was utilized by you as security for a debt or obligation or by or through which any money was borrowed to purchase any Avon security.

**Response to Request No. 8:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request on grounds that the phrase "utilized by you" is vague and ambiguous. Plaintiffs object to this Request as overly broad on the grounds that it seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the relevant time frame that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. To the extent Plaintiffs respond to this Request, they do so only for the Class Period. Plaintiffs further object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity. Plaintiffs object to this Request to the extent that it seeks publicly available information. Plaintiffs will not produce publicly-available information in responding to this Request.  Plaintiffs also object to this Request to the extent it seeks documents

12

in the exclusive possession of third parties or otherwise not in the possession, custody, or control of Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist and can be discovered through a reasonable and diligent search concerning Plaintiffs' transactions in Avon securities during the Class Period.

**Request No. 9:**

Documents sufficient to show your standing to bring this Action, including but not limited to documents sufficient to show your authority to transact in Avon securities on behalf of any person.

**Response to Request No. 9:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request as duplicative of other Requests and overly broad on the grounds that it seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the relevant time frame that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. To the extent Plaintiffs respond to this Request, they do so only for the Class Period. Plaintiffs further object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity. Plaintiffs object to this Request to the extent that it seeks publicly available information. Plaintiffs will not produce publicly-available information in responding to this Request. Plaintiffs also object to this Request to the extent it seeks documents in the exclusive possession of third parties or otherwise not in the possession, custody, or control of Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist and can be discovered through a reasonable and diligent search concerning Plaintiffs' transactions in Avon securities during the Class Period.

**Request No. 10:**

All communications between Plaintiffs and any current or former employee, independent contractor, or Representative of Avon.

**Response to Request No. 10:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks the production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiffs object to this Request as overly broad on the grounds that it seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the time frame relevant to the claims or defenses of any party to this action. Plaintiffs further object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity. Plaintiffs object to the use of the term "Plaintiffs" as defined in the Requests and used herein as overly broad and unduly burdensome to the extent the Request seeks discovery of information or materials that are not in Plaintiffs' possession, custody, or control.

**Request No. 11:**

All documents concerning your investment goals, policies, guidelines, strategies, and philosophies during the Relevant Period.

14

**Response to Request No. 11:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to the term "philosophies" as vague and ambiguous.  Plaintiffs object this Request as overly broad and unduly burdensome to the extent it seeks the production of documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks documents pertaining to investments in securities other than the Avon securities at issue in this Action.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist and can be discovered through a reasonable and diligent search concerning Plaintiffs' transactions in Avon securities during the Class Period.

**Request No. 12:**

Documents relating to any analysis of, evaluation of, or investment in the consumer products industry during the Relevant Period.

**Response to Request No. 12:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to the term "consumer products industry" as vague and ambiguous. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks the production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks documents pertaining to investments in securities other than the Avon securities at issue in this Action.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist

and can be discovered through a reasonable and diligent search concerning Plaintiffs'

transactions in Avon securities during the Class Period.

**Request No. 13:**

Documents sufficient to identify each Plaintiff's non-Avon holdings, investments, and

transactions during the Relevant Period.

**Response to Request No. 13:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this

Request as overly broad and unduly burdensome to the extent it seeks the production of

documents that are neither relevant to the claims or defenses of any party, nor proportional to the

needs of the case. Plaintiffs further object to this Request to the extent it seeks documents

pertaining to investments in securities other than the Avon securities at issue in this Action.

**Request No. 14:**

All documents or non-privileged communications concerning Plaintiffs' alleged damages

claimed in this Action.

**Response to Request No. 14:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this

Request on the grounds that the information sought will be the subject of expert discovery, and,

as such, the Request is premature. Plaintiffs will not produce draft expert reports at this or any

other time. At a later appropriate time, Plaintiffs will produce the expert disclosures required

under Federal Rule of Civil Procedure 26. Plaintiffs further object to this Request to the extent it

seeks information or documents protected by the attorney-client privilege, the work-product

doctrine, and/or any other applicable privilege, protection, or immunity. Plaintiffs also object to

16

this Request to the extent it seeks documents in the exclusive possession of third parties or otherwise not in the possession, custody, or control of Plaintiffs.

**Request No. 15:**

All documents or non-privileged communications, without limitation by date, relating to any allegation in the Complaint or any investigation pre-dating the Complaint, including but not limited to:

(a) all documents referred to or quoted in the Complaint;

(b) all documents upon which you or your counsel relied in preparing the Complaint;

(c) all documents received or otherwise acquired from any current or former Avon employees, independent contractors, or Representatives.

**Response to Request No. 15:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks the production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiffs object to this Request as overly broad on the grounds that it seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the time frame relevant to the claims or defenses of any party to this action. Plaintiffs further object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity. Plaintiffs also object to this Request to the extent it seeks documents in the exclusive possession of third parties or otherwise not in the possession, custody, or control of Plaintiffs. Plaintiffs further object to this Request insofar as it seeks documents that are a matter

17

of public record, are equally available to the Defendants, or are already in the Defendants'
possession.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:
Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist
and can be discovered through a reasonable and diligent search.

**Request No. 16:**

All communications with any person referred to as a confidential witness (or "CW") in
the Complaint, or with counsel or any other agent for any CW.

**Response to Request No. 16:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this
Request as overly broad and unduly burdensome to the extent it seeks the production of
documents that are neither relevant to the claims or defenses of any party nor proportional to the
needs of the case. Plaintiffs object to this Request to the extent it seeks information or documents
protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable
privilege, protection, or immunity.

**Request No. 17:**

All documents received or otherwise acquired from, or on behalf of, any person referred
to as a confidential witness (or "CW") in the Complaint.

**Response to Request No. 17:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this
Request as overly broad and unduly burdensome to the extent it seeks the production of
documents that are neither relevant to the claims or defenses of any party nor proportional to the
needs of the case. Plaintiffs object to this Request to the extent it seeks information or documents

18

protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity.

**Request No. 18:**

All non-privileged documents or communications concerning your decision to participate in this Action, including all non-privileged documents or communications relating to your decision to become a lead plaintiff, named plaintiff, and/or proposed class representative in this Action.

**Response to Request No. 18:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks the production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity. Plaintiffs further object to this Request insofar as it seeks documents that are a matter of public record, are equally available to the Defendants, or are already in the Defendants' possession.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist and can be discovered through a reasonable and diligent search.

**Request No. 19:**

All documents relating to any fees, compensation or other benefit you are receiving, may receive, or expect to receive in connection with your participation in this Action.

**Response to Request No. 19:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks the production of documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will produce responsive, non-privileged, non-public documents to the extent they exist and can be discovered through a reasonable and diligent search.

Plaintiffs also direct Defendants to: (1) paragraph 6 of Lead Plaintiff Holly Ngo's Certification of Plaintiff Pursuant to Federal Securities Laws dated June 27, 2019 (ECF No. 32-1) which states that "I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class," and (2) paragraph 6 of named plaintiff David Klungle's Certification dated June 28, 2019 (ECF No. 25-2) which states, "Beyond my pro rata share of any recovery, I will not accept payment for serving as a lead plaintiff and representative party on behalf of the Class, except the reimbursement of such reasonable costs and expenses (including lost wages) as ordered or approved by the Court."

**Request No. 20:**

Documents sufficient to identify any other action(s) in which you represented or purported to represent a putative or certified class of plaintiffs, or in which you served as a lead plaintiff or class representative.

**Response to Request No. 20:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks the production of documents and information that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Plaintiffs also object to this Request on the grounds that it seeks documents pertaining to events that occurred outside the time frame relevant to the claims or defenses of any party to this action. Plaintiffs also object to this Request as overly broad to the extent it is not limited to Plaintiffs' participation in securities class actions. Plaintiffs also object to this Request to the extent it seeks documents that are publicly available or equally available to the Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs direct Defendants to: (1) paragraph 5 of Lead Plaintiff Holly Ngo's Certification of Plaintiff Pursuant to Federal Securities Laws dated June 27, 2019 (ECF No. 32-1) which states that "Within the last 3 years, I have not sought to serve nor have I served as a class representative in any federal securities fraud case," and (2) paragraph 5 of named plaintiff David Klungle's Certification dated June 28, 2019 (ECF No. 25-2) which states, "I have not sought to serve as a lead plaintiff and/or representative party in any class action filed under the federal securities laws during the last three years."

**Request No. 21:**

Documents sufficient to identify any other case in which you have testified.

**Response to Request No. 21:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks the production of documents and information that are neither relevant to the claims or defenses of any party nor

proportional to the needs of the case. Plaintiffs also object to this Request on the grounds that it seeks documents pertaining to events that occurred outside the time frame relevant to the claims or defenses of any party to this action. Plaintiffs also object to this Request as overly broad to the extent it is not limited to Plaintiffs' participation in securities class actions.

Subject to and without waiving the foregoing objections, Plaintiffs direct Defendants to Plaintiffs' Response to Request No. 20.

**Request No. 22:**

All documents relied upon by you or any expert on your behalf in support of your forthcoming Motion for Class Certification due on or before February 14, 2020.

**Response to Request No. 22:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity. Plaintiffs object to this Request to the extent it calls for a legal conclusion, a legal argument, or requires the application of a legal definition or principle. Plaintiffs further object to this Request as premature, as additional documents responsive to this Request may be identified in connection with the briefing on class certification or related depositions.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: All non-privileged documents relied upon by Plaintiffs or Plaintiffs' expert in support of Plaintiffs' Motion for Class Certification (ECF Nos. 52-54) have been identified in or provided with Plaintiffs' Motion for Class Certification, or will be produced in response to these Requests.

**Request No. 23:**

All documents without limitation by date that you intend to rely on, seek to introduce into evidence, or otherwise intend to refer to in connection with any request for certification of the putative class in this Action.

**Response to Request No. 23:**

Plaintiffs incorporate the General Objections set forth above. Plaintiffs object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity. Plaintiffs further object to this Request to the extent it calls for a legal conclusion, a legal argument, or requires the application of a legal definition or principle. Plaintiffs further object to this Request as premature, as additional documents responsive to this Request may be identified in connection with the briefing on class certification or related depositions.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: All non-privileged documents relied upon by Plaintiffs or Plaintiffs' expert in support of Plaintiffs' Motion for Class Certification (ECF Nos. 52-54) have been identified in or provided with Plaintiffs' Motion for Class Certification, or will be produced in response to these Requests.

Dated:  March 6, 2020

**LEVI & KORSINSKY, LLP**

*/s/ Gregory Mark Nespole*
Eduard Korsinsky (EK-8989)
Gregory Mark Nespole (GN-6820)
Sebastiano Tornatore (ST-0304)
55 Broadway, 10th Floor
New York, NY 10006
Telephone: 212-363-7500
Facsimile: 212-363-7171
Email: ek@zlk.com
          gnespole@zlk.com
          stornatore@zlk.com

*Counsel for Lead Plaintiff, Additionally Named Plaintiff, and the Proposed Class*

**LABATON SUCHAROW LLP**
Carol C. Villegas (CV-7950)
Christine M. Fox (CF-2910)
140 Broadway
New York, New York 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477
Email:   cvillegas@labaton.com
           cfox@labaton.com

*Additional Counsel for Lead Plaintiff, Additionally Named Plaintiff, and the Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall
1880 Century Park East, Suite 404
Los Angeles, CA 90067
brian@schallfirm.com
(424) 303-1964

*Counsel for Additionally Named Plaintiff*

24

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020, a copy of the foregoing was served on the following individuals via email:

Karin A. DeMasi
Andrew D. Huynh
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
kdemasi@cravath.com
ahuynh@cravath.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By:    */s/Gregory Mark Nespole*
          Gregory Mark Nespole