# Exhibit D



55 Broadway, 10th Floor
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Gregory M. Nespole
gnespole@zlk.com

March 11, 2020

**VIA E-MAIL**

Karin A. DeMasi, Esq.
Andrew D. Huynh, Esq.
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
kdemasi@cravath.com
ahuynh@cravath.com

> Re:  *In re Avon Products Inc. Securities Litigation*, Case No. 19-cv-01420-MKV
> (S.D.N.Y) - Defendants' First Set of Requests for Production of Documents
> and Electronically Stored Information Directed to Plaintiffs and Defendants'
> First Set of Interrogatories Related to Confidential Witnesses

Dear Karin and Andrew:

I write in response to Defendants' First Set of Requests for Production of Documents and Electronically Stored Information Directed to Plaintiffs and Defendants' First Set of Interrogatories dated February 5, 2020 ("Defendants' Requests"), and Plaintiffs' Responses and Objections dated March 6, 2020 ("Responses and Objections"), and more specifically, those requests and interrogatories directly related to the confidential witnesses ("CWs") cited in the Corrected Amended Complaint – RFP Nos. 16 and 17 and Interrogatory No. 1, among others.

As set forth in the Responses and Objections, Plaintiffs contend that the identities of the CWs and communications with those individuals are protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity. Plaintiffs further object to the interrogatory on the basis that disclosure of information relating to the identity of or contact information for the CWs could lead to the harassment of, retaliation against, or adverse consequences for the CWs in seeking future employment. Plaintiffs' position is informed by precedent from the Southern District of New York, as well as recent instructive findings from other courts overseeing securities actions. *See In re SLM Corp. Sec. Litig.*, 2011 WL 611854, at *1 (S.D.N.Y. Feb. 15, 2011) ("Absent a showing of need and undue hardship, Defendants may not force Plaintiffs to disclose the identities of witnesses interviewed during the investigation leading to the Second Amended Complaint.); *id.* at *3 ("Plaintiffs' e-mail exchanges with former Sallie Mae employees that either constitute witness interviews or concern trivial scheduling matters need not be produced. The former are protected work product and the latter are irrelevant."); *In re Veeco Instruments, Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 5969, at

*4-5 (S.D.N.Y. Jan. 26, 2007) (denying motion to compel responses to interrogatories seeking identity of confidential sources included in complaint); *Grae v. Corr. Corp. of Am.,* 326 F.R.D. 482, 487 (M.D. Tenn. 2018) ("Moreover, even if FE1's identity were somehow relevant to the disposition of Amalgamated's claims, it would be protected by the work-product doctrine, which generally protects materials compiled in the course of litigation.").

Also, you should consider my concern for the CWs' safety as sincere and in good faith. As detailed in the Complaint, Avon managers harassed Avon representatives (mostly women) by appearing at their front doors carrying credit card debit machines seeking immediate payments of overdue amounts.  Many of these people have suffered substantial damage to their credit and reputation, in addition to having been frightened by Company representatives and/or collection agents.  More importantly, Brazil is not known for its progressive views towards women.  Accordingly, it is not unreasonable to believe the CWs could be the subject of aggressive investigatory tactics in a country far away from where our rules of law apply.

However, Plaintiffs recognize that motion practice is costly and the results uncertain despite the caselaw in this District supporting my position.  Thus, on our call on Thursday, Plaintiffs will be prepared to discuss a possible compromise on this front that provides Defendants with the essential information you seek (the names of the seven CWs cited in the Complaint and their contact information) on an attorneys-eyes only basis, as long as Defendants assure Plaintiffs that neither Avon nor it current or former employees or agents (including its counsel) will harass or repeatedly phone or visit the CWs at home or at their current place of employment.  Plaintiffs believe this represents a reasonable solution to this discovery issue while also protecting against the harassment of, or retaliation against, these witnesses.

Plaintiffs' proposal on this front covers only the CW names and does not include the production of communications with the CWs which may lead to the exposure of Plaintiffs' attorneys' work product. *See Gerber v. Down E. Comm. Hosp.*, 266 F.R.D. 29, 36 (D. Me. 2010) ("I conclude that the attorney work-product privilege extends to the e-mail correspondence between Plaintiffs' counsel and potential witnesses because, like a short-hand or stenographic recording of a witness statement or interview, the e-mail interview was produced by counsel for litigation purposes and the participation by a witness in an e-mail interview is comparable to participation by a witness in a recorded oral interview or the creation of a written statement.") (emphasis added); *In re SLM*, 2011 WL 611854, at *1 (e-mails between confidential witnesses and plaintiffs also protected work product). Defendants will need to seek court intervention should you insist upon the production of counsel's communications with the CWs during the course of its investigation.

We look forward to discussing this further on our March 12, 2020 call.

Very truly yours,

*/s/Gregory M. Nespole*
Gregory M. Nespole

cc. Nicole Walsh; Christine Fox; Carol Villegas; Ross Kamhi; Sebastian Tornatore