# Exhibit E

# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

————

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1376

WRITER'S EMAIL ADDRESS
ahuynh@cravath.com

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN

NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG

—————

SPECIAL COUNSEL
SAMUEL C. BUTLER

—————

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

May 13, 2020

<u>In re Avon Products, Inc. Securities Litigation</u>,
<u>No. 19-cv-01420-MKV (S.D.N.Y.)</u>

Dear Greg and Chris:

I hope this letter finds you both well.  As you know, the Court entered a new scheduling order directing Plaintiffs to substantially complete their production of documents by June 1, 2020.  (ECF No. 58.)  In light of this deadline, I write to further our negotiations concerning Defendants' First Set of Requests for the Production of Documents, dated February 6, 2020 ("Requests") and Plaintiffs' Responses and Objections to the Requests, dated March 6, 2020 ("Responses"), our March 12, 2020 meet and confer and certain discovery positions noted in Plaintiffs' April 7, 2020 letter.

While we appreciate that Plaintiffs will produce "trade documentation related to Plaintiffs' transactions in Avon during the Class Period" (April 7 Letter, at 2), the weight of authority entitles Defendants to broader discovery on both class and merits issues than that limited subset of documents.  We remain open to discussing reasonable parameters on the balance of Defendants' Requests.  However, to date, Plaintiffs have declined to articulate with specificity any unreasonable or disproportionate burden that the Requests impose as well as the bases for other objections stated in the Responses. We address each document request in turn below.

I.     **Relevant Time Period.**

Plaintiffs state that, unless otherwise provided in a specific Response, they only will "provide information for the Class Period"—from January 21, 2016 through November 1, 2017.  (Responses at 2.)  And on our March 12 meet and confer, you stated that Defendants should be subject to a broader pre- and post-class period discovery timeframe while Plaintiffs are limited only to discovery during the alleged class period.

Courts in this district have ruled otherwise. Pre- and post-class period documents from plaintiffs are relevant to both class certification and the merits of securities actions. *See Rocco v. Nam Tai Elecs., Inc.*, 245 F.R.D. 131, 135-36 (S.D.N.Y. 2007) (an individual plaintiff's post-class period purchases of defendants' stock precludes that plaintiff from serving as class representative); *In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*, 838 F. Supp. 109, 114 (S.D.N.Y. 1993) ("A named plaintiff's sophistication in a fraud on the market suit has been held relevant to the issue of non-reliance."). Therefore, Defendants are entitled to take discovery of Plaintiffs beyond the alleged class period. *See, e.g.*, *Cromer Fin. Ltd. v. Berger*, No. 00-cv-2284-DLC, 2002 WL 1059158, at *1 (S.D.N.Y. May 28, 2002) (defendants are "entitled to discovery of all of the trading undertaken by the named plaintiffs . . . during the period of time that they were investing in [defendant's stock], and for some reasonable period of time before and after").[1]

Moreover, you have represented on multiple occasions that Plaintiffs would have few documents in their collective possession, custody or control. It is therefore difficult to conceive what unreasonable burden would be imposed on Plaintiffs to produce documents beyond the class period, which Plaintiffs have repeatedly sought from Defendants (which, as Plaintiffs acknowledge, would number in the tens, if not hundreds, of thousands of documents). As we stated in our February 21, 2020 letter, Defendants are prepared to agree to a reciprocal "Relevant Time Period" of June 1, 2015 through June 30, 2018 for each party's document requests,[2] subject to specific timeframes set forth in specific requests or as modified by the parties through the meet and confer process. This is a reasonable and common compromise for which Plaintiffs have not articulated any undue or disproportionate burden on their production requirements.

## II.  **Specific Requests.**

Documents "Concerning . . . Transactions in Avon Securities" (Request Nos. 3-9, 11-12): Your Responses to Request Nos. 3-9 and 11-12 agreed to produce documents "concerning Plaintiffs' transactions in Avon securities during the Class Period." (Responses at 8-14, 15-16). During our March 12, 2020 meet and confer, we clarified that this phrase should capture any and all documents relating to Plaintiffs' decisions to invest in Avon common stock, including any research and articles reviewed by Plaintiffs or any communications with any investment advisors or third parties concerning Avon, Avon securities, or material concerning investments in consumer packaged goods companies. We understand that Plaintiffs agree to this understanding of "concerning . . . transactions in Avon securities" as it pertains to Request Nos. 3-9 and

---

[1] Indeed, under the discovery rulings in this district, even Plaintiffs' proposed limited production of Plaintiffs' post-class transactions during the 90-day lookback period does not sufficiently meet the scope of discovery to which Defendants are entitled.

[2] To minimize unnecessary repetition, for Defendants' Requests, the Relevant Time Period applies to Requests 1-2 and 11-13, in addition to any other specific issues addressed below.

11-12 and will search for and produce responsive documents accordingly.  We address additional issues concerning Request Nos. 11-12 in further detail below.

<u>Confidential Witness and Former Avon Employee or Independent Contractor Documents (Request Nos. 10, 15, 16, 17)</u>:  For Request Nos. 10 and 16, thank you for providing the names of the confidential witnesses ("CWs") cited in the Complaint.  We understand that for Request Nos. 10 and 16, Plaintiffs are maintaining their objection that communications with the CWs and other current or former Avon employees and independent contractors, including Representatives, are "protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity".  (Responses at 18-19.)  As we have expressed on our meet and confers, Defendants disagree that the communications are subject to any such protection, and reserve the right to seek relief from the Court.  But in any event, please confirm that any communications responsive to Request Nos. 10 and 16 withheld by Plaintiffs on the basis of any purported protection are logged on a privilege log.

For Request No. 15, you agreed in your Responses to produce documents "relating to any allegation in the Complaint or any investigation pre-dating the Complaint", subject only to limitations on responsiveness, privilege, and the public availability of documents that exist.  (Responses at 17-18).  On our March 12 meet and confer, you then unilaterally narrowed the scope of your Response to Request No. 15 by stating that Plaintiffs would produce only documents cited in the Complaint.  Similarly, for Request No. 17, you agreed to examine the Complaint only for cited documents from the CWs.

However, both Requests 15 and 17 seek a broader set of documents— those provided by any current or former Avon employees, independent contractors or Representatives of Avon.  We understand that Plaintiffs also object to producing documents provided by any former Avon employees or independent contractors, including Representatives and CWs, as "protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity". (Responses at 17-19.)  But the "work product doctrine does not protect Plaintiff[s] from th[e] request" for "documents that the C[W]s have provided to Plaintiff[s] (including Plaintiff[s'] counsel)."  *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Tr. Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 344 (S.D.N.Y. 2011).  Indeed, district courts direct plaintiffs "to produce all documents provided by the C[W]s that are responsive to any other valid document request in this case" regardless of whether they are relied upon in the plaintiffs' pleadings.  *Id.*  Therefore, any documents or factual narratives provided by the CWs to Plaintiffs—including counsel—should be produced.

<u>Request Nos. 11-13</u>:  You stated in your Responses and on the meet and confer that you do not intend to provide documents relating to Plaintiffs' trading activity in securities other than Avon.  (Responses at 15-16.)  But an individual plaintiff's trading activity is relevant for both merits and class certification issues.  "It is axiomatic under *Basic* that non-reliance on the integrity of the market is critical in rebutting the presumption of reliance in a fraud on the market case.  Thus, discovery of a named plaintiff's investment history has been permitted."  *Jovanovich*, 838 F. Supp. at 114.

3

And, "[i]n addition to its relevance to the merits, [an individual plaintiff's] sophistication and trading strategies [are] relevant to the pending class certification motion. The determination of whether a class representative is 'typical' might be affected by any unique defenses relating to an investment strategy." *Degulis v. LXR Biotechnology, Inc.*, 176 F.R.D. 123, 126 (S.D.N.Y. 1997). Finally, as noted above, Plaintiffs have not articulated how these documents would be unduly burdensome or not proportional to this case. Therefore, Defendants are entitled to discovery of Ms. Ngo's and Mr. Klungle's trading activity beyond transactions in Avon's common stock.

Request No. 14:  This Request initially sought all documents relevant to damages. We recognize that additional documents will be ultimately be produced with Plaintiffs' merits damages report. But, as we discussed during our March 12 meet and confer, this Request also seeks any documents in Plaintiffs' possession, custody or control reflecting Ms. Ngo's and Mr. Klungle's trading records and trading losses, to which we understand that Plaintiffs have no objection. To the extent that this Request is not resolved by agreement to an appropriate Relevant Time Period, please confirm whether you will provide documents responsive to this Request.

Request Nos. 1, 2:  We understand that we have agreement on Request No. 1, provided that Ms. Ngo and Mr. Klungle will provide up to date resumes or CVs identifying all professional employment and higher education, and Request No. 2, provided that all of Ms. Ngo's and Mr. Klungle's documents have been retained.

Request Nos. 18-23:  We understand that Plaintiffs intend to assert attorney-client privilege for communications responsive to these Requests. As discussed on our March 12 meet and confer, please provide a privilege log for all withheld communications and documents responsive to these Requests for which you assert the attorney-client privilege, work product protection, or any other applicable protection that predates Plaintiffs' filing of the Consolidated Amended Class Action Complaint (ECF No. 32).

\*       \*       \*

As stated above, Plaintiffs should produce all documents responsive to the Requests in their possession, custody or control by the Court's ordered June 1 deadline. We are available to meet and confer concerning the foregoing issues.

Sincerely,

*/s/ Andrew Huynh*

Andrew D. Huynh

Gregory Nespole
    Levi & Korsinsky, LLP
        55 Broadway, 10th Floor
            New York, NY 10006
                gnespole@zlk.com

Christine Fox
    Labaton Sucharow LLP
        140 Broadway
            New York, NY 10005
                cfox@labaton.com

BY EMAIL

Copies to:

Carol Villegas
Ross Kamhi
    Labaton Sucharow LLP
        140 Broadway
            New York, NY 10005
                cvillegas@labaton.com
                rkamhi@labaton.com

Sebastian Tornatore
    Levi & Korsinsky, LLP
        55 Broadway, 10th Floor
            New York, NY 10006
                stornatore@zlk.com

BY EMAIL