UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Avon Products Inc. Securities Litigation | No. 19-cv-01420-MKV<br>CLASS ACTION |
|---|---|

**DECLARATION OF HOLLY NGO IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**

I, Holly Ngo, hereby declare as follows:

1.  I, Holly Ngo, the lead plaintiff in the above action ("Lead Plaintiff"), respectfully submit this Declaration in support of my Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement. I have personal knowledge about the information in this Declaration. Unless otherwise defined, capitalized terms herein have the same meaning as set forth in the Stipulation of Settlement, dated August 21, 2020 (the "Stipulation""), attached as <u>Exhibit 1</u> to the accompanying Declaration of Gregory M. Nespole.

2.  As Lead Plaintiff, I routinely communicated with my attorneys at Levi & Korsinsky, LLP about the litigation, in particular with Mr. Nespole who traveled to California to meet with me personally. I also routinely reviewed the various pleadings and motions filed in this action.

3.  In late Spring 2020, I was informed that Defendants' Counsel and Lead Counsel through Mr. Nespole were exploring the possibility of resolving the Action through mediation. In May 2020, I was informed that Defendants' Counsel and Lead Counsel agreed to retain a mediator to help facilitate settlement discussions. I was consulted concerning the decision to mediate the case prior to the session and concurred with the decision.

4.  I reviewed a draft of my mediation statement and consulted with Mr. Nespole and

his colleagues. I made myself available by telephone and email during the mediation and conferred with Mr. Nespole several times that day. Following additional discussions with Mr. Nespole over the next few days, I approved accepting the Mediator's recommendation to settle all claims in the Action for $14,500,000.

5. I also was preparing to be deposed prior to the mediation because my deposition was scheduled to occur within a week or two thereafter if the mediation was unsuccessful. With respect to that, I conferred with Mr. Nespole and his colleagues many times in preparation for my deposition. I understood that my deposition was to be taken remotely, though I was prepared to travel to New York. Nevertheless, Mr. Nespole had made plans to travel to California to defend me in person at my scheduled remote deposition.

6. I understand that the settlement amount is less than the total possible damages that could result from the claims in this Action being proven at trial.

7. I nevertheless believe that the proposed settlement presents a favorable outcome for the class as it secures an immediate benefit for stockholders given the risks of proving liability against Avon, the uncertainty inherent in any litigation, the possibility of adverse rulings on appeal, and the costs and difficulties in litigating this case and collecting any resulting judgment against Defendants and in particular against those Defendants who are located outside the United States.

8. Accordingly, I authorized Levi & Korsinsky to accept the mediator's settlement proposal, which was later memorialized in the Stipulation and Agreement of Settlement.

9. I understand that if approved by the Court, the settlement will resolve this matter in its entirety against Defendants and restore a substantial sum of money to investors who suffered damages as a result of the alleged fraud. The Court should grant the motion and

preliminarily approve the settlement so that notice can be sent to the rest of the class and the Court can schedule a final approval hearing to determine once and for all whether the settlement should be confirmed.

10. I understand that Levi & Korsinsky, on behalf of all Plaintiffs' Counsel, intends to request an award for attorneys' fees not to exceed 30% of the settlement fund to compensate Plaintiffs' Counsel for the time, risk, and effort in litigating the Action against the Defendants. I further understand that Levi & Korsinsky intends to seek reimbursement of expenses that all Plaintiffs' Counsel incurred in litigating the Action in an amount not to exceed $210,000. I believe that the outcome Levi & Korsinsky achieved in this Action supports the attorneys' fees and reimbursement of expenses they intend to seek.

11. I remain ready, willing, and able to continue to represent the interests of the class throughout the settlement process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of August 2020.

_____
Holly Ngo