UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Avon Products Inc. Securities Litigation | No. 19-cv-01420-MKV<br>CLASS ACTION |

**DECLARATION OF GREGORY M. NESPOLE IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**

I, Gregory M. Nespole, hereby declare as follows:

1. I am a partner of the law firm of Levi & Korsinsky, LLP ("**Levi & Korsinsky**" or "**Lead Counsel**"), attorneys for Lead Plaintiff Holly Ngo ("**Lead Plaintiff**") in the above-captioned action ("**Action**"). I am admitted to practice before this Court and have personal knowledge of the various matters set forth herein based on my day-to-day participation in the prosecution and settlement of this Action.

2. I submit this Declaration in support of Lead Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement.

3. Unless otherwise defined, capitalized terms herein have the same meaning as set forth in the Stipulation and Agreement of Settlement, dated August 21, 2020 (the "**Stipulation**"), which is attached hereto as Exhibit 1. A copy of Levi & Korsinsky's firm resume is attached hereto as Exhibit 2.

**Statement of Facts**

4. On February 14, 2019, plaintiff Manzoor Bevinal filed a class action complaint in the United States District Court for the Southern District of New York (the "**Court**") against Defendants on behalf of himself and all persons or entities who purchased or otherwise acquired the publicly traded common stock of Avon Products, Inc. ("**Avon**") between January 21, 2016 and November 1, 2017 inclusive (the "**Class Period**"), alleging violations of 15 U.S.C. §§ 78j(b) and

78t(a) of the Securities Exchange Act of 1934 and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder. ECF 1.

5. Pursuant to the PSLRA, on February 14, 2019, counsel for plaintiff Bevinal published notice informing other potential class members of their right to move for appointment as lead plaintiff for the putative class.

6. On April 15, 2019, Holly Ngo moved to be appointed lead plaintiff and moved for her attorneys, Levi & Korsinsky, to be appointed Lead Counsel. On June 3, 2019, the Court appointed Lead Plaintiff as such, and appointed Levi & Korsinsky as Lead Counsel. ECF 16.

7. Lead Plaintiff, through counsel, diligently investigated the claims, defenses, and underlying events and transactions that are the subject of the Action. This process has included analyzing, among other things, publicly filed documents and records, investigative reports, and news stories; and reviewing and corroborating the allegations and developments in the case. Lead Plaintiff, through counsel, also contacted more than 60 potential witnesses, who were former employees, independent contractors, and outside sales representatives ("**Representatives**") of Avon and interviewed 40 of them. Seven Representatives became Confidential Witnesses, who provided additional information supporting the allegations. In addition, Lead Counsel consulted with certain experts regarding issues of market efficiency and damages suffered by Lead Plaintiff and the class resulting from the claims in the Action.

8. On July 24, 2019, based on an extensive investigation, Lead Counsel, with the assistance of Plaintiffs' Counsel,[1] filed the operative Corrected Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "**Amended Complaint**") on behalf of Lead Plaintiff Ngo and additionally named plaintiff David Klungle. ECF 32. The

---

[1] Labaton Sucharow LLP and The Schall Law Firm are collectively, with Lead Counsel, "Plaintiffs' Counsel."

2

Amended Complaint alleges that during the Class Period, Avon and the individual defendants tried to create the illusion that Brazil was still a growth center by (along with other practices) dramatically lowering credit standards for their Representatives in Brazil. Thus, during the Class Period, Defendants allegedly concealed that they dramatically loosened credit standards for Brazilian Representatives to mask declining performance. Defendants also stopped training Avon's Brazilian sales Representatives during the Class Period, another critical fact that Defendants allegedly affirmatively misrepresented.

9. On November 18, 2019, following full briefing by the parties, Judge Colleen McMahon entered her Decision and Order Denying Defendants' Motion to Dismiss. ECF 46. Judge McMahon's decision held that the Amended Complaint credibly pled that, throughout the Class Period, Defendants issued false and misleading statements concerning: (i) Avon's recruitment practices, the ongoing credit crisis, and the resulting increase in bad debt; (ii) Avon's accounting practices, including the Company's failure to increase its allowance for bad debts to account for the changes to its credit terms; and (iii) Avon's training and support systems for new Representatives. *Id*.

10. On February 5, 2020, the Action was reassigned from Judge McMahon to Judge Mary Kay Vyskocil upon her appointment to the bench from the United States Bankruptcy Court.

**The Settlement**

11. Beginning shortly after Judge McMahon issued her decision denying Defendants' motion to dismiss, the Parties participated in vigorous arm's-length negotiations to test whether an early stage resolution was possible. Lead Counsel and Defendants' Counsel discussed the procedural posture of the Action, forthcoming discovery and motions, and the Parties' initial positions concerning the merits and strength of the allegations and potential defenses. During the

months that followed, counsel for the Parties continued to undertake meaningful discussions of their views of the merits, strength, and risks concerning this Action including certain difficulties presented by the pandemic in engaging in discovery in Brazil and London.

12. Defendants' Counsel and Lead Counsel thereafter explored the possibility of resolving the Action through mediation and on June 18, 2020, the Parties participated in a Zoom mediation session held before mediator Robert A. Meyer, Esq. of Judicial Arbitration and Mediation Services. Following additional discussions occurring over the next several days among the Parties with the assistance of the Mediator, the Parties reached an agreement to settle this Action for $14,500,000 in cash and signed a Memorandum of Understanding on July 2, 2020.

13. Following the parties' entry into the Memorandum of Understanding, the Parties negotiated the Stipulation which was executed on August 21, 2020. The Stipulation, which sets forth the final terms and conditions of the Settlement, includes, among other things, a release of all claims asserted against Defendants in the Action, and certain related claims, in return for a cash payment by, or on behalf of, the Defendants in the amount of $14,500,000 into a Settlement Fund for the benefit of the Settlement Class.

14. The only settlement-related agreements between Lead Plaintiff and Lead Counsel, on the one hand, and Defendants or Defendants' Counsel, on the other hand, are the Memorandum of Understanding, the Stipulation, and the confidential Supplemental Agreement, dated August 21, 2020, concerning the circumstances under which Defendants may terminate the Settlement based on the amount of requests for exclusion from the Settlement Class. *See* Stipulation ¶ 46. It is standard to keep such agreements confidential so that a large investor, or a group of investors, cannot intentionally try to leverage a better recovery for themselves by threatening to opt out, at

the expense of the class. The Supplemental Agreement can be provided to the Court *in camera* or under seal.

15. In light of the significant risks of proceeding with further litigation, including the risks that Defendants would be successful in dismissing the action at summary judgment, and the challenges with respect to damages and causation issues, Avon's financial position, uncertainty surrounding the collection of a judgment, and issues surrounding discovery to be taken abroad during a pandemic, Lead Plaintiff and Lead Counsel determined that the proposed Settlement represents the best possible result for the Settlement Class.

### The Risks in Continuing the Litigation of the Action

16. Lead Plaintiff and Lead Counsel are cognizant of the fact that assuming success on all issues of liability and damages would be imprudent.

17. Avon had suffered significant business disruption as a result of the pandemic. The parties also face unprecedented hardships and challenges concerning conducting discovery in Brazil and London.

18. There are also serious issues concerning damages, loss causation, and market efficiency. Indeed, Avon's stock declined in response to negative news four times during the Class Period thus creating potential damage disaggregation issues, potential truth on the market defenses, and general causation issues. The reality is that Defendants were likely to argue that the declines in Avon's stock price were not due to the revelation of issues in Brazil. The decline in the Company's market capitalization, Avon would argue, was the result of the Company's overall poor financial performance in all of its markets as customers' tastes shifted away from Avon's products and the door to door sales model.

19. Lead Plaintiff and Lead Counsel believe that this Settlement is a favorable outcome for the Settlement Class as it secures a certain and prompt benefit in light of the risks to proving liability and damages and collecting on a possible judgment.

## Compensation of Plaintiffs' Counsel

20. In exchange for counsel's efforts, Lead Counsel intends to seek, on behalf of Plaintiffs' Counsel, an award of attorneys' fees in an amount equal to $4,350,000, or 30% of the Settlement Fund. Lead Counsel also intends to request reimbursement of no more than $210,000 for the expenses Plaintiffs' Counsel have incurred in prosecuting this Action. The fee request comports with ample precedent within the Second Circuit, as will be fully briefed in connection with final approval of the Settlement.

21. Lead Counsel was assisted in this case by Labaton Sucharow LLP. The Schall Law Firm provided additional legal assistance to Plaintiff Klungle. Lead Counsel has agreed to share the awarded attorneys' fees with Plaintiffs' Counsel, and payment to them will in no way increase the fees that are deducted from the Settlement Fund.

22. There are no fee agreements between Lead Plaintiff and Lead Counsel, on the one hand, and Defendants or Defendants' Counsel, on the other hand, except for the Stipulation.

Executed this 21st day of August 2020 at New Rochelle, New York.

*/s/ Gregory M. Nespole*
Gregory M. Nespole (GN 6820)