Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Avon Products Inc. Securities Litigation | No. 19-cv-01420-MKV<br><br>CLASS ACTION |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated August 21, 2020 (the "Stipulation") is made and entered into between Lead Plaintiff Holly Ngo and additional plaintiff David Klungle on behalf of themselves and each of the Class Members, on the one hand, and Avon Products, Inc. ("Avon" or the "Company"), Sherilyn S. McCoy, James S. Scully, James S. Wilson and David Legher (collectively "Defendants"), on the other hand, by their respective undersigned counsel and subject to the approval of the United States District Court for the Southern District of New York, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

The Settlement is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Plaintiffs' Claims as against the Released Defendant Parties and the Released Defendants' Claims as against the Released Plaintiff Parties and result in the complete dismissal of this Action (as those terms are defined below) with prejudice, upon and subject to the terms and conditions herein (the "Settlement").

**WHEREAS:**

A.     All terms with initial capitalization not otherwise defined in the text hereof shall have the meanings ascribed to them in paragraph 1 below.

B.     On February 14, 2019, plaintiff Manzoor Bevinal filed a class action complaint in the United States District Court for the Southern District of New York (the "Court"). ECF No. 1.

C. On June 3, 2019, the Court appointed Holly Ngo as Lead Plaintiff and Levi & Korsinsky LLP as Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4. ECF No. 16.

D. On July 24, 2019, Lead Plaintiff filed her Amended Complaint asserting securities fraud claims against Defendants based, *inter alia*, on allegations that Avon and certain of its officers and directors violated the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder. ECF No. 32.

E. On July 26, 2019, the Defendants moved to dismiss the Amended Complaint. ECF No. 33. Lead Plaintiff filed her opposition to Defendants' motion to dismiss on August 30, 2019. ECF No. 40. Defendants filed a brief in reply and further support of the motion to dismiss on September 13, 2019. ECF No. 41.

F. The Court denied the motion to dismiss on November 18, 2019. ECF No. 46.

G. On December 12, 2019, the Court entered a Rule 26(f) Civil Case Management Plan and Scheduling Order. ECF No. 50.

H. On February 14, 2020, Lead Plaintiff filed a Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel (the "Class Certification Motion"). ECF No. 52.

I. On May 13, 2020, Defendants filed a Motion to Approve Request for International Judicial Assistance. ECF No. 59.

J. On May 28, 2020, the Court denied, without prejudice, Defendants' Motion to Approve Request for International Judicial Assistance. ECF No. 63.

K. On June 9, 2020, pursuant to the Court's request, the Parties filed letter briefs concerning a Motion to Compel Discovery of Confidential Witnesses. ECF No. 64.

L.     On June 17, 2020, the Court held a telephonic discovery conference to address Defendants' Motion to Compel Discovery of Confidential Witnesses, at the conclusion of which the Court directed Plaintiffs to produce responsive documents and non-privileged communications.  ECF No. 66.

M.     On June 18, 2020, the Parties participated in a mediation session held before mediator Robert A. Meyer, Esq. of Judicial Arbitration and Mediation Services. Following additional discussions amongst the Parties, on June 24, 2020, the Parties reached an agreement to settle this Action and signed a Memorandum of Understanding on July 2, 2020. This Stipulation reflects the substantive terms of the proposal and, subject to Court approval and the satisfaction of the terms and conditions set forth herein, will resolve the Action.

N.     Defendants deny any liability to Plaintiffs and the Settlement Class, deny any and all allegations of wrongdoing, and maintain that they have at all times acted in good faith and in compliance with the law. Defendants contend that they did not make any false or misleading statements and that they disclosed all information required to be disclosed by the federal securities laws. This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have asserted. This Settlement shall not be construed or deemed to be a concession by Plaintiffs, or any Class Member, of any infirmity in the claims asserted in this Action. Plaintiffs and Defendants recognize that the Action is being voluntarily settled after receiving advice of counsel, and that the Settlement, as embodied herein, is fair, reasonable, and adequate.

O.     Lead Counsel conducted an extensive investigation into the claims and the underlying events and transactions alleged in the Amended Complaint, including the maximum

amount of damages that Lead Counsel believes is potentially recoverable by the Settlement Class based on the allegations sustained by the Court at the pleading stage. Based upon this investigation, and taking into consideration the immediate and significant monetary benefit the Class Members will receive from the Settlement, weighed against the risks of litigation, the Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Settlement, as embodied herein, are fair, reasonable, and adequate to Plaintiffs and to the other Class Members, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and conditions of this Settlement.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among the Parties, through their respective counsel, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that all Released Plaintiffs' Claims as against the Released Defendant Parties and all Released Defendants' Claims as against the Released Plaintiff Parties, shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions and in consideration of the benefits flowing to the Parties from this Settlement:

## DEFINITIONS

1.      As used in this Stipulation the following terms shall have the meanings specified below:

a.      "Action" means the consolidated action pending in the United States District Court for the Southern District of New York under the caption *In re Avon Products, Inc. Securities Litigation.*, Case No. 19-cv-01420-MKV (S.D.N.Y.).

b.       "Amended Complaint" means the Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws filed in the Action on July 24, 2019 (ECF No. 32).

c.       "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator, which satisfies the requirements established by the Court, and who, subject to Court approval, will receive a payment from the Net Settlement Fund.

d.       "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

e.       "Claimant" means a person or entity that submits a Claim.

f.       "Claims Administrator" means the firm retained by Lead Plaintiff, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members, process Claims, and to administer the Settlement. Defendants will not have any involvement in the selection of the claims administrator. Lead Plaintiff has selected Epiq Global as the Claims Administrator.

g.       "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

h.       "Class Member" means a person or entity that is a member of the Settlement Class and is not otherwise excluded from the Settlement Class pursuant to its definition.

i.       "Class Period" means the period from January 21, 2016 through November 11, 2017, inclusive.

j.      "Code" means the Internal Revenue Code of 1986, as amended.

k.      "Complaints" means the Complaint and the Amended Complaint.

l.      "Court" means the United States District Court for the Southern District of New York.

m.      "Defendants" means Avon Products, Inc., Sherilyn S. McCoy, James S. Scully, James S. Wilson and David Legher.

n.      "Defendants' Counsel" means the law firm of Cravath, Swaine & Moore LLP.

o.      "Effective Date" means the first date by which all of the following shall have occurred: (1) the Court has entered the Preliminary Approval Order, substantially in the form annexed hereto as Exhibit A; (2) the Settlement Amount has been paid into the Escrow Account; (3) the Court has approved all the material terms set forth in this Stipulation and the proposed Settlement embodied herein, following the provision of notice to the Settlement Class and a Final Approval Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (4) the time to exercise the termination rights provided in this Stipulation has expired or the termination rights have been waived; and (5) the Court has entered the Judgment, substantially in the form annexed hereto as Exhibit B, which has become Final.

p.      "Escrow Account" means one or more accounts established at Signature Bank to hold the Settlement Fund, which accounts shall be created, controlled and maintained exclusively by the Escrow Agent, acting as agent for Plaintiffs and the Settlement Class, and shall be deemed to be in the custody of the Court and remain subject to the jurisdiction of the Court until such time as the Settlement Fund is

distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

q.      "Escrow Agent" means Lead Counsel, which shall be responsible for overseeing, investing, safeguarding, and distributing the Settlement Fund held in the Escrow Account, pursuant to the terms of this Settlement and any orders entered by the Court, and acting as agent for Lead Plaintiff and the Settlement Class.

r.      "Fee and Expense Order" means an order granting Lead Counsel's application, on behalf of Plaintiffs' Counsel, for attorneys' fees, Litigation Expenses, and awards to Plaintiffs, pursuant to the Private Securities Litigation Reform Act of 1995.

s.      "Final" when referring to an order or judgment means: (l) that the time for appeal or appellate review of the order or judgment has expired, and no appeal has been taken; or (2) if there has been an appeal, (a) that the appeal has been decided by all appellate courts without causing a material change in the order or judgment; or (b) that the order or judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of *certiorari.*

t.      "Final Approval Hearing" means the hearing set by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to consider, among other things, approval of the Settlement or any other form of a hearing (either in person or virtual) the Court orders in light of the limitations presented by the Covid-19 pandemic.

u.      "Judgment" means the proposed order and final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure approving the Stipulation and the proposed Settlement embodied herein.

v.      "Lead Counsel" means Levi & Korsinsky, LLP.

w.      "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs' Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund. Litigation Expenses may also include reimbursement of the reasonable costs and expenses (including lost wages) of Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4).

x.      "Net Settlement Fund" means the Settlement Fund less: (1) any Taxes and Tax Expenses; (2) any Notice and Administration Costs; (3) any attorneys' fees and Litigation Expenses awarded by the Court; and (4) any other fees or costs approved by the Court.

y.      "Notice" means the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be sent to members of the Settlement Class.

z.      "Notice and Administration Costs" means (1) the costs, fees and expenses that are reasonably incurred in connection with (i) providing notice to the Settlement Class and (ii) administering the claims process; and (2) the costs, fees and expenses that are reasonably incurred in connection with the Escrow Account and investment of the Settlement Fund.

aa.     "Opt-Out Threshold" means the threshold set forth in the Supplemental Agreement that provides the Defendants with a right to terminate the Settlement.

bb.     "Plaintiffs" means Lead Plaintiff Holly Ngo and additionally named Plaintiff David Klungle.

cc.     "Plaintiffs' Counsel" means Levi & Korsinsky, LLP, Labaton Sucharow LLP, and The Schall Law Firm.

dd.     "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund prepared by Lead Counsel, in conjunction with Lead Plaintiff's damages consultant, as set forth in the Notice (or any other plan for the allocation of the Net Settlement Fund among Authorized Claimants that Lead Counsel may propose), that the Court may approve.

ee.     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and authorizing notice to the Settlement Class.

ff.     "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Class Member must complete should that Class Member seek to share in a distribution of the Net Settlement Fund.

gg.     "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except that the following claims shall not be released:  (i) any claims relating to the enforcement of the Settlement or for breach of the Term Sheet or of the Stipulation; and (ii) any claims by Avon against anyone claiming to be a member of the Settlement Class arising from any

contractual relationship between Avon and any current or former employee or independent contractor.

hh.    "Released Defendant Parties" means Defendants, and any and all of their respective immediate family members, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, trustees, accountants, auditors, agents, insurers, co-insurers and reinsurers, heirs, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors and assigns.

ii.    "Released Defendant Party" means any one of the Released Defendant Parties.

jj.    "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown (defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and (2) the purchase or acquisition of Avon publicly traded common stock during the Class Period.  The Release shall not include claims to enforce the Settlement.

kk.     "Released Plaintiffs' Claim" means any one of the Released Plaintiffs' Claims.

ll.     "Released Plaintiff Parties" means Plaintiffs and the Settlement Class, and any and all of their respective immediate family members, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, trustees, agents, insurers, co-insurers and reinsurers, heirs, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors and assigns.

mm.     "Released Plaintiff Party" means any one of the Released Plaintiff Parties.

nn.     "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation and Agreement of Settlement.

oo.     "Settlement Amount" means fourteen million five hundred thousand U.S. dollars ($14,500,000).

pp.     "Settlement Class" means all persons and entities who purchased or otherwise acquired the publicly traded common stock of Avon during the period from January 21, 2016 to November 1, 2017, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Avon during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity, in their respective capacity as such; and (vi) any persons or entities who or which exclude

themselves by submitting a timely and valid request for exclusion that is accepted by the

Court.  Nothing in this definition shall operate to exclude the Avon Personal Savings

Account Plan from the Settlement Class.

      qq.     "Settlement Fund" means the Settlement Amount plus any and all income

and gains earned thereon, less any losses incurred thereon, after it is deposited into the

Escrow Account.

      rr.     "Settlement Notices" means the Notice and Summary Notice.

      ss.     "Parties" or "Party" means Plaintiffs, on behalf of themselves and the

Settlement Class, and/or Defendants.

      tt.     "Summary Notice" means the Summary Notice of Pendency of Class

Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses, substantially

in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary

Approval Order.

      uu.     "Supplemental Agreement" is the agreement entered into on even date

herewith between Lead Counsel and Defendants' Counsel, which is incorporated by

reference into this Stipulation.

      vv.     "Taxes" means all taxes of any kind (including any estimated taxes,

interest or penalties) arising in any jurisdiction on any income or gains earned by the

Settlement Fund including any taxes or tax detriments to which Defendants may be

subject (as computed on a "first-dollar" basis) with respect to (i) any income or gains

earned by the Settlement Fund for any period during which the Settlement Fund is not

treated, or does not qualify, as a "qualified settlement fund" for federal or state income

tax purposes; and (ii) the payment or reimbursement by the Settlement Fund of any taxes or tax detriments described in clause (i) of this definition.

ww. "Tax Expenses" means any expenses and costs incurred in connection with the operation and implementation of paragraphs 9-19 (including, without limitation, expenses of tax attorneys and/or accountants and/or other advisors and expenses relating to the filing of or failure to file all necessary or advisable tax returns).

xx. "Unknown Claims" means any and all Released Plaintiffs' Claims that any Plaintiff or Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendant Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class, and any of the Released Defendants' Claims which Defendants do not know or suspect to exist in his, her or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, Plaintiffs and Defendants stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall each, for themselves and all persons claiming by, through or on behalf of them, expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of

executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Released Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Released Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Released Plaintiff Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have

existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and all Class Members and any successors, assigns, and persons claiming through or on behalf of any of the foregoing, shall, by operation of law, be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims were separately bargained for and constitute material elements of this Settlement.

**SETTLEMENT CONSIDERATION**

2.      Avon shall pay or cause to be paid the Settlement Amount into the Escrow Account within thirty-five (35) business days after the first date on which both (a) the Preliminary Approval Order has been entered by the Court, and (b) Lead Counsel has provided Defendants' Counsel with full and complete account information necessary for such payment (including wiring instructions) and a tax identification number for the Settlement Fund, but in no event earlier than October 1, 2020. If the Settlement Amount is not deposited into the Escrow Account by such date, Lead Plaintiff reserves the right to either (i) move to enforce the terms of this Settlement, including seeking interest on any unpaid amount; or (ii) terminate the Settlement.

3.      The Settlement Amount as set forth above in ¶ 1 is inclusive of all Lead Counsel's attorneys' fees and Litigation Expenses that may be awarded by the Court, and all Notice and Administration Costs, Taxes and Tax Expenses, and is the total, full and final amount of all payments to be paid by, or on behalf of, Defendants for the benefit of themselves and the Released Defendant Parties, to Plaintiffs, Class Members, Lead Counsel or any other person or entity acting

or purporting to act for the benefit of the Settlement Class in this Action, in connection with the

Stipulation and the proposed Settlement embodied herein.

4.      Immediately upon deposit of the Settlement Amount into the Escrow Account,

Defendants and the Released Defendant Parties shall have no responsibility for or interest in the

Settlement Fund, including for any loss of principal, and shall have no role in the management or

investment of the Settlement Fund.  Under no circumstances shall Defendants have any obligation

to contribute more to the Settlement Fund than the Settlement Amount.

## CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA") NOTICE

5.      Defendants shall serve any notice of the Settlement required pursuant to CAFA, 28

U.S.C. § 1715(b), (the "CAFA Notice") within the time period set forth in said statute and shall,

within three (3) business days after service of such CAFA Notice, certify to Lead Counsel that

such service has been made. The Parties agree that they will request, pursuant to 28 U.S.C.

§ 1715(d), that the Final Approval Hearing be scheduled for no earlier than ninety (90) days

following the deadline for Defendants to serve the CAFA Notice as stated in this paragraph. The

Parties agree that any delay by Defendants in timely serving the CAFA Notice will not provide

grounds for delay of the Final Approval Hearing. Defendants shall be responsible for all costs and

expenses related to the creation and service of the CAFA Notice.

## RELEASES

6.      The obligations incurred pursuant to this Settlement shall be in full and final

disposition of the Action as against the Defendants, and shall fully and finally release any and all

Released Plaintiffs' Claims as against all Released Defendant Parties and shall also release all  the

Released Defendants' Claims as against all Released Plaintiff Parties. The Judgment shall, among

other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any party, except for the payments expressly provided for herein.

7.      Pursuant to the Judgment, upon the Effective Date, Plaintiffs and each Class Member, on behalf of themselves, and their respective past and present trustees, fiduciaries, guardians, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, in their capacities as such, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Plaintiffs' Claims against the Released Defendant Parties; and (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

8.      Pursuant to the Judgment, upon the Effective Date, each of the Defendants, on behalf of themselves, and their respective past and present trustees, fiduciaries, guardians, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, in their capacities as such, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Defendants' Claims against the Released Plaintiff Parties; and (b) forever be enjoined from commencing, instituting or prosecuting any or all  the Released Defendants' Claims against any of the Released Plaintiff Parties.

## USE AND TAX TREATMENT OF THE SETTLEMENT FUND

9.      The Settlement Amount shall be held and invested in the Escrow Account as provided in ¶ 10 hereof. Upon the Effective Date, any interest earned on the Settlement Amount shall be for the benefit of the Settlement Class. If the Effective Date does not occur and the

Settlement is terminated, the Settlement Fund shall be returned to Defendants pursuant to the terms of ¶ 47 hereof.

10.     The Escrow Agent shall invest any funds in the Escrow Account in an amount in excess of $200,000 in United States Agency or Treasury Securities, money market or mutual funds comprised of investments secured by the full faith and credit of the United States government, or an interest-bearing account insured by the FDIC, and shall collect and reinvest all interest accrued thereon. Any funds in an amount equal to or less than $200,000 may be uninvested or held in an interest-bearing bank account insured by the FDIC. The Released Defendant Parties shall have no responsibility for, interest in, or liability with respect to the investment decisions of the Escrow Agent. The Settlement Fund shall bear all risk of loss related to the investment of the Settlement Amount pursuant to the terms set forth in this paragraph.

11.     The Escrow Agent shall not disburse the Settlement Fund from the Escrow Account except as provided in this Stipulation. All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is either distributed or returned to Defendants pursuant to the terms and conditions of this Stipulation.

12.     Subject to the terms and conditions of this Stipulation, the Settlement Fund shall be distributed to pay: (i) Taxes and Tax Expenses; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court. The balance remaining in the Settlement Fund (the Net Settlement Fund) after payment of items (i)-(iii), shall be distributed to Authorized Claimants as provided herein.

13.     Prior to the Effective Date, the Escrow Agent, without further approval of Defendants, may pay from the Settlement Fund up to $550,000 in Notice and Administration Costs

actually and reasonably incurred. Prior to the Effective Date, payment by the Escrow Agent of any Notice and Administration Costs exceeding $550,000 shall require notice to, and agreement from, Defendants, through Defendants' Counsel. Subsequent to the Effective Date, without further approval by Defendants, any Released Defendant Parties or the Court, the Escrow Agent may pay from the Settlement Fund all reasonable and necessary Notice and Administration Costs in excess of any amount paid prior to the Effective Date. Defendants, Defendants' Counsel, and the Released Defendant Parties shall not have any responsibility for, nor any liability with respect to, any Notice and Administration Costs incurred or paid, and shall have no responsibility for, and no liability with respect to, any acts or omissions of the Claims Administrator, Lead Counsel, the Escrow Agent, or their respective agents, with regard to any Notice and Administration Costs.

14.     For purposes of Section 468B of the Code, and the regulations promulgated thereunder, the "administrator" (as defined in Treasury Regulation § 1.468B-2(k)(3)) of the Settlement Fund shall be Lead Counsel (acting in such capacity, the "Administrator"). All Taxes and Tax Expenses shall be considered to be a cost of administration of the proposed settlement embodied in this Stipulation and shall be timely paid out of the Settlement Fund. The Administrator shall be solely responsible for causing payment to be made from the Settlement Fund of any Taxes and Tax Expenses owed with respect to the Settlement Fund, and shall cause the Defendants to be reimbursed from the Settlement Fund for any Taxes and Tax Expenses to which Defendants are subject. The Escrow Agent is authorized to withdraw from the Settlement Fund, without prior order of the Court or approval of Defendants, such amounts as are necessary to pay or reimburse Taxes and Tax Expenses.

15.     After (i) the Effective Date occurs and (ii) entry by the Court of a Class Distribution Order that has become Final, the Claims Administrator shall, subject to the supervision of Lead

Counsel, distribute the Net Settlement Fund to Authorized Claimants in accordance with the terms of such Final Class Distribution Order; provided, however, that (notwithstanding anything herein to the contrary) any amounts in the Escrow Account necessary for payment of Taxes and Tax Expenses (including the establishment of adequate reserves for any Taxes or Tax Expenses, as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)), attorneys' fees and Litigation Expenses awarded by the Court and/or Notice and Administration Costs shall remain in the Escrow Account for such purpose. The Escrow Agent is authorized to permit the Claims Administrator to make the foregoing distributions.

16.     The Settlement is not a claims-made settlement. If all conditions of the Settlement are satisfied and the Effective Date has occurred, no portion of the Settlement Fund will be returned to Defendants, irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. If any portion of the Net Settlement Fund remains following distribution pursuant to ¶ 26 and is of such an amount that in the determination of the Claims Administrator, in consultation with Lead Counsel, it is not cost-effective or efficient to redistribute such amount to Authorized Claimants, then such remaining funds, after payment of any further Notice and Administration Costs, Tax Expenses and Taxes, shall be donated to a nonsectarian charitable organization(s) certified as tax-exempt under Section 501(c)(3) of the Code, as approved by the Court.

17.     The Parties agree that the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Section 468B of the Code and Treasury Regulation § 1.468B-1. The Parties shall not take a position in any filing or before any tax authority inconsistent with such treatment. The Administrator shall make reasonable efforts to ensure that the Settlement Fund at

all times complies with applicable provisions of the Code and Treasury regulations in order to maintain its treatment as a Qualified Settlement Fund. The Administrator shall be solely responsible for timely filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulations §§ l.468B-2(k) and (1)) for the Settlement Fund. Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶ 14 herein. Avon will timely provide to the Administrator a "Section 1.468B-3 Statement" (as described in Treasury Regulation § l.468B-3(e)) with respect to any transfers Avon makes, or causes to be made, to the Settlement Fund. The Administrator shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation-back election," as described in Treasury Regulation § l.468B-l(j), to cause the qualified settlement fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

18.     All tax returns prepared for the Settlement Fund (as well as any election set forth therein) shall be consistent with the previous ¶ 17 and in all events shall reflect that all Taxes on the income and gains earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

19.     The Released Defendant Parties shall not have any responsibility for, and no liability with respect to, payment of any Taxes and Tax Expenses, and shall have no responsibility for, and no liability with respect to, the acts or omissions of the Claims Administrator, Lead Counsel, the Escrow Agent, the Administrator, or their agents, with regard to Taxes and Tax Expenses. Defendants and Defendants' Counsel shall notify the Escrow Agent promptly if they

receive any notice of any claim for Taxes or Tax Expenses relating to the Settlement Fund, but shall otherwise have no responsibility for, or liability with respect to, the administration or distribution of the Settlement Fund or any related acts or omissions of the Claims Administrator, Lead Counsel, the Escrow Agent, or the Administrator. The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the terms of this Stipulation with regard to Taxes.

### PLAN OF ALLOCATION

20.     Subject to entry by the Court of a Class Distribution Order that becomes Final, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with a Plan of Allocation, provided that such Plan of Allocation, after appropriate notice thereof to the Settlement Class, has been approved by the Court in an order that has become Final.

21.     The Defendants, the Released Defendant Parties, and Defendants' Counsel shall have no role in the preparation of the Plan of Allocation and shall take no position with respect thereto. Neither Defendants nor the Released Defendant Parties shall have any responsibility or liability whatsoever for the Plan of Allocation.

22.     The Plan of Allocation is not a necessary or material term of the Settlement and it is not a condition of the Settlement that any particular Plan of Allocation be approved by the Court. Any order by the Court or any appellate court with respect to a Plan of Allocation shall not preclude the Judgment from being deemed Final nor shall it prevent the Effective Date from occurring. None of the Parties may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to a Plan of Allocation.

### ATTORNEYS' FEES AND LITIGATION EXPENSES

23.     Lead Counsel may apply to the Court, on behalf of Plaintiffs' Counsel, for an award from the Settlement Fund of attorneys' fees and Litigation Expenses and an incentive award

payable to Plaintiffs. Attorneys' fees and Litigation Expenses and any incentive awards are not the subject of any agreement between the Parties other than what is set forth in this Stipulation.

24.     The Released Defendant Parties will take no position on Lead Counsel's request for attorneys' fees or Litigation Expenses or incentive awards, and shall have no responsibility for, and no liability with respect to, the attorneys' fees or Litigation Expenses or incentive awards that the Court may award.

25.     The procedure for and amounts of any award of attorneys' fees and Litigation Expenses and incentive awards, and the allowance or disallowance by the Court thereof, are not necessary or material terms of the Settlement and are not a condition of the Settlement. Any order or proceedings relating to Lead Counsel's request for attorneys' fees or Litigation Expenses or incentive awards, or any appeal from any order relating thereto or reversal or modification thereof, shall not preclude the Judgment from being deemed Final nor shall it prevent the Effective Date from occurring. None of the Parties may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to Lead Counsel's application for attorneys' fees and Litigation Expenses and incentive awards.

26.     Immediately after entry by the Court of the Fee and Expense Order, any amounts awarded in the order may be paid to Lead Counsel from the Escrow Account by the Escrow Agent, notwithstanding the existence of or pendency of any objection, appeal or collateral attack on the Settlement or any part thereof or the Fee and Expense Order. In the event that the Effective Date does not occur or the Settlement is terminated pursuant to its terms, or if, as the result of any appeal or further proceedings on remand, or successful collateral attack, the Fee and Expense Order is reversed or modified pursuant to a Final court order and attorneys' fees, Litigation Expenses, and incentive awards have been paid out of the Escrow Account to any extent, then Lead Counsel shall

be obligated and do hereby agree, within ten (10) business days after receiving notice of the foregoing from Defendants' Counsel or from a court of appropriate jurisdiction, to refund to the extent required to the Escrow Account such attorneys' fees, Litigation Expenses, and/or incentive awards, as the case may be, that have been paid, plus interest thereon at the same rate as would have been earned had those sums remained in the Escrow Account.

## ADMINISTRATION OF THE SETTLEMENT

27.    The Claims Administrator, subject to the supervision of Lead Counsel and the jurisdiction of the Court, shall administer and calculate the Claims submitted by Claimants, oversee distribution of the Net Settlement Fund to Authorized Claimants pursuant to a Plan of Allocation approved by the Court in an Order that has become Final and subject to a Class Distribution Order entered by the Court that has become Final, and perform all claims administration procedures necessary or appropriate in connection therewith.

28.    Other than Avon's obligation to provide its shareholder lists, as provided herein, none of the Released Defendant Parties shall have any responsibility for, involvement in, or liability for providing the Settlement Notices to the Settlement Class, the administration of the Settlement or the Claims process, reviewing or challenging of Claims, the implementation of the Plan of Allocation as approved by the Court or the distribution of funds from the Net Settlement Fund. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

29.    Within ten (10) calendar days following the entry of the Preliminary Approval Order, Avon shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) lists of record holders of Avon Common Stock during the Class Period, to the extent such lists are reasonably available to Avon upon request. The lists shall be provided in electronic form such as excel.

30.     Pursuant to the terms of the Preliminary Approval Order, the Claims Administrator shall mail the Notice to those Class Members who may be identified through reasonable effort, and shall publish the Summary Notice.

31.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's share of the Net Settlement Fund based upon the Plan of Allocation approved by the Court. The Claims Administrator, subject to the supervision of Lead Counsel, shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

32.     Neither Defendants nor any other Released Defendant Party shall be permitted to review, contest, or object to any Claim or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Claimant.

33.     Any Class Member who does not timely submit a valid Claim by the deadline set by the Court in the Preliminary Approval Order will not be entitled to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the terms of the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Party concerning any Released Plaintiffs' Claim.

34.     For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

       a.     Each Claimant shall be required to submit a Proof of Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as

are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.      All Proof of Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notices, unless such deadline is extended by Order of the Court. Any Class Member who fails to submit a Proof of Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to the Settlement (unless, by Order of the Court, late-filed Claims are accepted), but shall in all other respects be bound by all of the terms of the Settlement, including the terms of the Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Party concerning any Released Plaintiffs' Claim. A Proof of Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions set forth on the Proof of Claim Form.  In all other cases, the Proof of Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

c.      Each Proof of Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation and the Court-approved Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

d.      Proof of Claim Forms that do not meet the submission requirements may

be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, by mail, first class postage pre-paid, to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim Form submitted within a period of twenty (20) days after such notice has been mailed, for timely Claims, and within a lesser period of time for untimely Claims. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, by mail, first- class postage pre-paid, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below within twenty (20) days following the mailing of such notice by the Claims Administrator, for timely Claims, and within a lesser period of time for untimely Claims;

e.      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within the timeframe stated in the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

f.      The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

35.      By submitting a Claim, a Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claim, including, but not limited to, the releases provided for in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of their Claim. No discovery shall be allowed on the merits of this Action or the Settlement in connection with the processing of Proof of Claim Forms.

36.      The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the later of the Effective Date having occurred; the Court having approved a Plan of Allocation in an order that has become Final; and the Court issuing a Class Distribution Order that has become Final.

37.      Lead Counsel will apply to the Court, with reasonable notice to the Defendants, for a Class Distribution Order, inter alia: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; and (ii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account in specified increments until, in the determination of the Claims Administrator, in consultation with Lead Counsel, it is no longer economically feasible to distribute the remaining funds, at which time any such remaining funds, after payment of any further Notice and Administration Costs, Taxes and Tax Expenses, shall be donated to a nonsectarian charitable organization(s) certified as tax-exempt under Section 501(c)(3) of the Code, as approved by the Court; and (iii) such other relief as appropriate.

38.      Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Claimants. All Class Members who did not submit a Claim or whose Claim

was not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but shall be bound by all of the terms of this Settlement, including the terms of the Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any Released Defendant Party concerning any Released Plaintiffs' Claim.

39.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

**OBJECTIONS AND REQUESTS FOR EXCLUSION**

40.     Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any Class Member may appear at the Final Approval Hearing and show cause why the Stipulation, and the proposed Settlement embodied herein, should or should not be approved as fair, reasonable and adequate and in the best interests of the Settlement Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees, Litigation Expenses and incentive awards.

41.     Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any putative Class Member may request to be excluded from the Settlement Class.

42.     The Claims Administrator shall scan and electronically send copies of all requests for exclusion in .pdf format (or such other format as shall be agreed) to Defendants' Counsel and

to Lead Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives a properly addressed request.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

43. Promptly after execution of this Stipulation, Plaintiffs, by and through Lead Counsel, with Defendants' consent, shall submit this Stipulation together with the exhibits annexed hereto to the Court and shall move for entry of the Preliminary Approval Order, among other things, preliminarily approving the Stipulation and the Settlement embodied herein, approving the contents and method of distribution of the Notice and Summary Notice, approving the contents of the Proof of Claim Form, and setting a date for the Final Approval Hearing.

## JUDGMENT APPROVING THE SETTLEMENT

44. Plaintiffs, by and through Lead Counsel, with Defendants' consent, shall request that the Court, if it approves the Settlement embodied in this Stipulation following the Final Approval Hearing, enter the Judgment, substantially in the form annexed hereto as Exhibit B, pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## TERMINATION RIGHTS

45. Defendants and Plaintiffs each shall have the right to terminate the Settlement by providing written notice to the other of their election to do so within thirty (30) days of the date on which any of the following occur: (a) the Court declines to enter the Preliminary Approval Order; (b) the Court refuses to approve the Settlement; (c) the Court declines to enter the Judgment; (d) the Judgment is modified or reversed by the Court of Appeals or the Supreme Court; or (e) the failure of the Effective Date to occur for any reason. In addition, Defendants may terminate the Settlement in accordance with ¶ 46. Notwithstanding the foregoing, any decision by the Court or any appeals court with respect to an application for attorneys' fees, Litigation Expenses or incentive awards or with respect to a Plan of Allocation or a Class Distribution Order, shall not be

considered material to the Settlement, shall not preclude the Judgment from being deemed Final and shall not be grounds for termination. In the event the Settlement is terminated, the provisions of ¶¶ 47 and 48 shall survive such termination. The termination rights set forth herein are not intended to limit or impair the Parties' rights under the law of contracts of the State of New York with respect to any breach of this Stipulation.

46.     Pursuant to the provisions of the Supplemental Agreement, Defendants shall have the option to terminate the Settlement in the event that the aggregate number of total shares of Avon Common Stock purchased during the Class Period by persons or entities who would otherwise be entitled to participate in the Settlement as Class Members, but who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth in the Notice, equals or exceeds the Opt-Out Threshold. The Supplemental Agreement shall remain confidential, although the Opt-Out Threshold may be disclosed in camera to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the confidentiality of the Opt-Out Threshold.

47.     Except as otherwise provided herein, in the event the Settlement is terminated, this Stipulation, and the Settlement embodied herein, shall be without prejudice, and, with the exception of ¶¶ 1(a-xx) and 51 herein, none of its terms shall be effective or enforceable and the fact of the Settlement shall not be admissible in any trial of this Action, and the Parties shall be deemed to have reverted to their respective status in this Action immediately prior to their agreement, in principle, to settle the Action on July 2, 2020, and will in good faith meet and confer as to a schedule for the completion of discovery and other pretrial proceedings and for the trial of this Action, and, except as otherwise expressly provided, the Parties shall proceed in all respects

as if this Settlement and any related orders had not been entered into, and any portion of the Settlement Amount previously paid into the Escrow Account, including, but not limited to, any funds disbursed in payment of attorneys' fees, Litigation Expenses, and incentive awards, plus interest thereon at the same rate as would have been earned had those funds remained in the Escrow Account, less any amounts for Taxes paid or owing with respect to interest income and/or gains on the Settlement Amount and for Notice and Administration Costs actually incurred and paid or payable, and Tax Expenses shall be returned by Lead Counsel to Defendants within fourteen (14) business days after written notification of such event by Defendants' Counsel to Lead Counsel and the provision of repayment instructions. At the request of Defendants, the Administrator or its designee shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), for refund to Avon or as otherwise directed.

## NO ADMISSION OF WRONGDOING

48.     Whether or not the Settlement, as embodied in this Stipulation, is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including the exhibits annexed hereto and the Supplemental Agreement, the Settlement embodied within it, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection therewith:

> a.     shall not be offered or received against the Released Defendant Parties, Plaintiffs or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Defendant Parties or by Plaintiffs or the other Class Members with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been

or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Defendant Parties;

b.      shall not be offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against Plaintiffs or any of the other Class Members as evidence of any infirmity in the claims of Plaintiffs and the other Class Members;

c.      shall not be offered or received against the Released Defendant Parties, Plaintiffs or the other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement;

d.      shall not be construed against the Released Defendant Parties, Defendants' Counsel, Lead Counsel or Plaintiffs or the other Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

e.      shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the other Class Members that any of their claims are without merit or that damages recoverable under the Complaints would not have exceeded the Settlement Amount.

**MISCELLANEOUS PROVISIONS**

49.     All of the exhibits attached hereto and the Supplemental Agreement referenced herein are hereby incorporated by reference as though fully set forth herein and are material terms of the Settlement. Notwithstanding the foregoing, in the event that there is a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of this Stipulation shall control.

50.     The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by Plaintiffs or any other Class Members in the Action against the Released Defendant Parties with respect to all Released Plaintiffs' Claims. Except in the event of the termination of this Settlement, Plaintiffs and Defendants agree not to bring under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, any application for sanctions with respect to any claims or defenses in this Action, and the Judgment will contain a statement reflecting compliance with Federal Rule of Civil Procedure 11. The Parties agree that the Settlement Amount and the other terms of this Settlement were negotiated at arms' length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with their respective experienced legal counsel.

51.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their successors-in-interest.

52.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

53.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

54.     This Stipulation, the exhibits annexed hereto, and the Supplemental Agreement incorporated by reference herein, constitutes the entire agreement among the Parties concerning

the Settlement, and no representations, warranties or inducements have been made to any Party concerning this Settlement other than the representations, warranties and covenants contained and memorialized in this Stipulation.

55.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

56.     Plaintiffs agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Stipulation, and Defendants agree to provide such support as may be reasonably requested by Plaintiffs or Lead Counsel.

57.     Each signatory to this Stipulation represents that he or she has authority to sign this Stipulation and any Settlement-related documents on behalf of Plaintiffs or Defendants, as applicable, and that such signatory has the authority to take appropriate action required or permitted to be taken pursuant to this Settlement to effectuate its terms.

58.     This Settlement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto, including all Released Defendant Parties and Released Plaintiff Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

59.     The administration, consummation and enforcement of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Parties intend that the Court retain jurisdiction for the purpose of, *inter alia,* entering orders providing for the award of attorneys' fees, Litigation Expenses and incentive awards, the approval of the Plan of Allocation, the Class Distribution Order and enforcing the terms of this Settlement.

60.     The construction, interpretation, operation, effect and validity of this Settlement, and all documents necessary to effectuate it, shall be governed by the laws of the state of New York, without regard to choice-of-law principles, except to the extent that federal law requires that federal law govern.

61.     To the extent there are disputes regarding the interpretation of any term of this Stipulation, the Parties will attempt to resolve any such dispute in good faith. If the Parties fail to resolve the dispute, or in the event of a breach of the terms of the Settlement, any Party shall be entitled to bring an action seeking to enforce those provisions, and the exclusive forum for any such action shall be the Court.

62.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arms' length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

63.     No opinion or advice concerning the tax consequences of the Settlement to individual Class Members or any of the Parties or any of the Released Defendant Parties is being given or will be given by Lead Counsel and/or Defendants' Counsel; nor is any representation or warranty in this regard made by virtue of this Settlement. Class Members will be directed to consult their own tax advisors regarding the tax consequences of the Settlement, and any tax reporting obligations they might have with respect to it. It is the sole responsibility of each Class Member to determine the amount of and pay taxes, plus any penalties and interest, on any amount received pursuant to the Settlement, and Plaintiffs and Defendants shall have no liability for such taxes, penalties or interest. It is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

64.     All time periods set forth in this Stipulation shall be computed in calendar days, unless expressly provided otherwise, and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

65.     All agreements made and orders entered in the Action relating to the confidentiality of information shall survive this Stipulation.

66.     The Parties agree to take no action in connection with the Settlement that is intended to, or that would reasonably be expected to, harm the reputation of any other Party (including a Party's officers, directors, employees, agents, or attorneys), or that would reasonably be expected to lead to unfavorable publicity for any other Party.

67.     Except to the extent explicitly set forth otherwise in this Stipulation, if any Party is required to give notice to any other Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon (a) receipt of hand delivery; (b) mailing by means of pre-paid, overnight courier delivery service; or (c) sending of electronic mail, provided that no rejection notice occurs and that identical notice is sent by United States Mail, first-class postage pre-paid or pre-paid, overnight courier delivery service. Notice shall be provided as follows:

| If to Plaintiffs or Lead Counsel: | LEVI & KORSINSKY LLP<br>55 Broadway, 10th Floor<br>New York, NY 10006<br>Attn: Gregory Mark Nespole<br>gnespole@zlk.com |
| --- | --- |
| If to Defendants or Defendants' Counsel: | Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, N Y 10019<br>Attn: Karin A. DeMasi<br>kdemasi@cravath.com |

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys, as of August 21, 2020.

LEVI & KORSINSKY LLP

_____
Gregory Mark Nespole
55 Broadway, 10th Floor
New York, NY 10006
(212) 363-7500


*Counsel for Lead Plaintiff,*
*Additionally Named Plaintiff, and the*
*Proposed Class*

CRAVATH, SWAINE & MOORE LLP

_____
Karin A. DeMasi
825 Eighth Avenue
New York, NY 10019
(212) 474-1000


*Counsel for Defendants Avon Products, Inc.,*
*Sherilyn S. McCoy, James S. Scully, James*
*S. Wilson, and David Legher*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Avon Products Inc. Securities Litigation | Case No. 19-cv-01420-MKV<br><br>Hon. Mary Kay Vyskocil<br><br>**EXHIBIT A** |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

**WHEREAS**, a consolidated class action is pending before the Court entitled *In re Avon Products Inc. Securities Litigation*, 19-cv-01420-MKV;

**WHEREAS**, the Court having reviewed and considered Plaintiffs' unopposed Motion for (I) Preliminary Approval of Settlement, and (II) Approval of Notice to the Settlement Class (the "Motion"); as well as all papers submitted in support thereof; the proposed Settlement as set forth in the Stipulation and Agreement of Settlement ("Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions of a proposed settlement of the above-captioned Action, dismissing all claims against the Defendants with prejudice upon the terms and conditions set forth therein; a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Action; and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this Action and over all Parties

to this Action, including Class Members.

3.      The Court preliminarily approves the Settlement as fair, reasonable, and adequate as to all Class Members, pending a final settlement and fairness hearing (the "Final Approval Hearing"). The Court preliminarily finds that the proposed Settlement should be approved pursuant to Fed. R. Civ. P. 23(e)(1), as the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), given that it,: (i) is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falls within a range of reasonableness warranting final approval; (iii) does not improperly granting preferential treatment to the Lead Plaintiff or segments of the Settlement Class; and (iv) warrants notice of the proposed Settlement at the Final Approval Hearing described below.

4.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for the purposes of the Settlement only, the Settlement Class of:  all persons and entities who purchased or otherwise acquired the publicly traded common stock of Avon during the period from January 21, 2016 to November 1, 2017, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Avon during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity, in their respective capacity as such; and (vi) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.  Nothing in this definition shall operate to exclude the Avon Personal Savings Account Plan from the Settlement Class.

5.      The Court finds and preliminarily concludes that the prerequisites of class action

certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)   the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)   there are questions of law and fact common to the Settlement Class Members;

(c)   the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

(d)   Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)   the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)   a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Holly Ngo is preliminarily certified as Class Representative for the Settlement Class.  The law firm of Levi & Korsinsky LLP is preliminarily appointed Class Counsel

for the Settlement Class.

7.     The Court approves the appointment of Signature Bank as the Escrow Agent to manage the Escrow Account for the benefit of the Settlement Class under the supervision of Lead Counsel.

8.     The Court approves the appointment of Epiq Global as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

### Stay Order

9.     The Court orders the stay of the Action pending the Final Approval Hearing and enjoins the initiation of any new litigation by any Class Member in any court, arbitration, or other tribunal that includes any Released Defendants' Claims or Released Plaintiffs' Claims against any of the Released Plaintiff Parties or Released Defendant Parties, respectively.

### Form and Timing of Notice

10.     The Court hereby approves, as to form and content, the Notice, substantially in the form annexed hereto as Exhibit A-1, and directs that as soon as practicable after entry of this Order, but no later than **ten (10) business days** after entry of this Order ("Notice Date"), the Claims Administrator shall provide the Notice to each known Class Member via first class U.S. mail, postage pre-paid. Avon shall cooperate in the identification of Class Members by producing reasonably available information from its shareholder transfer records or transfer agent in electronic searchable form, such as Excel. The Claims Administrator shall file with the Court proof of mailing of the Notice no later than **seven (7) calendar days** prior to the Final Approval Hearing.

11.     Banks, brokerage firms, institutions, and other persons who are nominees ("Nominees") who purchased or otherwise acquired Avon common stock for the beneficial interest of other persons during the Class Period are directed to, within **ten (10) calendar days** after receipt

of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of Avon Common Stock purchased or otherwise acquired during the Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator. The Claims Administrator shall promptly provide the Notice to each Class Member identified through point (b) of this Paragraph via first class U.S. mail, postage pre-paid. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Notice to their beneficial owners through point (a) of this Paragraph shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

12. Upon full and timely compliance with these directions, such Nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. The Claims Administrator shall, if requested, reimburse Nominees out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners. Any disputes as to the reasonableness or documentation of expenses incurred will be subject to review by the Court.

13. The Court approves, as to form and content, the proposed form Summary Notice, substantially in the form annexed hereto as Exhibit A-3, and directs that no later than **fourteen (14) calendar days** after the Notice Date the Claims Administrator shall cause such Summary Notice to be published on a national business newswire and a national business newspaper such as The Wall Street Journal or Investor's Business Daily. The Claims Administrator shall file with the Court proof of publication of the Summary Notice no later than **seven (7) calendar days** prior to

the Final Approval Hearing.

14.     The Court approves the proposed Proof of Claim Form, substantially in the form of Exhibit A-2 hereto.

15.     The Court orders that the Notices, Proof of Claim Form, Stipulation, and all papers submitted in support thereof shall be posted to a website to be maintained by the Claims Administrator.

16.     This Court preliminarily finds that the distribution of the Notice and the Summary Notice, and the notice methodology contemplated by the Stipulation and this Order:

(a)     Constitute the best practicable notice to Class Members under the circumstances of this Action;

(b)     Are reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)     Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)     Fully satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (e)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the

Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

## **Participation and Exclusion**

17.     Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim Form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proof of Claim Forms must be submitted no later than **one hundred ten (110) calendar days** after entry of this Order granting preliminary approval.

18.     Any Class Member who does not submit a Proof of Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

19.     Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is received no later than **twenty-one (21) calendar days** prior to the date of the Final Approval Hearing. Any Request for Exclusion that does not supply the information required by this Paragraph shall be rejected, and any such Class Member shall be bound by the Stipulation and any judgment entered in connection therewith.

20.     All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment. However, a Class Member may submit a written

revocation of a Request for Exclusion up until five (5) days prior to the date of the Final Approval Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Class Member also submits a valid Proof of Claim by the deadline set above.

## Final Approval Hearing; Right to Appear and Object

21.    The Final Approval Hearing shall be held before the undersigned, United States District Court Judge Mary Kay Vyskocil, either in person or remotely at the Court's discretion, in Courtroom 18C, 500 Pearl Street, New York, New York 10007, on _____, 2020, at ____:__ _.m., to determine:

(a)    Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(b)    Whether the Action should be dismissed on the merits and with prejudice as to the Defendants;

(c)    Whether the Court should permanently enjoin the assertion of any Released Plaintiffs' Claims and Released Defendants' Claims;

(d)    Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

(e)    Whether the Plan of Allocation is fair and reasonable to the members of the Settlement Class;

(f)    Whether the application for compensatory awards, pursuant to the PSLRA, to be submitted on behalf of Lead Plaintiff and Plaintiff should be approved; and

(g)    Such other matters as the Court may deem necessary or appropriate.

22.    The Court may finally approve the Stipulation at or after the Final Approval Hearing with any modifications agreed to by the Parties and without further notice to the Class

Members.  The Court may also adjourn the Final Approval Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

23.     Lead Counsel shall submit papers in support of the Settlement, Plan of Allocation and awards of attorney fees and expenses and compensatory awards no later than **thirty five (35) calendar days** prior to the Final Approval Hearing.

24.     Any Class Member may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing; provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than **twenty one (21) calendar days** before the Final Approval Hearing, such person files with the Court a statement of objection setting forth: (i) whether the person is a Class Member; (ii) to which part of the Settlement, Plan of Allocation, or request for attorneys' fees and expenses and compensatory awards the Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Class Member wishes to bring to the Court's attention. Such Class Member shall also provide documentation sufficient to establish the amount of Avon common stock purchased and sold during the Class Period (including the number of shares, dates, and prices). Failure to provide such information and documentation shall be grounds to void the objection.

25.     Objection materials must be mailed to:

> Lead Counsel:                Gregory Mark Nespole
>                              Levi & Korsinsky, LLP
>                              55 Broadway, 10th Floor
>                              New York, NY 10006

26.     Upon receipt of the objection materials, Lead Counsel shall immediately send such

materials to Defendants' Counsel.

27.     All papers in response to objections or otherwise in support of the Settlement and related matters shall be filed no later than **seven (7) days** prior to the Final Approval Hearing.

28.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

29.     Defendants shall have no responsibility for the Plan of Allocation or any application for a Fee and Expense Order.

30.     At or after the Final Approval Hearing, the Court will determine whether the Plan of Allocation and any application for a Fee and Expense Order proposed by Lead Counsel should be approved.

31.     All reasonable fees and expenses incurred in identifying and notifying Class Members, as well as administering the Settlement, shall be paid as set forth in the Stipulation.

32.     If the Settlement is approved, all Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Class Member submits a Proof of Claim. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

## **Other Provisions**

33.     Upon payment of the Settlement Amount into the Escrow Account pursuant to the

Stipulation, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to Defendants pursuant to the Stipulation and/or further order of this Court. There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved and the Court issues the Class Distribution Order.

34.     Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Class Members from Avon's shareholder transfer records, in no event shall the Released Defendant Parties have any responsibility for the administration of the Settlement, and the Released Defendant Parties shall not have any obligation or liability to Plaintiffs, the Settlement Class, or any Class Member in connection with such administration.

35.     No Person shall have any claim against Plaintiffs, the Claims Administrator, the Escrow Agent, Plaintiffs' Counsel, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with the Stipulation, the Plan of Allocation, or any further order of the Court. No person shall have any claim under any circumstances against the Released Defendant Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

36.     Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action and maintain that they have at all times acted in good faith and in compliance with the law. They contend that they did not make any materially false or misleading statements or omissions, that they disclosed all material information required to be disclosed, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses suffered by members of the Settlement

Class were not caused by any false or misleading statements by Defendants and/or were caused by other events. Defendants have represented that they entered into the Settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

37.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or other Released Parties, or deemed to be evidence, of the truth of any of the allegations in the Action, or of any liability, fault, wrongdoing, or damage of any kind, or any infirmity in the defenses that Defendants have asserted.

38.     The Released Defendant Parties, Released Plaintiff Parties, and their respective counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support any defense or counterclaim, including without limitation those based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

39.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

40.     The Court retains jurisdiction to consider all further applications arising out of or connected with the settlement.


**SO ORDERED** in the Southern District of New York on _____, 2020.

_____

THE HON. MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

Exhibit A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Avon Products Inc. Securities Litigation | Case No. 19-cv-01420-MKV<br><br>Hon. Mary Kay Vyskocil<br><br><br>**EXHIBIT A-1** |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND**
**MOTION FOR ATTORNEYS' FEES AND EXPENSES**

TO:   **ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED COMMON STOCK OF AVON PRODUCTS, INC. ("AVON") DURING THE PERIOD FROM JANUARY 21, 2016 TO NOVEMBER 1, 2017, INCLUSIVE.**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE PROCEEDS OF THE SETTLEMENT, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") POSTMARKED OR SUBMITTED ONLINE NO LATER THAN [INSERT].

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**Securities and Time Period:**  Avon Products, Inc. ("Avon") publicly traded common stock purchased or acquired from January 21, 2016 through November 1, 2017, inclusive.

**Settlement Fund:** Settlement fund of $14,500,000 total in cash has been established pursuant to the Settlement.[1]  Your recovery will depend on, among other things, the amount of common stock purchased/acquired and the timing of your purchase/acquisition.  Depending on the number of eligible shares that participate in the Settlement and when those shares were purchased, Plaintiffs estimate the average cash recovery per damaged share of common stock will be approximately $0.04 per share (assuming Claims representing all damaged shares are filed), before deduction of court-approved fees and expenses.

---

[1] This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated August 21, 2020 (the "Stipulation"), and all capitalized terms used but not defined herein shall have the same meanings as in the Stipulation.  A copy of the Stipulation can be obtained at www.[INSERT].com.

**Reasons for Settlement:**  The principal reason for the Settlement is the benefit to be provided to the Settlement Class now. This benefit must be compared to the costs and risks associated with continued litigation, including the danger of no recovery for Class Members after a contested trial and likely appeals, possibly years into the future.

**If the Class Action Had Not Settled:**  Continuing with the case could have resulted in dismissal or loss at trial.  The parties disagree about both liability and damages and do not agree on the average amount of damages that would be recoverable even assuming the Settlement Class prevailed on each claim alleged. The Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages. Among the issues about which the two sides disagree are: (1) whether, and the extent to which, various statements and/or omissions alleged by Plaintiffs were materially false or misleading or actionable under the securities laws; (2) whether any of the Defendants intended to mislead investors, (3) whether, and the extent to which, various statements and/or omissions alleged by Plaintiffs influenced the trading price of Avon common stock during the Class Period; (4) whether Avon common stock was artificially inflated during the Class Period; (5) the method for determining whether and to what extent Avon common stock was artificially inflated during the Class Period; and (5) the amount of such inflation, if any.

**Attorneys' Fees and Expenses:**  Lead Counsel has not received any payment for their work investigating the facts, conducting this litigation, or negotiating the Settlement on behalf of plaintiffs and the Settlement Class.  Court-appointed Lead Counsel will ask the Court, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees not to exceed 30% of the Settlement Fund and payment of expenses not to exceed $210,000, which may include an application pursuant to

the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Plaintiffs directly related to their litigation efforts, to be paid from the Settlement Fund.  If the above amounts are requested and approved by the Court, the average cost per damaged share of common stock will be approximately $0.01 per share. If the above amounts are requested and approved, Plaintiffs estimate the average cash recovery per damaged share of common stock will be approximately $0.03 per share (assuming Claims representing all damaged shares are filed).

**Deadlines:**

Submit Claim:          _____, 2020
Request Exclusion:   _____, 2020
File Objection:         _____, 2020

**Court Hearing on Settlement:**   _____, 2020

**More Information:**  www.[INSERT].com or

| **Claims Administrator:** | **Lead Counsel:** |
|---|---|
| Epiq Global | Gregory Mark Nespole, Esq |
| [INSERT] | Levi & Korsinsky, LLP |
| | 55 Broadway, 10th Floor |
| | New York, NY 10006 |
| | gnespole@zlk.com |

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION SETTLEMENT:**

| | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you do not like this Settlement. |

| | |
|---|---|
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation for the proceeds of the Settlement, and/or the request for attorneys' fees and expenses. |
| **DO NOTHING** | Get no payment |

These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1.    Why Did I Get This Notice Package?

You or someone in your family may have purchased or acquired the publicly traded common stock of Avon during the period from January 21, 2016 to November 1, 2017, inclusive.

The Court ordered that this Notice be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections and/or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows. Receipt of this Notice does not mean that you are a member of the Settlement Class or that you will be entitled to receive a payment. If you wish to be eligible for a payment, you are required to submit the Proof of Claim Form that is being distributed with this Notice.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *In re Avon Products, Inc. Securities Litigation*, 19-cv-01420-MKV (S.D.N.Y.). The people who sued are called Plaintiffs, and the companies and the individuals they sued, Avon Products, Inc., as well as Sherilyn S. McCoy, James S. Scully, James S. Wilson and David Legher are called Defendants. Defendants have agreed to settle the claims made in this case.

**2.      What is this Lawsuit About?**

Plaintiffs filed this lawsuit asserting securities fraud claims against Defendants based, *inter alia*, on allegations that Avon and certain of its former officers and directors violated the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder. The Defendants filed a motion to dismiss the Action, which the Court denied on November 18, 2019.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the litigation and maintain that they have at all times acted in good faith and in compliance with the law. They contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses suffered by members of the Settlement Class were not caused by any false or misleading statements or any other act or omission by Defendants and/or were caused by other events.  Defendants have agreed to settle this action, without admitting any wrongdoing, solely to avoid the expense, distraction, and uncertainty of further litigation.

**3.      Why Is This a Class Action?**

In a class action, one or more people or entities called class representatives (in this case, Lead Plaintiff Holly Ngo and additionally named Plaintiff David Klungle ('Plaintiffs")) sue on behalf of a group of people who have similar claims, otherwise known as members of the class or class members. One court resolves the issues for all the class members, except for those who exclude themselves from the class.  Judge Mary Kay Vyskocil is in charge of this proposed class action.

### 4.      Why Is There a Settlement?

The Court did not decide in favor of the Plaintiffs or Defendants.  Instead, both sides have agreed to a settlement. As a result, the Parties will avoid the cost of further litigation, and eligible Class Members who make valid Claims will get compensation. Plaintiffs and their attorneys (referred to here as Lead Counsel) think the Settlement is the best resolution of this lawsuit for all Class Members.

### WHO IS IN THE SETTLEMENT?

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

### 5.      How Do I Know if I Am A Part of the Settlement?

The Settlement Class includes all persons and entities who purchased or otherwise acquired the publicly traded common stock of Avon during the period from January 21, 2016 to November 1, 2017, inclusive ("Class Period").

### 6.      What Are the Exceptions to Being Included?

You are not a Class Member if you are:

- A Defendant;

- A director or officer of Avon during the Class Period;

- A member of the immediate family of any Defendant who is an individual;

- A firm, trust, corporation, or other entity in which any Defendant had a controlling interest;

- A legal representative, affiliate, successor-in-interest, or assign of any excluded party;

- If you only sold, but did not purchase, Avon common stock from January 21, 2016 through November 1, 2017, you are not a member of the Settlement Class. You are a member of the Settlement Class only if you purchased or otherwise acquired Avon shares during the Class Period.

**7.     I'm Still Not Sure If I Am Included in the Class Action**

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at [INSERT], or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**8.     What Does the Settlement Provide?**

Defendants have agreed to pay or cause their insurers to pay a total of $14,500,000 in cash as part of the Settlement.

The Settlement Fund will be divided among all eligible Class Members who send in valid Proof of Claim Forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice (the "Net Settlement Fund").

**9.     How Much Will My Payment Be?**

The Settlement Amount and the interest it earns is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and

Administration Expenses, Taxes, Tax Expenses, and any other fees or expenses approved by the Court is the "Net Settlement Fund." The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Proof of Claim forms that show a "Recognized Claim" according to the Plan of Allocation approved by the Court. Your share of the Net Settlement Fund will depend on several things, including how many Class Members submit timely and valid Proof of Claim forms, the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, the total number of shares of Avon common stock you purchased or acquired, how much you paid, and if and when you sold or divested those shares. It is unlikely that you will get a payment that equals the entirety of your Recognized Claim. After all Claimants have sent in their Proof of Claim forms, the payment you receive will be a *pro rata* proportion of the Net Settlement Fund equal to your Recognized Claim divided by the total Recognized Claims of all Authorized Claimants. Your payment will be made in cash.

The Plan of Allocation (the "Plan of Allocation" or "Plan") set forth below is the plan that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan will be posted at www.[INSERT].com.

The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses allegedly as a result of the asserted violations of the federal securities laws during the Class Period (January 21, 2016 through November 1, 2017). In this case, Lead Plaintiff alleges that Defendants issued false statements and omitted material facts during the Class Period that allegedly artificially inflated the price of Avon common stock. It is alleged that corrective information released to the market prior to market open on February 16, 2017, May 4, 2017, August 3, 2017, and November 2, 2017, impacted the

market price of Avon common stock on those days in a statistically significant manner and removed the alleged artificial inflation from the share price on those days after the release of the corrective information. Accordingly, in order to have a compensable loss in this Settlement, your shares of Avon common stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosure dates listed above.  To design this Plan, Lead Counsel has conferred with Lead Plaintiff's damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Plaintiff and Lead Counsel believe were recoverable in the Action pursuant to the Exchange Act.

Defendants, Defendants' Counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any Claim.  Plaintiffs, Plaintiffs' Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of Avon common stock will first be matched on a First In/First Out ("FIFO") basis.  If a Class Member has more than one purchase/acquisition or sale of Avon common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

The Claims Administrator will calculate a "Recognized Loss Amount" for each purchase of Avon common stock during the Class Period (January 21, 2016 through November 1, 2017)

that is listed in the Proof of Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.  The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

For each share of Avon common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on January 30, 2018, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

**For each share of Avon common stock purchased or acquired from January 21, 2016 through and including November 1, 2017, and**:

A. Sold before the opening of trading on February 16, 2017, the Recognized Loss Amount for each such share shall be zero.

B. Sold after the opening of trading on February 16, 2017 through the close of trading on November 1, 2017, the Recognized Loss Amount for each such share shall be ***the lesser of***:

   1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below _minus_ the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

   2. the Out of Pocket Loss.

C. Sold after the close of trading on November 1, 2017 and before the close of trading on January 30, 2018, the Recognized Loss Amount for each such share shall be ***the least of***:

   1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

   2. the actual purchase/acquisition price of each such share _minus_ the average closing price from November 2, 2017, up to the date of sale as set forth in **Table 2** below; or

   3. the Out of Pocket Loss.

D. Held as of the close of trading on January 30, 2018, the Recognized Loss Amount for each such share shall be *the lesser of*:

1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

2. the actual purchase/acquisition price of each such share *minus* $2.14.[2]

### TABLE 1

**Avon Common Stock Artificial Inflation
for Purposes of Calculating Purchase and Sale Inflation**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| January 21, 2016 – February 15, 2017 | $1.52 |
| February 16, 2017 – May 3, 2017 | $0.97 |
| May 4, 2017 – August 2, 2017 | $0.17 |
| August 3, 2017 – November 1, 2017 | $0.08 |

### TABLE 2

**Avon Common Stock Closing Price and Average Closing Price
November 2, 2017 – January 30, 2018**

| Date | Closing Price | Average Closing Price Between November 2, 2017 and Date Shown | Date | Closing Price | Average Closing Price Between November 2, 2017 and Date Shown |
|---|---|---|---|---|---|
| 11/2/2017 | $2.15 | $2.15 | 12/15/2017 | $2.18 | $2.01 |
| 11/3/2017 | $1.94 | $2.05 | 12/18/2017 | $2.14 | $2.02 |

---

[2] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Avon common stock during the "90-day look-back period," November 2, 2017 through January 30, 2018.  (*See* Table 2 below.)  The mean (average) closing price for Avon common stock during this 90-day look-back period was $2.14.

| Date | Closing Price | Average Closing Price Between November 2, 2017 and Date Shown | Date | Closing Price | Average Closing Price Between November 2, 2017 and Date Shown |
|---|---|---|---|---|---|
| 11/6/2017 | $2.05 | $2.05 | 12/19/2017 | $2.27 | $2.03 |
| 11/7/2017 | $1.95 | $2.02 | 12/20/2017 | $2.35 | $2.04 |
| 11/8/2017 | $2.02 | $2.02 | 12/21/2017 | $2.29 | $2.04 |
| 11/9/2017 | $1.90 | $2.00 | 12/22/2017 | $2.29 | $2.05 |
| 11/10/2017 | $1.92 | $1.99 | 12/26/2017 | $2.27 | $2.06 |
| 11/13/2017 | $1.88 | $1.98 | 12/27/2017 | $2.23 | $2.06 |
| 11/14/2017 | $1.87 | $1.96 | 12/28/2017 | $2.15 | $2.06 |
| 11/15/2017 | $1.88 | $1.96 | 12/29/2017 | $2.15 | $2.06 |
| 11/16/2017 | $1.90 | $1.95 | 1/2/2018 | $2.18 | $2.07 |
| 11/17/2017 | $1.94 | $1.95 | 1/3/2018 | $2.22 | $2.07 |
| 11/20/2017 | $1.94 | $1.95 | 1/4/2018 | $2.18 | $2.07 |
| 11/21/2017 | $1.98 | $1.95 | 1/5/2018 | $2.21 | $2.08 |
| 11/22/2017 | $2.10 | $1.96 | 1/8/2018 | $2.20 | $2.08 |
| 11/24/2017 | $2.06 | $1.97 | 1/9/2018 | $2.18 | $2.08 |
| 11/27/2017 | $2.03 | $1.97 | 1/10/2018 | $2.11 | $2.08 |
| 11/28/2017 | $2.00 | $1.97 | 1/11/2018 | $2.17 | $2.08 |
| 11/29/2017 | $2.04 | $1.98 | 1/12/2018 | $2.21 | $2.09 |
| 11/30/2017 | $1.98 | $1.98 | 1/16/2018 | $2.21 | $2.09 |
| 12/1/2017 | $2.05 | $1.98 | 1/17/2018 | $2.24 | $2.09 |
| 12/4/2017 | $2.08 | $1.98 | 1/18/2018 | $2.26 | $2.10 |
| 12/5/2017 | $2.05 | $1.99 | 1/19/2018 | $2.33 | $2.10 |
| 12/6/2017 | $2.09 | $1.99 | 1/22/2018 | $2.37 | $2.10 |
| 12/7/2017 | $2.08 | $2.00 | 1/23/2018 | $2.37 | $2.11 |
| 12/8/2017 | $2.08 | $2.00 | 1/24/2018 | $2.39 | $2.11 |
| 12/11/2017 | $1.98 | $2.00 | 1/25/2018 | $2.35 | $2.12 |
| 12/12/2017 | $2.13 | $2.00 | 1/26/2018 | $2.43 | $2.12 |
| 12/13/2017 | $2.09 | $2.01 | 1/29/2018 | $2.41 | $2.13 |
| 12/14/2017 | $2.11 | $2.01 | 1/30/2018 | $2.51 | $2.14 |

The Plan of Allocation also includes the following additional provisions:

1) There shall be no Recognized Loss Amount attributed to any Avon securities other than common stock.  With respect to Avon common stock purchased or sold through the exercise of an option, the purchase/sale date of the Avon common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

2) The date of a purchase or sale is the "trade" date and not the "settlement" date.

3) The receipt or grant by gift, inheritance or operation of law of Avon common stock during the Class Period shall not be deemed a purchase or acquisition of such shares for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares unless (i) the donor or decedent purchased or otherwise acquired such shares of Avon common stock during the Class Period; (ii) no Proof of Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

4) The Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a Claimant has an opening short position in Avon common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery.  In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

5) Distributions will be made to eligible Authorized Claimants after all Claims have been processed and after the Court has finally approved the Settlement.  No payment will be made on a Claim where the distribution amount is less than $10.00. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise)

after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, Tax Expenses, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their initial checks in an equitable and economic fashion.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of outstanding Notice and Administration Expenses, Taxes, Tax Expenses, and attorneys' fees and expenses, if any, shall be contributed to a nonsectarian charitable organization(s) certified as tax-exempt under Section 501(c)(3) of the Code, as approved by the Court.

6) If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

7) Payment according to this Plan of Allocation will be deemed conclusive against all Claimants. Please be advised that if you did not incur a Recognized Claim, as defined in the Plan of Allocation, you will not receive a distribution from the Net Settlement Fund, but you will still be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties.

8) No person or entity shall have any claim against Plaintiffs' Counsel, the Claims Administrator, or any Defendants' Counsel based on a distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

9) Class Members who do not submit timely valid Proof of Claim forms may not share in the settlement proceeds. Class Members who do not either submit a request for exclusion or submit

a valid Proof of Claim form will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action.

10) Each Claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its Claim.

**HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM FORM**

**10.     How Will I Get a Payment?**

To qualify for payment, you must be an eligible Class Member and you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and either mail it in the enclosed envelope *postmarked no later than _____, 2020* or submit it online using the Settlement website: www. [INSERT].com *no later than _____, 2020*.

**11.     When Will I Get My Payment?**

The Court will hold a hearing on _____, 2020 to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who timely submits a properly addressed Proof of Claim form will be informed of the determination with respect to his or her Claim. Please be patient.

**12.     What Am I Giving Up to Receive a Payment or Stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the other Released Defendant Parties about the same legal issues in this case. It also means that all of the Court's Orders in this Action will apply to you and legally bind you, and you will be

releasing your claims in this case against the Defendants and other Released Defendant Parties. The terms of the release are described below.

Specifically, if the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims in the Action and will provide that Plaintiffs and all other Class Members, on behalf of themselves, and their respective past and present trustees, fiduciaries, guardians, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, in their capacities as such, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Plaintiffs' Claims against the Released Defendant Parties; and (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

"Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown (defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and (2) the purchase or acquisition of Avon publicly traded common stock during the Class Period.  The Release shall not include claims to enforce the Settlement.

"Released Defendant Parties" means Defendants, and any and all of their respective immediate family members, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, trustees, accountants, auditors, agents, insurers, co-insurers and reinsurers, heirs, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors and assigns.

"Unknown Claims" means any and all Released Plaintiffs' Claims that any Plaintiff or Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendant Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class, and any of the Released Defendants' Claims which Defendants do not know or suspect to exist in his, her or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, Plaintiffs and Defendants stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall each, for themselves and all persons claiming by, through or on behalf of them, expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does
> not know or suspect to exist in his or her favor at the time of executing the release

and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Released Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Released Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Released Plaintiff Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or

rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and all Class Members and any successors, assigns, and persons claiming through or on behalf of any of the foregoing, shall, by operation of law, be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims were separately bargained for and constitute material elements of this Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue any of the Defendants or other Released Defendant Parties on your own about the same legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself and is sometimes referred to as "opting out" of the Settlement Class.

### 13.    How Do I Get Out of the Settlement Class?

To exclude yourself form the Settlement Class, you must send a letter by mail stating that you want to be excluded from *In re Avon Products Inc. Securities Litigation*, 19-cv-01420-MKV. You must include your name, address, telephone number, signature, the number of shares of Avon common stock you purchased or otherwise acquired from January 21, 2016 through November 1, 2017, and the dates and prices of such purchases. You must mail your exclusion request so that it is ***received no later than _____, 2020*** at:

*Avon Products Inc. Securities Litigation*
Claims Administrator
c/o Epiq Global
[INSERT]

You cannot exclude yourself by phone or by e-mail. If you ask to be excluded and follow the procedures described herein for exclusion, you will not be eligible to get any settlement

payment or object to the Settlement. You will not be legally bound by this Settlement and its Releases.

### 14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue the Defendants or other Released Defendant Parties for the claims resolved by this class action settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember the exclusion deadline is _____, 2020.

### 15.    If I Exclude Myself, Can I Get Money from This Settlement?

No. If you exclude yourself, you will not be eligible to participate in the Settlement and should not send in a Proof of Claim form. However, you may sue, continue to sue, or be part of a lawsuit alleging different claims against any of the Defendants. Please note: if you bring your own claims, Defendants will have the right to seek their dismissal.  Also, Defendants may terminate the Settlement if Class Members who purchased in excess of a certain number of shares of Avon common stock seek exclusion from the Settlement Class.

### THE LAWYERS REPRESENTING YOU

### 16.    Do I Have a Lawyer in This Case?

The Court appointed the law firm of Levi & Korsinsky, LLP to represent you and other Class Members.

These lawyers are called Lead Counsel. You will not be charged for the services of these lawyers or any of Plaintiffs' Counsel in this case. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.    How Will the Lawyers Be Paid?

Lead Counsel will ask the Court, on behalf of Plaintiffs' Counsel, for attorneys' fees of up to 30% of the Settlement Fund.  Lead Counsel was assisted in this case by Labaton Sucharow LLP, and The Schall Law Firm (collectively with Lead Counsel, "Plaintiffs' Counsel"), which provided additional legal assistance to the Plaintiffs. Lead Counsel has agreed to share the awarded attorneys' fees with Plaintiffs' Counsel, and payment to them will in no way increase the fees that are deducted from the Settlement Fund.  Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution and settlement of the Action of no more than $210,000, plus accrued interest.  As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for the risk in undertaking this representation on a wholly contingent basis. To date, Plaintiffs' Counsel have not been paid for their services for conducting this litigation on behalf of the Plaintiffs and Settlement Class nor for their substantial litigation expenses. The fees requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement and are within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

Lead Counsel will also request that the Court award Lead Plaintiff Holly Ngo an award of no more than $10,000 and additionally named Plaintiff David Klungle an award of no more than $10,000 as reimbursement for their time and expenses in connection with their representation of the proposed class in the Action in accordance with the PSLRA.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

**18.    How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it. You should give reasons why you think the Court should not approve the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and expenses. You must explain whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class.  To object, you must send a letter saying that you object to the Settlement in *In re Avon Products Inc., Securities Litigation*, 19-cv-01420-MKV (S.D.N.Y.). Be sure to include the reasons you object, as well as the following information: your name; address; telephone number; signature; and the number of shares you purchased and sold during the period from January 21, 2016 to November 1, 2017, inclusive, as well as the dates and prices of each such purchase and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your objection must be filed with the Court at the address below, either by mail or in person, no later than _____, 2020 and be mailed or delivered to the following counsel so that it is received no later than _____, 2020:

| Court: | Lead Counsel: | Defendants' Counsel: |
|---|---|---|
| Clerk of the Court United States District Court Southern District of New York 500 Pearl Street New York, NY 10007 | Gregory Mark Nespole, Esq. Levi & Korsinsky, LLP 55 Broadway, 10th Floor New York, NY 10006 | Karin DeMasi, Esq. Cravath, Swaine & Moore LLP 825 Eighth Avenue \| New York, NY 10019 |

**19.     What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement or Lead Counsel's request for attorneys' fees and expenses. You can object ***only if*** you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

<strong>THE COURT'S FAIRNESS HEARING</strong>

The Court will hold a hearing to decide whether to approve the Settlement and also whether to approve Lead Counsel's request for attorneys' fees and expenses, and the proposed Plan of Allocation.  You may attend and you may ask to speak, but you do not have to.

**20.     When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at _____ ___.m., on _____, 2020, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 18C, New York, New York 10007. At this hearing the Court will consider whether the settlement of the Action and the proposed Plan of Allocation is fair, reasonable, and adequate. The Court will also consider how much to pay to Lead Counsel.  If there are objections, the Court will consider them. The Court will listen to people who have properly asked to speak at the hearing. The Court may decide these issues at the hearing or take them under consideration.  We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the settlement hearing, or hold the hearing remotely, without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or

time has not changed, and check the Settlement website at www. [INSERT].com to see if the hearing stays as calendared or is changed. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**21.    Do I Have to Come to the Hearing?**

No. Lead Counsel will answer any questions the Court may have on behalf of Class Members. However you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22.    May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your intention to appear in *In re Avon Products, Inc. Securities Litigation*, 19-cv-01420-MKV (S.D.N.Y.). Be sure to include your name, address, telephone number, signature, and the number of shares of Avon common stock you purchased and sold during the period from January 21, 2016 to November 1, 2017, inclusive, as well as the dates and prices of each such purchase and sale. Your notice of intention to appear must be received no later than _____, 2020, by Lead Counsel at the address listed in question 18. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**IF YOU DO NOTHING**

**23.    What Happens if I Do Nothing At All?**

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or other Released Parties about the same legal issues in this case.

## GETTING MORE INFORMATION

### 24.   Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement. More details are in the Stipulation dated as of August 21, 2020. You can get a copy of the Stipulation or more information about the Settlement by visiting www.[INSERT].com.

You can also contact the Claims Administrator:

> *Avon Products, Inc. Securities Litigation*
> Claims Administrator
> c/o Epiq Global
> [INSERT]

Or Lead Counsel

> Gregory Mark Nespole, Esq.
> Levi & Korsinsky, LLP
> 55 Broadway, 10th Floor
> New York, NY 10006

You can also obtain a copy from the Clerk's Office during regular business hours:

> Clerk of Court
> U.S. Courthouse
> 500 Pearl Street
> New York, New York 10007

**DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

**SPECIAL NOTICE TO NOMINEES**

If you purchased or acquired shares of the publicly traded common stock of Avon during the period from January 21, 2016 to November 1, 2017, inclusive, then, within ten (10) calendar days after you received this Notice, you must either: (1) send a copy of this Notice and Proof of Claim by first class mail to all such beneficial owners; or (2) provide a list of names and addresses of such Persons to the Claims Administrator:

*Avon Products, Inc. Securities Litigation*
Claims Administrator
c/o Epiq Global
[INSERT]

If they are available, you must also provide the Claims Administrator with the e-mails of the beneficial owners.  If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.  You must also send a statement to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.

Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, upon request and submission of appropriate documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator.

**DATED:  _____, 2020**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Exhibit A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Avon Products Inc. Securities Litigation | Case No. 19-cv-01420-MKV<br><br>Hon. Mary Kay Vyskocil<br><br>**EXHIBIT A-2** |

**PROOF OF CLAIM AND RELEASE**

## I.       GENERAL INSTRUCTIONS

1.       To recover as a member of the Settlement Class based on your claims in the action entitled *In re Avon Products, Inc. Securities Litigation*, 19-cv-01420-MKV (the "Action"), you must complete and, on pages 5-6 hereof, sign this Proof of Claim and Release form ("Proof of Claim" or "Claim Form").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action.[1]

2.       Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement in the Action.

3.       **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW. [INSERT].COM NO LATER THAN _____, 2020 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN _____, 2020, ADDRESSED AS FOLLOWS**:

*Avon Products Inc. Securities Litigation*
Claims Administrator
c/o Epiq Global
[INSERT]

4.       If you are a Class Member, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM OR RECEIVE A PAYMENT unless you timely and validly request exclusion from the Settlement Class pursuant to the Notice.  If you request exclusion, do not submit a Claim Form because you will no longer be eligible to do so.

## II.      CLAIMANT IDENTIFICATION

---

[1] Unless otherwise stated, all terms used in this Proof of Claim shall have the same meanings as set forth in the Stipulation and Agreement of Settlement filed with the Court.

1.      If you purchased or acquired Avon Products, Inc. publicly traded common stock during the period from January 21, 2016 through November 1, 2017, inclusive, and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is a record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify  each beneficial purchaser or acquirer of Avon  publicly traded common stock that forms the basis of this claim, as well as the purchaser or acquirer of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE AVON COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this Claim Form.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them; their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

1.      Use "Part II" of this form below entitled "Schedule of Transactions in Avon Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially in the same form. Sign and print or type your name on each additional sheet.

2

2.      On the schedules, provide all of the requested information with respect to **all** of your purchases or acquisitions of Avon common stock that took place at any time from January 21, 2016 through November 1, 2017, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to your sales of Avon common stock and the shares of Avon common stock you held at the opening of trading on January 21, 2016 and the close of trading on January 30, 2018. Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction in the Class Period separately and in chronological order by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4.      Copies of broker confirmations or other documentation of your transactions in Avon common stock must be submitted with your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS.

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.

6.      NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.[INSERT]. com.  Any file not in accordance with the required electronic filing format will be subject to rejection.

PART I:        CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

_____
Beneficial Owner's Name (First, Middle, Last)


_____
Co-Beneficial Owner's Name (First, Middle, Last)


_____
Street Address


_____        _____
City                                     State or Province


_____        _____
Zip Code or Postal Code                  Country


_____        _____
Social Security Number or                Individual
Taxpayer Identification Number           _____
                                         Corporation/Other

_____            _____
Area Code                                Telephone Number (Work)


_____            _____
Area Code                                Telephone Number (Home)


_____
Record Owner's Name (if different from beneficial owner listed above)

PART II:     SCHEDULE OF TRANSACTIONS IN AVON PUBLICLY TRADED
             COMMON STOCK

A.     Number of shares of Avon publicly traded common stock held at the opening of
       trading on January 21, 2016: _____. (Must be documented.)

B.     Purchases or acquisitions of Avon publicly traded common stock from January
       21, 2016 through November 1, 2017, inclusive (must be documented.):

|   | Trade Date<br>Mo. Day Year | Number of Shares<br>Purchased or Acquired | Total Purchase Price |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

C.     Sales of Avon publicly traded common stock from January 21, 2016 through
       January 30, 2018:

|   | Trade Date<br>Mo. Day Year | Number of Shares<br>Sold | Total Transaction Price |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

D.  Number of shares of Avon publicly traded common stock held at the close of trading
    on January 30, 2018: _____

       If you require additional space, attach extra schedules in the same format as
       above. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE ____.  FAILURE TO SIGN
THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE
REJECTION OF YOUR CLAIM.


**IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

       I (We) submit this Proof of Claim and Release under the terms of the Stipulation and

Agreement of Settlement, dated August 21, 2020 ("Stipulation") described in the Notice. I (We)

also submit to the jurisdiction of the United States District Court for the Southern District of New

York, with respect to my (our claim) as a Class Member (as defined in the Notice) and for purposes

of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) not excluded from the Settlement Class and am (are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or sales of Avon publicly traded common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## V.     RELEASE

1.      I (We) hereby acknowledge, on behalf of myself (ourselves) and each of my (our) past and present trustees, fiduciaries, guardians, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of myself (ourselves), in their capacities as such, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Claims against the Released Parties; and (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

2.      This release shall be of no force or effect unless and until the Court approves the Settlement set forth in the Stipulation and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Avon publicly traded common stock that occurred during the Class Period as well as the number of shares held by me (us) at the opening of trading on January 21,

2016, and the close of trading on January 30, 2018.

5.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____

                                  (Month/Year)                             (City/State/Country)

_____       _____
(Sign your name here)                                    (Sign your name here)

_____       _____
(Type or print your name here)                           (Type or print your name here)

_____       _____
(Capacity of person(s) signing, *e.g.*,                     (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)     Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send originals of certificates.**
5. Keep a copy of your claim form and all supporting documentation for your records.
6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.**

**THIS PROOF OF CLAIM FORM MUST BE SUBMITTED NO LATER THAN _____,**

**ADDRESSED AS FOLLOWS**

*Avon Products Inc. Securities Litigation*
Claims Administrator
c/o Epiq Global
[INSERT]

7

# Exhibit A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re Avon Products Inc. Securities Litigation | Case No. 19-cv-01420-MKV |
|  | Hon. Mary Kay Vyskocil |
|  | **EXHIBIT A-3** |

TO:   **ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED AVON PRODUCTS INC. ("AVON") PUBLICLY TRADED COMMON STOCK DURING THE PERIOD FROM JANUARY 21, 2016 THROUGH NOVEMBER 1, 2017, INCLUSIVE.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure that a hearing will be held on _____, 2020, at ___:00 .m., before the Honorable Mary Kay Vyskocil, United States District Judge, at the Courthouse for the United States District Court, Southern District of New York, Courtroom 18C, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007, for the purpose of determining, among other things, whether the following matters should be approved by the Court: (1) the proposed Settlement of the claims in the Action for the sum of $14,500,000 in cash as fair, reasonable, and adequate to the members of the Settlement Class; (2) whether, thereafter, the Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement dated August 21, 2020 ("Stipulation"); (3) whether the Plan of Allocation for the proceeds of the Settlement is fair, reasonable, and adequate and therefore should be approved; (4) whether the application of Lead Counsel for the payment of attorneys' fees and litigation expenses incurred in connection with the Action should be approved; and (5) whether the Lead Plaintiff and additional Plaintiff should receive an award pursuant to the Private Securities Litigation Reform Act of 1995. The Court may change the date of the Final Approval Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Hearing to receive a distribution from the Net Settlement Fund.

If you purchased or otherwise acquired Avon's publicly traded common stock from January 21, 2016 through November 1, 2017, inclusive, your rights will be affected by the settlement of this class action. If you have not received the detailed Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release Form, you may obtain them free of charge by contacting the Claims Administrator, by mail at: Avon Products Inc. Securities Litigation, Claims Administrator, c/o Epiq Global, [INSERT], or www.[INSERT].com.

If you are a member of the Settlement Class and wish to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim no later than _____, 2020 establishing

that you are entitled to recovery. As further described in the Notice, you will be bound by any Judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Settlement Class, in accordance with the procedures set forth in the Notice, no later than _____, 2020. Any objections to the Settlement, Plan of Allocation, or requests for attorneys' fees and expenses must be served and filed, in accordance with the procedures set forth in the Notice, no later than _____, 2020.

Inquiries, other than requests for the Notice, may be made to Lead Counsel for the Settlement Class:   Gregory Mark Nespole, Esq, Levi & Korsinsky, LLP, 55 Broadway, 10th Floor, New York, NY 10006, gnespole@zlk.com.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above.

**DATED:   _____, 2020**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Avon Products Inc. Securities Litigation | Case No. 19-cv-01420-MKV |
| | Hon. Mary Kay Vyskocil |
| | **EXHIBIT B** |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**
**WITH PREJUDICE**

**WHEREAS,** this matter came before the Court for hearing pursuant to an Order of this Court, dated _____, 2020, on the unopposed application of the Plaintiffs for approval of the Settlement set forth in the Stipulation and Agreement of Settlement ("Stipulation"), dated as of August 21, 2020:

(A)     Pursuant to the Preliminary Approval Order entered on _____, 2020, this Court scheduled a Final Approval Hearing for _____, 2020, at _____ a.m., to determine, *inter alia*, whether the proposed Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees, litigation expenses, and compensatory awards to Plaintiffs are fair, reasonable, and adequate, and should be approved by the Court (the "Final Approval Hearing");

(B)     The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the dissemination of the Notice and the Summary Notice;

(C)     Due to adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having held a Final Approval Hearing on _____, 2020, and the Court having considered all papers filed and proceedings in this

Action and otherwise being fully informed of the matters herein, and for the reasons stated on the record on _____, 2020 and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who purchased or otherwise acquired the publicly traded common stock of Avon during the period from January 21, 2016 to November 1, 2017, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Avon during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity, in their respective capacity as such; and (vi) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.  Nothing in this definition shall operate to exclude the Avon Personal Savings Account Plan from the Settlement Class.

4.      Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Holly

- 2 -

Ngo as Class Representative for the Settlement Class; and finally appoints the law firm of Levi & Korsinsky LLP as Class Counsel for the Settlement Class.

5.　　　Plaintiffs and all Class Members are bound by this Order and Final Judgment (the "Judgment"). [The Persons identified in Exhibit 1 hereto have submitted timely and valid Requests for Exclusion and are accordingly excluded from the definition of the Settlement Class and shall not be bound by this Judgment.]

6.　　　This Court finds that the dissemination of the Notice and the Summary Notice, and the notice methodology, all of which were implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

(a)　　　Constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b)　　　Were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement, Plan of Allocation, and the request for attorneys' fees, Litigation Expenses, and awards to Plaintiffs; (iv) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)　　　Were reasonable, fair, and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)     Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (e)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Local Rules of the United States District Court for the Southern District of New York, and any other applicable law.

7.     The terms and provisions of the Stipulation were negotiated by experienced counsel representing the Parties, at arm's-length and with the assistance of an experienced mediator, and were entered into by the Parties in good faith.

8.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to all members of the Settlement Class, and in the best interests of the Settlement Class taking into account, *inter alia*: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

9.     The Settlement set forth in the Stipulation is hereby finally approved as fair, reasonable, and adequate in all respects, in accordance with the terms and provisions therein, and Plaintiffs and all other Class Members, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

10.    Upon the Effective Date, Plaintiffs and each Class Member, on behalf of themselves, and their respective past and present trustees, fiduciaries, guardians, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, in their capacities as such, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Plaintiffs' Claims against the Released Defendant Parties; and (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

11.    Upon the Effective Date, each of the Defendants, on behalf of themselves, and their respective past and present trustees, fiduciaries, guardians, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, in their capacities as such, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Defendants' Claims against the Released Plaintiff Parties; and (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties.

12.    Notwithstanding any release, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation, the Preliminary Approval Order, or this Judgment.

13.    Any Plan of Allocation submitted by Lead Counsel or any other order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment.

14.     The fact and terms of the Settlement, including the Stipulation and all exhibits thereto, this Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)     shall not be offered or received against the Released Defendant Parties, Plaintiffs, or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Defendant Parties, or by Plaintiffs or the other Class Members, with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Defendant Parties;

(b)     shall not be offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against Plaintiffs or any of the other Class Members as evidence of any infirmity in the claims of Plaintiffs and the other Class Members;

(c)     shall not be offered or received against the Released Defendant Parties, Plaintiffs or the other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement;

- 6 -

(d)     shall not be construed against the Released Defendant Parties, Defendants' Counsel, Lead Counsel or Plaintiffs or the other Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the other Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaints would not have exceeded the Settlement Amount.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement.

16.     The Court finds that during the course of the Action, the Plaintiffs and Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.     This Action is dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

19.     The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment.  The Clerk is hereby directed to immediately enter this Judgment.


**SO ORDERED** in the Southern District of New York on _____, 2020.


_____
THE HON. MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

- 8 -