# Exhibit A

**Compendium of Unreported Cases**

*Klugmann v. Am. Capital Ltd.*,
No. 09-cv-00005-PJM, slip op. (D. Md. June 12, 2012)....................................................Tab 1

*In re LaBranche Sec. Litig,*
No. 03-cv-8201, slip op. (S.D.N.Y. Jan. 22, 2009)...........................................................Tab 2

*Public Pension Grp. v. KV Pharm. Co.*,
No. 08-cv-1859 (CEJ), slip op. (E.D.Mo. Apr. 23, 2014)..................................................Tab 3

*Schnall v. Annuity & Life Re (Holdings), Ltd.,*
No. 02-cv-2133, slip op. (D. Conn. Jan. 21, 2005)…….....................................................Tab 4

# Tab 1



FILED _____ ENTERED
LODGED _____ RECEIVED

JUN 1 2 2012

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| WARD KLUGMANN, Individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>AMERICAN CAPITAL LTD., MALON WILKUS, JOHN R. ERICKSON, IRA WAGNER, SAMUEL A. FLAX, and RICHARD E. KONZMANN, )<br><br>Defendants. ) | Civil Action No. 8:09-CV-00005-PJM |

### FINAL JUDGMENT AND ORDER CERTIFYING SETTLEMENT CLASS, APPROVING CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AWARDING ATTORNEYS' FEES AND EXPENSES, APPROVING REIMBURSEMENT OF PLAINTIFFS' EXPENSES AND DISMISSING ACTION WITH PREJUDICE

This matter came on for hearing on June 7, 2012, upon the motion of Plaintiffs for approval of the Settlement set forth in the Stipulation of Settlement, dated as of February 9, 2012 (the "Settlement Stipulation"). Due and adequate notice having been given to the Settlement Class as required by the Court's Preliminary Approval Order, dated February 22, 2012, and the Amendment to Order, dated March 14, 2012 (collectively, the "Preliminary Approval Order"), and the Court having considered the Settlement Stipulation, all papers filed and proceedings had herein, and all comments received regarding the proposed Settlement, the proposed Plan of Allocation, Plaintiffs' Counsel's

application for an award of attorneys' fees and reimbursement of litigation expenses and

Plaintiffs' application for reimbursement of their time and expenses devoted to prosecution

of the Litigation, and having reviewed the entire record in the Litigation and good cause

appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.    Except as otherwise specifically set forth herein, the Court, for purposes of

this Final Judgment and Order (the "Judgment"), adopts all defined terms set forth in the

Settlement Stipulation and incorporates the terms of the Settlement Stipulation by

reference herein.

2.    The Court has jurisdiction over the subject matter of the above-captioned

Litigation (the "Litigation"), Plaintiffs, the other Settlement Class Members, and

Defendants.

3.    The Court finds that the forms and methods for dissemination of the Notice

of Pendency and Proposed Settlement of Class Action and Settlement Hearing, Proof of

Claim and Release (the "Notice"), and publication of the Summary Notice of Proposed

Settlement of Class Action and Settlement Hearing, as provided for in the Preliminary

Approval Order, constituted the best notice practicable under the circumstances to apprise

all Persons within the definition of the Settlement Class of the pendency of the Litigation

and their rights in it, the terms of the proposed Settlement of the Litigation, of the proposed

Plan of Allocation, of Plaintiffs' Counsel's application for an award of attorneys' fees and

reimbursement of expenses, Plaintiffs' application for reimbursement for their time and

expenses, and afforded Settlement Class Members with an opportunity to present their

objections, if any, to the Settlement Stipulation, and fully met the requirements of Rule 23(c) and (e) of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), federal law, due process, the United States Constitution, and any other applicable law.

4.     The Court finds that all Persons within the definition of the Settlement Class have been adequately provided with an opportunity to object to the proposed Settlement, the proposed Plan of Allocation, Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses and Plaintiffs' application for reimbursement of their time and expenses devoted to prosecution of the Litigation or to request exclusion from the Settlement Class by executing a written request for exclusion in conformance with the procedures and deadlines set forth in the Preliminary Approval Order, and that no objections to the proposed Settlement, Plaintiffs' counsel's application for an award of attorneys' fees and reimbursement of litigation expenses and Plaintiffs' application for reimbursement of their time and expenses devoted to prosecution of the Litigation have been submitted, and those Persons who requested exclusion from the Settlement Class are listed in Exhibit 1 to this Judgment and are hereby excluded from the Settlement Class.

5.     With respect to the Settlement Class, this Court finds and concludes that, for purposes of the Settlement only, the prerequisites of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of

3

Plaintiffs are typical of the claims of the Settlement Class they seeks to represent; (d) Plaintiffs will fairly and adequately represent the interests of the Settlement Class and retained counsel experienced in the prosecution of securities and class action claims; (e) the questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, and, for the purposes of this Settlement, and hereby:

(a)     certifies a Settlement Class consisting of all Persons who purchased the publicly-traded common stock of ACAS between October 31, 2007 and November 7, 2008, inclusive. Excluded from the Settlement Class are Defendants, members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded persons (all solely in their capacity as such and not otherwise). Also excluded from the Settlement Class are those Persons who have made Requests for Exclusion and who are listed on Exhibit 1 hereto;

(b)     appoints and certifies Plaintiffs Charles E. Mendinhall, Ron Miller, Joseph J. Saville, Kent Nixon and Nina van Dyke as representatives of the Settlement Class; and

(c)     finds, pursuant to Rules 23(g)(1) and (4) of the Federal Rules of Civil Procedure, that Court-appointed Co-Lead Counsel, Izard Nobel LLP ("Izard Nobel") and Brower Piven, A Professional Corporation ("Brower Piven") (collectively "Plaintiffs' Counsel"), have represented, and will continue to

represent the interests of the Settlement Class fairly and adequately, and therefore appoints Izard Nobel and Brower Piven as counsel for the Settlement Class.

6.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Settlement Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Plaintiffs and each Settlement Class Member based on: (a) the Settlement resulting from arm's-length negotiations between able and experienced counsel representing the interests of Plaintiffs and the Settlement Class Members, and the Defendants, following development of the facts in the Litigation; (b) the amount of the recovery for Settlement Class Members being well within the range of fairness given the strengths and weaknesses of the claims and defenses thereto and the likely amount of damages that could be recovered absent the Settlement assuming complete success by Plaintiffs on the merits for themselves and all Settlement Class Members; (c) the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pre-trial, trial and appellate procedures; (d) the recommendation of experienced counsel for Plaintiffs and Defendants; and (e) after due and proper notice to Settlement Class Members of the Settlement and the terms of the Settlement Stipulation, the lack of any objection from any Settlement Class Member to the Settlement or any aspect thereof, and, accordingly, the Settlement embodied in the Settlement Stipulation is hereby approved in all respects and the Parties to the Settlement Stipulation are directed to perform and consummate the Settlement in accordance with its terms and provisions of the Settlement Stipulation and this Judgment.

7.    The Released Claims are dismissed with prejudice as to the Settlement Class Members as against the Released Persons, with the Parties are to bear their own costs except as otherwise provided in the Settlement Stipulation or this Judgment, and by operation of this Judgment and under the terms of the Settlement Stipulation and the releases therein, it is intended to preclude, and shall preclude, Plaintiffs and all other Settlement Class Members from filing or pursuing the Released Claims.

8.    Upon the Effective Date, each Settlement Class Member shall be deemed to have, and by operation of this Judgment to have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release and whether or not the Claims Administrator and Plaintiffs' Counsel accept the Settlement Class Member's Proof of Claim and Release.  Such release shall be binding upon each Settlement Class Member and upon any Person acting, or purporting to act, on behalf of Settlement Class Members (but solely in their capacity as a Person acting or purporting to act on behalf of a Settlement Class Member and not in the Person's individual capacity or otherwise).

9.    Upon the Effective Date, each of the Defendants and Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims against each of the Settlement Class Members and all Plaintiffs' Counsel, arising out of, relating to, or in connection with the institution and/or prosecution of the Litigation, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and

6

forever released, relinquished and discharged all claims against Defendants, Released Persons, and Defendants' Counsel arising out of, relating to, or in connection with the defense of the Litigation, in each case except as expressly provided in the Settlement Stipulation or to enforce the terms of the Settlement Stipulation.

10.    All Settlement Class Members are permanently barred and enjoined from instituting, prosecuting, participating in, continuing, maintaining, or asserting, in any capacity, any action or proceeding that asserts any of the Released Claims.

11.    Only those Settlement Class Members who submit complete, valid and, except as otherwise set forth in the Settlement Stipulation or allowed by this Court, timely, Proofs of Claim and Release forms shall be entitled to participate in the Settlement and receive a distribution from the Net Settlement Fund.

12.    Neither the Settlement Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Stipulation or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.

13.    Any Released Person may file the Settlement Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them by any of the Settlement Class Members or any other Released Person in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release,

7

good faith settlement, judgment bar, or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, and any Party to the Settlement Stipulation, counsel for any Party to the Settlement Stipulation, any Settlement Class Member, or counsel for any Settlement Class Members may file the Settlement Stipulation in any proceeding brought to enforce any of its terms or provisions.

14.    Those Persons who have requested exclusion from the Settlement Class listed in Exhibit 1 hereto shall not be bound by this Judgment, the release of Released Claims against the Released Parties and/or the releases set forth herein, in the Settlement Stipulation and/or in the Proof of Claim and Release.  Pursuant to Rule 23(c)(3) of the Federal Rule of Civil Procedure, all Persons who fall within the definition of Settlement Class Members who have not requested exclusion from the Settlement Class are thus Settlement Class Members and are bound by this Judgment and by the terms of the Settlement Stipulation

15.    This Court hereby overrules the one objection received to the Plan of Allocation that complains that no proceeds of the Settlement will be distributed to Persons for Shares not purchased during the Class Period but only held during the Class Period on the grounds that, as a matter of law, there is no standing for claims in this litigation based on holding Shares during the Class Period in this Litigation, and approves the Plan of Allocation as set forth in the Notice as fair, reasonable, and equitable, and directs Plaintiffs' Counsel to proceed, through the Court-appointed Claims Administrator, The Garden City Group, Inc. ("GCG"), with the processing of Proof of Claim and Release forms and the administration of the Settlement pursuant to the terms of the Plan of

Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to Settlement Class Members, as provided in the Settlement Stipulation and Plan of Allocation.

16.    Plaintiffs' Counsel are hereby awarded thirty-three and one-third (33 1/3 %) percent of the Settlement Fund, plus $219,689.48 in reimbursement of litigation expenses. The amounts shall be paid to Plaintiffs' Counsel from the Settlement Fund with interest from the date of entry of this Judgment to the date of payment at the same rate of interest that earned by the Settlement Fund.  The Court finds the amount of attorneys' fees awarded herein is fair and reasonable based on: (a) the work performed and costs incurred by Plaintiffs' Counsel; (b) the complexity of the case; (c) the risks undertaken by Plaintiffs' Counsel and the contingent nature of their employment; (d) the quality of the work performed by Plaintiffs' Counsel in this Litigation and their standing and experience in prosecuting similar class action securities litigation; (e) awards to plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Settlement Class Members through the Settlement; and (g) the absence of any objection from any Settlement Class Members to either the application for an award of attorneys' fees or reimbursement of expenses to Plaintiffs' Counsel.  The Court further finds that the expenses that Plaintiffs' Counsel's request reimbursed were reasonably and necessarily incurred by Plaintiffs' Counsel in the prosecution of the Litigation and in obtaining the results achieved for the Settlement Class.

17.     Plaintiffs' Counsel may apply, from time to time, for any expenses incurred by them in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Settlement Class Members

18.     The Court finds that the requests submitted by Plaintiffs for payment for their time and expenses in litigating this case on behalf of the Settlement Class are reasonable and adequately documented, and accordingly awards $2,070 to Plaintiff Kent Nixon, $4,625 to Plaintiff Joseph Saville, $5,000 to Plaintiff Ron Miller, $5,000 for Plaintiff Nina van Dyke, and $3,750 to Charles E. Mendinhall.  At the request of Plaintiffs' Counsel, in the interests of preserving the corpus of the Net Settlement Fund, the aforementioned reimbursements awarded to the Plaintiffs shall be paid to them by Plaintiffs' Counsel from this Court's award of attorneys' fees to Plaintiffs' Counsel.

19.     The Court finds that the Claims Administrator, GCG, has incurred costs and expenses to date in providing notice to the settlement Class as directed by the Preliminary Approval Order and administering the Settlement of $307,394.09, which the Court finds reasonable and commercially competitive, and hereby approves interim payment of that amount from the Settlement Fund.

18.     All payments of attorneys' fees and reimbursement of expenses to Plaintiffs, Plaintiffs' Counsel and/or the Claims Administrator shall be made from the Settlement Fund, and the Released Persons shall have no liability or responsibility for the payment of any such attorneys' fees or expenses except as expressly provided in the Settlement Stipulation.

19.     Any objection, order, or appeal from, or appellate modification of, the

10

portions of this Judgment approving the Plan of Allocation, Plaintiffs' Counsel's award of attorneys' fees and/or reimbursement of litigation expenses, the awards to the Plaintiffs and/or the interim payment of the costs of notice to the Settlement Class and administration of the Settlement incurred to date shall in no way disturb or affect the finality of the approval of the notice to the Settlement Class, the certification of the Settlement Class, or the Settlement as set forth in the Settlement Stipulation under this Judgment, and shall be considered separate from this Judgment.

20.    The Court finds that Plaintiffs and Defendants, and their respective counsel, have, at all times during the course of the Litigation, complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Court finds that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel and under the supervision of a mediator.

21.    Without affecting the finality of this Judgment in any way, the Court hereby reserves and retains exclusive and continuing jurisdiction over the Parties and the Settlement Class Members for all matters relating to the Litigation, the Settlement, and the Settlement Stipulation, including, but not limited to: (a) the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Judgment; (b) implementation and enforcement of any awards from the Settlement Fund or Net Settlement Fund; (c) interpretation of the Plan of Allocation and disposition of the Settlement Fund or Net Settlement Fund; (d) determining applications for payment of

11

expenses incurred by Plaintiffs' Counsel in connection with administration and distribution of the Settlement Fund and Net Settlement Fund; (e) payment of taxes by the Settlement Fund; and (f) any other matters related to finalizing the Settlement and distributions from the Settlement, the Settlement Fund and/or the Net Settlement Fund.

22.     In the event that the Settlement does not become Final or the Effective Date does not occur, (i) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) the Litigation shall proceed as set forth in the Settlement Stipulation, and (iii) no Party may assert that another Party is estopped (whether equitably, judicially, or collaterally) from taking any position regarding any substantive or procedural issue in the Litigation by virtue of anything in the Settlement Stipulation, having entered into the Settlement Stipulation, or having done anything in connection with or related to the Settlement. For the purposes of this paragraph, the Parties shall include Settlement Class Members.

23.     It is expressly determined, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and the Clerk of this Court is hereby directed to enter this Judgment forthwith.

Signed this ____ day of _____, 2012.

BY THE COURT

_____
HONORABLE PETER J. MESSITTE
UNITED STATES DISTRICT COURT JUDGE

12

# Tab 2



COURTESY COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

In re LABRANCHE SECURITIES
LITIGATION

————————————————————

This Document Relates To:

    ALL ACTIONS.

———————————————————— x

:  Civil Action No. 03-CV-8201(RWS)
:
:  <u>CLASS ACTION</u>
:
:  [~~PROPOSED~~] ORDER AWARDING LEAD
:  PLAINTIFFS' COUNSEL'S ATTORNEYS'
:  FEES AND EXPENSES AND
x  REIMBURSEMENT OF LEAD
   PLAINTIFFS' TIME AND EXPENSES



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/09

This matter having come before the Court on January 21, 2009, on the motion of Lead Plaintiffs' Counsel for an award of attorneys' fees and expenses incurred in the Litigation, the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated September 18, 2008 (the "Stipulation"), and filed with the Court.

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3.      The Court hereby awards Lead Plaintiffs' Counsel attorneys' fees of 30% of the Settlement Fund, plus interest thereon as defined in the Stipulation, plus litigation expenses in the amount of $145,612.93, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

4.      The fees and expenses shall be allocated among all counsel representing the Class in a manner which, in Lead Plaintiffs' Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution and resolution of the Litigation.

5.      The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Lead Plaintiffs' Counsel subject to the terms, conditions and obligations of the Stipulation, and in particular ¶21 thereof which terms, conditions and obligations are incorporated herein.

- 1 -

6.      The Court hereby awards the sum of $5,000 to each of the Lead Plaintiffs pursuant to

15 U.S.C. §77z-1(a)(4) of the Private Securities Litigation Reform Act of 1995.

SO ORDERED:

_____

THE HONORABLE ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE

1-21-09

# Tab 3

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

_____ x

PUBLIC PENSION GROUP, et al.,     :
    :
            **Plaintiffs,**     :
    :
v.     :    **Cause No. 4:08-cv-1859 (CEJ)**
    :
KV PHARMACEUTICAL COMPANY, et al.,:
    :
            **Defendant.**     :

_____ x

### ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

THIS MATTER having come before the Court on April 23, 2014 for a hearing to determine, among other things, whether and in what amount to award Lead Counsel in the above-captioned securities class action attorneys' fees and litigation expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court, was mailed to all reasonably identified Class Members; and that a summary notice of the hearing, substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire;* and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members and the claims administrator, A.B. Data Ltd.

2.      All capitalized terms used herein have the meanings as set forth and defined in the Stipulation and Agreement of Settlement, dated as of December 20, 2013 (the "Stipulation").

1

3.      Notice of Lead Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Lead Counsel is hereby awarded attorneys' fees in the amount of $3,840,000 plus interest at the same rate earned by the Settlement Fund (or 30% of the Settlement Fund) and payment of litigation expenses in the amount of $488,531.75, plus interest, which sums the Court finds to be fair and reasonable.

5.      The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.      In making the award to Lead Counsel of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      The Settlement has created a common fund of $12.8 million in cash and that numerous Class Members who submit acceptable proofs of claim will benefit from the Settlement created by the efforts of Lead Counsel;

(b)      The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiffs, Norfolk County Retirement System and the State-Boston Retirement System, two sophisticated institutional

2

investors that have been directly involved in the prosecution and resolution of the Action and have a substantial interest in ensuring that any fees paid to Lead Counsel are duly earned and not excessive;

(c)     Notice was disseminated to putative Class Members stating that Lead Counsel would be moving for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus interest, and payment of expenses incurred in connection with the prosecution of this Action in an amount not to exceed $750,000, plus interest, and no Class Member has filed an objection to the fees and expenses requested by Lead Counsel;

(d)     The Action presented substantial risks and uncertainties and would involve lengthy proceedings whose resolution would be uncertain, especially in light of the Company's bankruptcy;

(e)     The Action involved complex factual and legal issues, including technical and scientific subject matter;

(f)     Lead Counsel is an experienced law firm in the area of securities class action and conducted the litigation and achieved the Settlement with skillful and diligent advocacy;

(g)     Lead Counsel has devoted more than 4,200 hours, with a lodestar value of $2,346,367.25 to achieve the Settlement;

(h)     The amount of attorneys' fees awarded and litigation expenses paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

(i)     Public policy favors granting Lead Counsel's fee and expense request.

3

7.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.      Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Class Members.

9.      In the event that the Settlement is terminated or does not become final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.


Dated: April 23, 2014                                    _____

Carol E. Jackson
UNITED STATES DISTRICT JUDGE

# Tab 4

FILED

2005 JAN 21  P 4: 13

U.S. DISTRICT COURT
NEW HAVEN, CT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

SHERRY SCHNALL, Individually and On )
Behalf of All Others Similarly Situated, )
)
Plaintiffs, )
)
v. )
)   Civil Action No. 02 CV 2133 (EBB)
ANNUITY AND LIFE RE (HOLDINGS), )
LTD., XL CAPITAL, LTD., LAWRENCE S. )
DOYLE, FREDERICK S. HAMMER, JOHN )
F. BURKE, WILLIAM W. ATKIN, BRIAN )
O'HARA, AND MICHAEL P. ESPOSITO, JR., )
)
Defendants. )

## ORDER AND FINAL JUDGMENT

On the 21st day of January, 2005, a hearing having been held before this Court to

determine: (1) whether the terms and conditions of the Stipulation and Agreement of Partial

Settlement dated August 24, 2004 (the "Stipulation") are fair, reasonable and adequate for the

settlement of all claims asserted by the Class against the Settling Defendants in the Complaint

now pending in this Court under the above caption, including the release of the Settling

Defendants and the Released Parties, and should be approved; (2) whether judgment should be

entered dismissing the Complaint on the merits and with prejudice in favor of the Settling

Defendants only and as against all persons or entities who are members of the Class herein who

have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair

and reasonable method to allocate the settlement proceeds among the members of the Class; and

(4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of

expenses. The Court having considered all matters submitted to it at the hearing and otherwise;

and it appearing that a notice of the hearing substantially in the form approved by the Court was

mailed to all persons or entities reasonably identifiable, who purchased the common stock of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of ANR's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the international edition of The Wall Street Journal and the international edition of Financial Times pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Settling Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this Action, for purposes of this Settlement only, as a class action on behalf of all persons who purchased the common stock of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby.  Excluded from the Class are the Settling Defendants, the officers and directors of ANR and XL Capital at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  For purposes of this Settlement, the term "controlling interest" shall include any interest of 10% or more of the common stock of any entity.  Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4.    Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.    The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

3

6.   The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Settling Defendants only.

7.   Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and relate to the purchase of shares of the common stock of Annuity and Life Re (Holdings) Ltd. ("ANR") during the Class Period (the "Settled Claims") against any and all of the Settling Defendants, their past or present subsidiaries, parents, successors and predecessors, and all of the aforementioned entities' officers, directors, agents, employees, attorneys, advisors, insurers, and investment advisors, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Settling Defendant has a controlling interest or which is related to or

4

affiliated with any of the Settling Defendants, and the legal representatives, heirs, successors in interest or assigns of the Settling Defendants (the "Released Parties"). "Released Parties" does not include KPMG in Bermuda ("KPMG Bermuda") and KPMG LLP USA ("KPMG USA") (collectively, "KPMG") or its partners, principals, employees, agents and affiliates. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. "Settled Claims" does not include any claims against KPMG or its partners, principals, employees, agents and affiliates.

8. "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which any Settling Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and the Settling Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or Bermuda, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

5

Lead Plaintiffs and Settling Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

9. The Settling Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Settling Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Settled Defendants' Claims") against any of the Lead Plaintiffs, Class Members or their attorneys. The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution or equitable indemnity, by any person or entity, whether arising under United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, based upon, arising out of, relating to, or in connection with the claims of the Class or any Class Member in the Action (including the KPMG Action, which has been consolidated into the Action). Accordingly, to the maximum extent permissible under the PSLRA, the Court hereby

6

bars and enjoins all such claims for contribution or equitable indemnity:  (a) by any person or entity against any Released Party; and (b) by any Released Party against any person or entity other than a person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and Agreement of Partial Settlement and this Order and Final Judgment.  Pursuant to 15 U.S.C. § 78u-4(f)(7)(B), if there is a final verdict or judgment against any other Defendant in the Action, the verdict or judgment shall be reduced by the greater of:  (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants; or (b) the amount paid pursuant to this Settlement by the Settling Defendants.

11.     Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     offered or received against the Settling Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

(b)     offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant;

(c)     offered or received against the Settling Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or

7

wrongdoing, or in any way referred to for any other reason as against any of the Settling Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Settling Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)     construed against the Settling Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Settling Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

12.     The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

13.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14.     Plaintiffs' Counsel are hereby awarded one-third (33⅓%) of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $191,705.37 in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of

8

payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

15.     Lead Plaintiff Midstream Investments Ltd. is hereby awarded $3,150. Such award is for reimbursement of this Lead Plaintiff's reasonable costs and expenses (including lost wages) directly related to its representation of the Class.

16.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a)     the settlement has created a fund of $16.5 million in cash that is already on deposit, plus interest thereon and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b)     16,700 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees not to exceed one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of expenses in the approximate amount of $250,000 (including approximately $10,000 for the costs and expenses of the Lead Plaintiffs directly relating to their representation of the Class) and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

9

(d)     The action involves complex factual and legal issues and was actively prosecuted over two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Settling Defendants;

(f)     Plaintiffs' Counsel have devoted over 5,473 hours, with a lodestar value of $1,862,701.25, to achieve the Settlement; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

17.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

18.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     This Action has been pending since the first of the constituent actions were filed in 2002. The Settlement Stipulation resolves all of the claims asserted by the Class against the Settling Defendants, and pursuant to the above bar orders bars any claims for contribution or equitable indemnity, by or against the Settling Defendants. The claims asserted against the

10

Settling Defendants and now settled raise issues that are separable from the remaining claims of Plaintiffs and the Class against KPMG. Permitting the immediate appeal, if taken, of this Order and Final Judgment does not result in any duplication of review by an appellate court, because if an appellate court were to vacate the Stipulation, then the parties may reasonably continue their prosecution or defense of the claims while this Court continues to preside over other related claims, without a waste of time or judicial resources. If this Order and Final Judgment were not immediately appealable, once an appeal were ripe after the conclusion of the entire coordinated litigation, and if the appellate court vacated this Order and Final Judgment, then this Court would face re-trying the entire litigation as to the Settling Defendants, wasting judicial resources.

20. By reason of the finding in the previous paragraph, there is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure. The Action is not dismissed in respect of claims against any person or entity other than the Settling Defendants.

Dated:      New Haven, Connecticut
            _____, 2005


                                            _____
                                            Honorable Ellen Bree Burns
                                            UNITED STATES DISTRICT JUDGE



11

## EXHIBIT 1

### List of Persons and Entities Excluded from the Class in <u>Schnall, et al. v. Annuity and Life Re (Holdings). Ltd., et al.,</u> Civil Action No. 02 CV 2133 (EBB)

The following persons and entities, and only the following persons and entities, have properly excluded themselves from the Class:

Andrew S. Lerner
515 East 85th Street, Apt. 1E
New York, New York  10028

12