| | |
|---|---|
| In re Avon Products Inc. Securities Litigation | No. 19-cv-01420-MKV<br>CLASS ACTION |

## DECLARATION OF HOLLY NGO IN SUPPORT OF
## (i) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (ii) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS PURSUANT TO 15 U.S.C. §78u-4(a)(4)

I, Holly Ngo, hereby declare as follows:

1.      I, Holly Ngo, the lead plaintiff in the above action ("**Lead Plaintiff**"), respectfully submit this Declaration in support of (i) my motion for Final Approval of Class Action Settlement and Plan of Allocation, and (ii) the motion by my attorneys, Levi & Korsinsky LLP ("**Lead Counsel**"), for an Award of Attorneys' Fees and Expenses and Awards Pursuant to 15 U.S.C. §78u-4(a)(4). I have personal knowledge about the information in this Declaration.

2.      Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Stipulation and Agreement of Settlement dated and filed August 21, 2020 (ECF 71-1, the "**Stipulation**"). I respectfully refer the Court to my previous Declaration of Holly Ngo in Support of Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement dated and filed August 21, 2020 (ECF 70), which I affirm and incorporate by reference.

3.      At all times during this litigation, I tried very hard to fully discharge my obligations to the putative class as Lead Plaintiff. To that end, throughout the course of the litigation I regularly communicated with Lead Counsel concerning the action, including a weekly conference call with my attorney Greg Nespole. I remained fully informed about developments in the case. I reviewed pleadings and materials filed with the Court, asked questions and provided comments. I monitored the progress of the case and stayed informed about case developments.

4. When it came time to mediate, I reviewed and offered comments to the mediation statement and actively participated in the settlement discussions via telephone. I was kept informed about the progress of the mediation and cleared my schedule so that I could be available as needed that day should I be called upon to either approve or disapprove a proposed settlement. The case, however, did not settle that day and discussions continued.

5. Before the action settled, I was actively preparing with Mr. Nespole for my deposition. This included studying the pleadings and materials that were filed with the Court and going through the allegations and discovery materials with Mr. Nespole. I was also making arrangements to travel to New York for my deposition if necessary and making arrangements for Mr. Nespole and me to work together in California if the deposition was going to be taken via video. Mr. Nespole and I had agreed that he would defend my deposition in person. We had discussed the necessary pre- and post-quarantine protocols we would use if the deposition was to go forward and we were together in the same room.

6. Finally, I assisted Lead Counsel in preparing the motion for preliminary approval which included my Declaration in support.

7. Based on my records, I spent a total of approximately 70 hours helping the prosecution of this action through the date of this Declaration which I would have otherwise spent on other activities. I understand that, pursuant to the PSLRA, the Court may make an award of reasonable costs and expenses relating to representation of the class. Based on the foregoing, I am requesting the amount of $7,500 in connection with my efforts in the Action, which results in an effective hourly rate of $107.14.

8. Following the mediation and subsequent negotiations about which I was kept informed, I agreed to the settlement set forth in the Stipulation (the "**Settlement**"), subject to the Court's approval. Based on my involvement in the litigation and settlement negotiations in this

action, I believe that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class. I also believe that the proposed Settlement represents a favorable recovery, considering the substantial risks of recovery in the continued litigation of the claims. I therefore endorse approval of the Settlement by the Court.

9.     I also believe that Lead Counsel's request for an award of attorneys' fees in the amount of thirty percent (30%) of the Settlement Fund is fair and reasonable under the circumstances of this case.  I have evaluated the fee request by taking into account the efficient prosecution of the action, the amount and quality of the work performed, and the recovery obtained for the Settlement Class. I understand that Lead Counsel will also devote additional time in the future to administering the Settlement, without requesting additional compensation.

10.     I further believe that the litigation expenses being requested are reasonable and represent costs and expenses necessary for the prosecution and resolution of the claims. Based on the foregoing, and consistent with my obligation to the Settlement Class to obtain the best result at a reasonable cost, I support Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses.

11.     In conclusion, I endorse the Settlement as fair, reasonable, and adequate, and believe it represents a favorable recovery for the Settlement Class considering the significant risks of continued litigation. I further support Lead Counsel's request for attorneys' fees and litigation expenses and believe that it represents fair and reasonable compensation for counsel.

12.     I remain ready, willing, and able to continue to represent the interests of the class throughout the settlement process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of December, 2020.

Holly Ngo