UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Avon Products Inc. Securities Litigation | No. 19-cv-01420-MKV<br>CLASS ACTION |

**SUPPLEMENTAL DECLARATION OF GREGORY M. NESPOLE
IN FURTHER SUPPORT OF (i) LEAD PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND
(ii) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND EXPENSES AND AWARDS PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

I, Gregory M. Nespole, hereby declare as follows:

1.      I am a partner of the law firm of Levi & Korsinsky, LLP ("**Lead Counsel**"), attorneys for Lead Plaintiff Holly Ngo ("**Lead Plaintiff**") in the above-captioned securities class action (the "**Action**"). I am admitted to practice before this Court and have personal knowledge of the various matters set forth herein based on my day-to-day participation in the prosecution and settlement of this Action.

2.      I submit this Declaration in further support of (i) Lead Plaintiff's motion for Final Approval of Class Action Settlement and Plan of Allocation, and (ii) Lead Counsel's motion for an Award of Attorneys' Fees and Expenses and Awards Pursuant to 15 U.S.C. §78u-4(a)(4). Unless otherwise defined, capitalized terms in this Declaration have the meanings in the Order Granting Preliminary Approval of Settlement dated August 31, 2020 (ECF 74, the "**Preliminary Approval Order**").

3.      The Preliminary Approval Order provides at ¶ 24 that, *inter alia*, any objections to the proposed Settlement, Plan of Allocation, or request for attorneys' fees and expenses and compensatory awards must be served upon me and filed with the Court not later than 21 calendar days before the Final Approval Hearing scheduled for January 20, 2021. I have received no objections, and none have been filed with the Court.

4.    The Preliminary Approval Order provides at ¶ 19 that, *inter alia*, prospective class members may request exclusion from the Settlement Class by timely submitting a request for exclusion by mail as provided in the Notice. As set forth in the accompanying Supplemental Declaration of Jessie Mahn at ¶ 11, there have been six (6) timely and valid requests for exclusion.

5.    The proposed Final Judgment and Order of Dismissal with Prejudice, attached hereto as **Exhibit A**, which was negotiated by the Parties and previously filed as part of the Stipulation as Exhibit B thereto (ECF 71-1), provides in ¶ 3 that the Settlement Class excludes, *inter alia*, any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court. Attached for the Court's convenience as **Exhibit B** is a schedule setting forth the six (6) requests for exclusion, and which may be appended to the proposed Final Judgment and Order of Dismissal with Prejudice as Exhibit 1 thereto as contemplated in ¶ 5 of the proposed Final Judgment and Order of Dismissal, should the Court choose to do so.

6.    A proposed Order approving the Plan of Allocation for distribution of the proceeds of the Settlement is attached hereto as **Exhibit C**.

7.    The Memorandum of Law in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Awards Pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 85) states at page 25 that a proposed Order granting the motion will be submitted to the Court after the deadline for objections has passed. A proposed Order Awarding Attorneys' Fees and Expenses and Awards Pursuant to 15 U.S.C. §78u-4(a)(4) is attached as **Exhibit D**.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of January 2021 in New Rochelle, New York.

/s/ *Gregory M. Nespole*
Gregory M. Nespole