# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Avon Products Inc. Securities Litigation | Case No. 19-cv-01420-MKV |
| | Hon. Mary Kay Vyskocil |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** this matter came before the Court for hearing pursuant to an Order of this Court, dated August 31, 2020, on the unopposed application of the Plaintiffs for approval of the Settlement set forth in the Stipulation and Agreement of Settlement ("Stipulation"), dated as of August 21, 2020:

(A)    Pursuant to the Preliminary Approval Order entered on August 31, 2020, this Court scheduled a Final Approval Hearing for January 20, 2021, at 2:00 p.m., to determine, *inter alia*, whether the proposed Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees, litigation expenses, and compensatory awards to Plaintiffs are fair, reasonable, and adequate, and should be approved by the Court (the "Final Approval Hearing");

(B)    The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the dissemination of the Notice and the Summary Notice;

(C)    Due to adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having held a Final Approval Hearing on January 20, 2021, and the Court having considered all papers filed and proceedings in this Action and

otherwise being fully informed of the matters herein, and for the reasons stated on the record on January 20, 2021 and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who purchased or otherwise acquired the publicly traded common stock of Avon during the period from January 21, 2016 to November 1, 2017, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Avon during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity, in their respective capacity as such; and (vi) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.  Nothing in this definition shall operate to exclude the Avon Personal Savings Account Plan from the Settlement Class.

4.      Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Holly

Ngo as Class Representative for the Settlement Class; and finally appoints the law firm of Levi & Korsinsky LLP as Class Counsel for the Settlement Class.

5.     Plaintiffs and all Class Members are bound by this Order and Final Judgment (the "Judgment"). The Persons identified in Exhibit 1 hereto have submitted timely and valid Requests for Exclusion and are accordingly excluded from the definition of the Settlement Class and shall not be bound by this Judgment.

6.     This Court finds that the dissemination of the Notice and the Summary Notice, and the notice methodology, all of which were implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

(a)     Constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b)     Were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement, Plan of Allocation, and the request for attorneys' fees, Litigation Expenses, and awards to Plaintiffs; (iv) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)     Were reasonable, fair, and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

- 3 -

(d)     Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (e)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Local Rules of the United States District Court for the Southern District of New York, and any other applicable law.

7.     The terms and provisions of the Stipulation were negotiated by experienced counsel representing the Parties, at arm's-length and with the assistance of an experienced mediator, and were entered into by the Parties in good faith.

8.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to all members of the Settlement Class, and in the best interests of the Settlement Class taking into account, *inter alia*: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

9.     The Settlement set forth in the Stipulation is hereby finally approved as fair, reasonable, and adequate in all respects, in accordance with the terms and provisions therein, and Plaintiffs and all other Class Members, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

10. Upon the Effective Date, Plaintiffs and each Class Member, on behalf of themselves, and their respective past and present trustees, fiduciaries, guardians, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, in their capacities as such, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Plaintiffs' Claims against the Released Defendant Parties; and (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

11. Upon the Effective Date, each of the Defendants, on behalf of themselves, and their respective past and present trustees, fiduciaries, guardians, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, in their capacities as such, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Defendants' Claims against the Released Plaintiff Parties; and (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties.

12. Notwithstanding any release, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation, the Preliminary Approval Order, or this Judgment.

13. Any Plan of Allocation submitted by Lead Counsel or any other order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment.

14.     The fact and terms of the Settlement, including the Stipulation and all exhibits thereto, this Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)     shall not be offered or received against the Released Defendant Parties, Plaintiffs, or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Defendant Parties, or by Plaintiffs or the other Class Members, with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Defendant Parties;

(b)     shall not be offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against Plaintiffs or any of the other Class Members as evidence of any infirmity in the claims of Plaintiffs and the other Class Members;

(c)     shall not be offered or received against the Released Defendant Parties, Plaintiffs or the other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement;

(d)    shall not be construed against the Released Defendant Parties, Defendants' Counsel, Lead Counsel or Plaintiffs or the other Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

(e)    shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the other Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaints would not have exceeded the Settlement Amount.

15.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement.

16.    The Court finds that during the course of the Action, the Plaintiffs and Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.     This Action is dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

19.     The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment.  The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the Southern District of New York on _____, 2021.

_____
THE HON. MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE