UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Avon Products Inc. Securities Litigation

No. 19-cv-01420-MKV
CLASS ACTION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/3/2021

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARDS PURSUANT TO 15 U.S.C. §78U-4(a)(4)

**WHEREAS**, this matter came on for hearing on January 20, 2021 (the "**Final Approval Hearing**") on Lead Counsel's motion for an award of attorneys' fees and expenses and awards pursuant to 15 U.S.C. §78u-4(a)(4); and

**WHEREAS,** the Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Settlement Class members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested and awards pursuant to 15 U.S.C. §78u-4(a)(4).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of August 21, 2020 (the "**Stipulation**"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses and awards pursuant to 15 U.S.C. §78u-4(a)(4) was given to all members of the Settlement Class who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of litigation expenses and awards pursuant to 15 U.S.C. §78u-4(a)(4) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all persons entitled thereto.

4. There have been no objections to Lead Counsel's request for attorneys' fees and litigation expenses and awards pursuant to 15 U.S.C. §78u-4(a)(4).

5. Lead Counsel is hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $4,350,000 (*i.e.*, 30% of the Settlement Fund) and $157,000 in payment of litigation expenses, which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel.

6. Lead Plaintiff Holly Ngo and additional named plaintiff David Klungle are hereby awarded $7,500 and $1,220 respectively under 15 U.S.C. §78u-4(a)(4).

7. In making this award of attorneys' fees and expenses and awards pursuant 15 U.S.C. §78u-4(a)(4) to be paid from the Settlement Fund, the Court has considered and found that:

    a. The Settlement has created a fund of $14,500,000 in cash that has been paid into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class members

who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

  b. The fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff Holly Ngo, the stockholder who oversaw the prosecution and resolution of the Action, as well as by additional named plaintiff David Klungle, who assisted in the prosecution and resolution of the Action.

  c. 63,092 copies of the Notice were mailed to potential Settlement Class members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and litigation expenses in an amount not to exceed $210,000, including requests for awards under 15 U.S.C. §78u-4(a)(4) not to exceed $10,000 each;

  d. The Action raised a number of complex issues;

  e. Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

  f. Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

  g. Lead Plaintiff Holly Ngo and additional named plaintiff David Klungle actively participated in litigating the Action, spending approximately 70 hours and 40 hours respectively doing so;

  h. The amount of attorneys' fees awarded, litigation expenses and awards under 15 U.S.C. §78u-4(a)(4) to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases;

      i.      Public policy concerns favor the award of attorneys' fees and expenses and awards under 15 U.S.C. §78u-4(a)(4) in securities class action litigation; and

      j.      Plaintiffs' Counsel expended 3,808.8 hours, with a lodestar value of $2,673,314.75, to achieve the Settlement.

8. Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application or award under 15 U.S.C. §78u-4(a)(4) shall in no way disturb or affect the finality of the Judgment.

9. Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

10. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**SO ORDERED** in the Southern District of New York on February 3, 2021.

*[signature: Mary Kay Vyskocil]*
THE HON. MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE